KEVIN K. BATTEH, (DC Bar No. 482021)
Trial Attorney
JAMES H. HOLL, III, (DC Bar No. 453473)
Senior Trial Attorney
ERIN E. VESPE, (CT Bar No. 407295)
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418-5636
Facsimile (202) 418-5538
E-mail: kbatteh@cftc.gov

Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

WAYNE STRUMPFER
Acting California Corporations Commissioner
ALAN S. WEINGER (CA State Bar No. 86717)
Acting Deputy Commissioner
EDWARD KELLY SHINNNICK (CA State Bar No. 96209)
Corporations Counsel
71 Stevenson Street, Ste. 2100
San Francisco, CA 94105-2908
Telephone (415) 972-8544
Facsimile (415) 972-8550
E-mail: KShinnic@corp.ca.gov

Attorneys for Plaintiff Commissioner of
Corporations of the State of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC., a California corporation, SOUTH CHINA | Case No.: C 05 2641<br><br>*Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Order to Show Cause, and Other Ancillary Relief |

1

| | |
|---|---|
| INVESTMENTS, INC., a California corporation,<br>PACIFIC BEST GROUP LTD, a.k.a.<br>PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual,<br>        Defendants,<br><br>and<br><br>THERESA C. WONG, an individual,<br>        Relief Defendant. | FILED UNDER SEAL |

Pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1 (2002), Plaintiffs, the United States Commodity Futures Trading Commission ("Commission") and the Commissioner of Corporations of the State of California ("State of California") collectively, "Plaintiffs"), move for a statutory restraining order, a preliminary injunction, expedited discovery, and other ancillary relief against National Investment Consultants, Inc., South China Investments, Inc., Pacific Best Group Limited, a.k.a. Pacific Best Company Ltd., Run Ping Zhou, a.k.a Flora Zhou, Yi Kerry Xu, and Wei M. Tse, a.k.a. Raymond Tse, (collectively "defendants"):

  (1)   prohibiting defendants from violating Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii)(2004), and Commission Regulations 1.1(b)(1) and (3), 17 C.F.R. §§ 1.1(b)(1) and (3)(2002);

  (2)   freezing the assets of defendants;

  (3)   prohibiting defendants, their agents, attorneys, partners, servants, representatives, employees, any person(s) acting or purporting to act for or on their behalf, and corporate and partnership entities, from dissipating, transferring or encumbering defendants' or relief defendants' assets, including any assets held outside the

United States;

(4) requiring any financial or brokerage institution, business entity, or person that holds, controls or maintains custody of any account or asset of, or at any time since July 1, 2000 has held, controlled, or maintained custody of, any account of defendants, to: (a) prohibit any person from transferring, dissipating, withdrawing or encumbering any such current assets; (b) deny any person access to defendants' safe deposit boxes; and (c) provide the Plaintiffs with a statement describing assets held on behalf of defendants and allowing representatives of the Plaintiffs access to inspect and copy records pertaining to the accounts;

(5) requiring the defendants to: (a) provide the Plaintiffs with a full accounting, within three business days of the order's service, of documents, assets and all funds received from clients and the use of or current location of all such funds; (b) provide the Plaintiffs with a list containing the names, addresses, and telephone numbers of all of defendants' clients; (c) transfer foreign-held assets and documents to the United States; and (d) sign consents to the release of financial records that waive foreign bank secrecy laws;

(6) prohibiting defendants, their agents, attorneys, partners, servants, representatives, employees, attorneys, any person(s) acting or purporting to act for or on their behalf from: (1) destroying or altering books, records or other documents of defendants and relief defendants; and (2) denying the receiver and agents of Plaintiffs access to inspect and copy any such books, records and documents of defendants either on or off the premises where they may be situated; and

(7) allowing expedited discovery in advance of discovery allowed by Rule 26 of the Federal Rules of Civil Procedure.

In support of this motion, Plaintiffs respectfully refer the Court to the Plaintiffs' Memorandum of Law and exhibits filed herewith. As explained in Plaintiffs' Memorandum of Law, the Defendants have engaged in the fraudulent solicitation of investor funds and have offered illegal off-exchange futures contracts in violation of Sections 4b(a)(2)(i) and (iii) and 4(a) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) and 6(a)(2004) and Commission Regulations 1.1(b)(1) and (3), 17 C.F.R. §§ 1.1(b)(1) and (3)(2002).

Unless the Court grants the relief for a statutory *ex parte* restraining order, it will be unable to preserve funds for victims of Defendants' unlawful activities and to prevent the destruction of records and other evidence of defendants' unlawful activities.

For these reasons, and as more fully set forth in the contemporaneously-filed memorandum of points and authorities, and to enable Plaintiffs to determine the extent of defendants' unlawful activities, expedited discovery is necessary.

WHEREFORE, Plaintiffs respectfully request that all relief requested herein be granted, and that this Court enter the proposed statutory restraining order freezing assets, protecting defendants' books and records, grant plaintiff's request to conduct expedited discovery for the purpose of discovering defendants' assets, and to issue an order to show cause why a preliminary injunction should not be issued by this Court.

Dated: June___, 2005

Respectfully submitted,

_____
Kevin K. Batteh
Trial Attorney
James H. Holl, III
Senior Trial Attorney

4

Erin E. Vespe
Chief Trial Attorney

Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

_/s/ Wayne Strumpfer / KKB_
Wayne Strumpfer
Acting California Corporations Commissioner
Alan S. Weinger
Acting Deputy Commissioner
Edward Kelly Shinnick
Corporations Counsel

Attorneys for Plaintiff Commissioner of
Corporations of the State of California