EDWARD GARTENBERG (State Bar No. 102693)
ALEXANDRA EPAND (State Bar No. 191733)
THELEN REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 576-8000
Facsimile: (213) 576-8080
egartenberg@thelenreid.com
aepand@thelenreid.com

ROBERT A. WEIKERT (State Bar No. 121146)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211
raweikert@thelenreid.com

Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.,
And WEI M. TSE a.k.a. RAYMOND TSE, and for
Relief Defendant THERESA C. WONG

# UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC, a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a. FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual,<br><br>Defendants,<br><br>and<br><br>THERESA C. WONG, an individual,<br><br>Relief Defendant. | CASE NO.: 052641 JSW<br><br>Assigned to Hon. Jeffrey S. White<br><br>**DECLARATION OF JIAN XIAO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: August 26, 2005<br>TIME: 9:00 a.m.<br>DEPT.: 2 |

LA #369080 v1                                    -1-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

DECLARATION OF JIAN XIAO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION (C 05 2641 JSW)

## DECLARATION OF JIAN XIAO

I, JIAN XIAO, hereby declare,

1. The facts declared below are known to me through personal knowledge. If called as a witness in the matter entitled U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA vs. NATIONAL INVESTMENT CONSULTANTS, INC. et al., Case Number 05-2641 JSW (hereinafter the "Litigation"), I could and would competently testify to the following:

2. I am a resident of Oakland, California, and I am the Manager and Owner of Defendant National Investment Consultants, Inc. ("NICI"). NICI was incorporated in California on February 2, 2004, and has its principal place of business at 300 Montgomery Street, Suite 660, San Francisco.

3. I am, and at all times was, the sole owner and operator of NICI. NICI is a corporation in good standing and it has not been the subject of any complaints other than those at issue in this matter.

4. On June 1, 2004, Pacific Best entered into an agreement with NICI whereby NICI was to act as an "introducing broker" for Pacific Best. Pursuant to this agreement, NICI acted as a service agent for Pacific Best by introducing clients to Pacific Best for the purposes of spot trading. The customers that NICI introduced to Pacific Best executed Customer Agreements with Pacific Best and were clients of Pacific Best, not NICI. NICI provided client services such as providing market information, communication and order placing with Pacific Best. However, at all times customers could place orders directly with Pacific Best and were not required to utilize NICI to place trades.

5. NICI and Pacific Best do not have any corporate relationship, they are not parent or subsidiary and they do not have any officers or employees in common.

6. In or around July, 2004, NICI purchased a customer list from South China with some, but not all, customer information. NICI did not purchase any other assets or liabilities from South China.

Aug 11 05 09:50 Case3:05-cv-02641-JSW   Document38   Filed08/11/05   Page3 of 3   P.3
Aug-10-2005  05:14pm   From-THELEN REID & PRIEST,LLP   +2135768060   T-627  P.007/010  F-564

7. Mr. Tse is not and has never been an employee of NICI but he did perform consulting and held some meetings for NICI explaining the policies of Pacific Best.

8. NICI trainees were never instructed to advise customers that they did not have to pay taxes if they deposited funds in cash.

9. NICI trainees were never instructed to inform customers that their deposits were insured by the FDIC.

10. All customers were informed that NICI did not keep their money and that the money was forwarded to Pacific Best. Pacific Best issued daily confirmation statements to NICI reflecting all monies going in and out of the account as well as all foreign currency transactions executed on behalf of the customers. NICI provided these statements to the customers on a daily basis. These statements provided an accurate summary of each customer's gains and losses.

11. NICI employees were instructed to advise customers of the risks involved in foreign currency trading. Customers were never told that they could not lose money or that their investments were guaranteed. In fact, the Customer Agreement specifically outlines these risks. All customers maintained their Customer Agreements in their own possession.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this _____ day of August, 2005, at San Francisco, California.

_____
Jian Xiao

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW
LA #369080 v1
-3-
DECLARATION OF JIAN XIAO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION