1  EDWARD GARTENBERG (State Bar No. 102693)
   ALEXANDRA EPAND (State Bar No. 191733)
2  THELEN REID & PRIEST LLP
   333 South Hope Street, Suite 2900
3  Los Angeles, California 90071
   Telephone: (213) 576-8000
4  Facsimile: (213) 576-8080
   egartenberg@thelenreid.com
5  aepand@thelenreid.com

6  ROBERT A. WEIKERT (State Bar No. 121146)
   THELEN REID & PRIEST LLP
7  101 Second Street, Suite 1800
   San Francisco, California 94105
8  Telephone: (415) 371-1200
   Facsimile: (415) 371-1211
9  raweikert@thelenreid.com

10 Attorneys for Defendants
   NATIONAL INVESTMENT CONSULTANTS, INC.,
11 And WEI M. TSE a.k.a. RAYMOND TSE, and for
   Relief Defendant THERESA C. WONG
12

13                  **UNITED STATES DISTRICT COURT**
                   **NORTHERN DIVISION OF CALIFORNIA**
14                       **SAN FRANCISCO DIVISION**

15 | U.S. COMMODITY FUTURES TRADING | CASE NO.: 052641 JSW |
16 | COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF | |
17 | CALIFORNIA, | Assigned to Hon. Jeffrey S. White |
18 | Plaintiffs, | **DECLARATION OF LAWRENCE CHI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
19 | vs. | |
20 | NATIONAL INVESTMENT CONSULTANTS, INC, a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a. FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual, | DATE: August 26, 2005 TIME: 9:00 a.m. DEPT.: 2 |
24 | Defendants, | |
25 | | |
26 | and | |
27 | THERESA C. WONG, an individual, | |
28 | Relief Defendant. | |

# DECLARATION OF LAWRENCE CHI

I, LAWRENCE CHI, hereby declare,

1. The facts declared below are known to me through personal knowledge. If called as a witness in the matter entitled U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA vs. NATIONAL INVESTMENT CONSULTANTS, INC. et al., Case Number 05-2641 JSW (hereinafter the "Litigation"), I could and would competently testify to the following:

2. I am a resident of Macao and am the Overseas Manager for Defendant Pacific Best Group Ltd., a..k.a. Pacific Best Company Ltd. ("Pacific Best"). Pacific Best is a British Virgin Islands Company whose registered office is located at P.O. Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.

3. Pacific Best has been in business for approximately 15 years and has been engaged in foreign currency trading in California for approximately 6 years. Over the course of the last 6 years, Pacific Best has acquired over 400 customers.

4. All customer funds are deposited in a Trust Account in Poseng Bank in Macau.

5. When a customer trades in foreign currency, the customer calls Pacific Best. Pacific Best then makes the trade through Poseng Bank or another "foreign exchange merchant" that is registered in Macau.

6. No complaints other than those at issue in this action have been made against Pacific Best in California before this action.

7. Pacific Best is not a parent or subsidiary to either defendant NICI or South China and does not have any corporate relationship with NICI or South China. Pacific Best is not incorporated in California, does not have an agent for service of process in California and does not have an office, address or telephone number in California.

8. Pacific Best was unaware that Flora Zhou had a prior injunction issued against her in 2000.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #369051 v1    -2-

DECLARATION OF LAWRENCE CHI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY (C 05 2641 JSW)

9. On June 1, 2004, Pacific Best entered into an agreement with NICI whereby NICI was to act as an "introducing broker" for Pacific Best. Pursuant to this agreement, NICI acted as a service agent for Pacific Best by introducing clients to Pacific Best for the purposes of spot trading. The customers that NICI introduced to Pacific Best executed Customer Agreements with Pacific Best and were clients of Pacific Best, not NICI. Prior to entering into this agreement with NICI, Pacific Best had a similar agreement with defendant South China. Attached hereto as Exhibit "A" is a true and correct copy of the Agreement between Pacific Best and NICI.

10. Wei Man Tse a.k.a. Raymond Tse was an employee of Pacific Best. Mr. Tse has never had any ownership interest in Pacific Best and was never an officer, director or managing agent of Pacific Best.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this _____ day of August, 2005, at Macao, China.

_____
Lawrence Chi

LA #369051 v1
-3-
DECLARATION OF LAWRENCE CHI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

**EXHIBIT A**

This SERVICE AGREEMENT is made this the 1st day of June 2004

BETWEEN    PACIFIC BEST COMPANY LIMITED who registered office is situated at P.O. Box 957 Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands (hereinafter called "PBCL") of one part;

AND    NATIONAL INVESTMENT CONSULTANTS INC. whose registered office is situated at Suite 660, 300 Montgomery Street, San Francisco, CA 94104, USA (hereinafter called "NICI") of the other part.

WHEREAS:

PBCL is a limited company incorporated under the laws of British Virgin Islands and NICI is an American Corporation formed under the laws of San Francisco, California.

(1) NICI shall act as service agent for PBCL in introducing clients to trade directly with PBCL for forex contracts; these clients shall each sign and execute Customer Agreements with PBCL in its prescribed format and be governed by the Trading Rules and Regulations of PBCL.

(2) The clients shall deposit margins to PBCL's bank account directly. In case any client shall request NICI to facilitate transfer of margins to PBCL via NICI's bank account, NICI shall receive such margin in trust for PBCL and transmit such margin to PBCL at PBCL's direction.

(3) NICI shall provide services to these clients, including but not limit to, provision of market information, communication facilities with PBCL and order placing.

(4) Any commission rebate from PBCL to these clients shall be paid by PBCL and shall be remitted to the clients directly or through the service of NICI as agreed between PBCL and each client.

(5) PBCL shall rebate to NICI any excess commission generated from these clients' trading after deduction of commission rebate to the clients. Any other income generated from these trading shall be for the account of PBCL.

(6) Any expenses incurred by NICI in servicing these clients shall be borne by PBCL.

(7) This agreement shall commence on 1st June 2004 and shall continue hereafter unless and until being determined by either party hereto giving to the other one-month's notice I writing.

(8) Upon termination of this Agreement, any trading between the clients and PBCL shall not be affected and shall be dealt directly with PBCL by these clients. NICI shall cease to service these clients and the commission rebate from PBCL to NICI shall be terminated.

4

NIC 000005

(9) The determination of this Agreement howsoever arising shall not affect such of the provision hereof as are expressed to operate and shall be without prejudice to any right of action already accrued in respect of any breach of this Agreement by the other Party.

(10) This Agreement shall be governed by the laws of British Virgin Islands.

IN WITNESS thereof the Parties have cause this Agreement to be executed the day and year first above written

SIGNED with the Company Chop of )  
PACIFIC BEST COMPANY LIMITED )  
And signed by Peter Chan )  
In the presence of )  

*For and on behalf of*  
**Pacific Best Company Ltd.**  
.......... *Peter Chan* ..........  
*Authorized Signature(s)*

SIGNED with the Company Chop of )  
NATIONAL INVESTMENT CONSULTANTS )  
INC. And signed by Jian Xiao )  
In the presence of )  

*For and on behalf of*  
National Investment Consultants Ltd.  
J X  

..........................................  
*Authorized Signature(s)*

5

NIC 000006