EDWARD GARTENBERG (State Bar No. 102693)
ALEXANDRA EPAND (State Bar No. 191733)
THELEN REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 576-8000
Facsimile: (213) 576-8080
egartenberg@thelenreid.com
aepand@thelenreid.com

ROBERT A. WEIKERT (State Bar No. 121146)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211
raweikert@thelenreid.com

Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.,
And WEI M. TSE a.k.a. RAYMOND TSE, and for
Relief Defendant THERESA C. WONG

**UNITED STATES DISTRICT COURT**
**NORTHERN DIVISION OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC, a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a. FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual,<br><br>Defendants,<br><br>and<br><br>THERESA C. WONG, an individual,<br><br>Relief Defendant. | CASE NO.: 052641 JSW<br><br>Assigned to Hon. Jeffrey S. White<br><br>**DECLARATION OF RAYMOND TSE, IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: August 26, 2005<br>TIME: 9:00 a.m.<br>DEPT.: 2 |

LA #369050 v1

-1-

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

DECLARATION OF RAYMOND TSE, IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (C 05 2641 JSW)

## DECLARATION OF RAYMOND TSE

I, RAYMOND TSE, hereby declare:

1. The facts declared below are known to me through personal knowledge. If called as a witness in the matter entitled U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA vs. NATIONAL INVESTMENT CONSULTANTS, INC. et al., Case Number 05-2641 JSW (hereinafter the "Litigation"), I could and would competently testify to the following:

2. I was born in 1968, am a citizen of the Republic of China. I currently hold a business visa allowing me to live and be employed in the United States.

3. Since 1998, I have been employed by Pacific Best, a defendant in the above action. I am not and have never been an officer, director or managing agent of Pacific Best, National Investment Consultant or South China Investments and I never had any ownership interest in any of those entities. My job title at Pacific Best was business manager and I provided consulting work to NICI and held some meetings with NICI employees.

4. I have reviewed the declarations of Hongyu Christina Liang, Renee Ramos, Sylvia Obradovic, Danny Lui and Stephen Ting and find that they are wholly inaccurate and untrue in the following respects:

a.) I never instructed anyone at NICI to give tax advice to customers. I never instructed anyone at NICI to advise customers that their investments would be tax free if they deposited cash.

b.) I never instructed anyone at NICI to inform customers that their deposits were insured by the FDIC. All customers were informed that NICI did not keep their money and that all money was forwarded to Pacific Best who issued daily confirmation statements reflecting all monies going in and out of the account as well as all foreign currency transactions executed on behalf of the customers.

c.) I never instructed anyone at NICI to advise customers that they could not lose money or that their investments were guaranteed. Customers were provided with full

1. disclosure of the risks involved. In fact, the Customer Agreement specifically outlines these risks. All customers maintained their Customer Agreements in their own possession.

6. I deny ever threatening Ms. Ramos in any way or her child in any way as she claims in paragraph 17 of her declaration. On January 3, 2005, Ms. Ramos wrote me a letter which is attached hereto as Exhibit A. Although her declaration states that she was afraid of me, in this letter she requested that I meet with her in person at the Mandarin Oriental Hotel.

7. I have never been a defendant in any other lawsuit, civil or criminal, and have never applied for and/or been denied any license.

8. I was not aware that Flora Zhou had an injunction issued against her in 2000.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this _____ day of August, 2005, at San Francisco, California.

_____
Raymond Tse

**EXHIBIT A**

Renee Shizue Ramos

2703 Mathews Street
Berkeley, CA 94702

January 3, 2005

Raymond Xie
National Investment Consultants, Inc
300 Montgomery Street, Suite 660
San Francisco, CA 94104

Raymond,

1) I have not shown this letter to anyone else, even Sylvia.

2) My purpose in writing and meeting with you is to tell you everything so you will see I have not put you or your company at any risk, because I know a settlement between us without attorneys, lawsuit, or public attention is by far the best solution.

3) I am not trying to shut down your business, and I have avoided all enforcement agencies or authorities – I am trying to get our money back. If your company shut down I would never get my money back.

4) I have NOT filed any complaints with any government agencies or any authorities.

5) I have NOT reported you to the SF District Attorney's office, nor to any other local authority; nor to the California Dept. of Corporations, nor any other State authority, nor to the U.S. Commodities Futures Trading Commission, nor any other Federal authority. You're not registered with the NASD or SEC, so there is no report I can file with them anyway. I AM NOT PROSECUTING YOU IN ANY WAY AT THIS TIME THROUGH THESE ENFORCEMENT AGENCIES.

6) I have NOT gone to the media about you. Your names or your company name has never been spoken or written by me to ANY TV, Newspaper or Radio or any media person at all, for the same reason as above

7) I have not hired an attorney; however as you may imagine, my close friend Sylvia Obradovic and I will be forced to hire an attorney together if we do not have return of our money.

8) All these things stated in #2 - #6 are also true for Sylvia.

9) Sylvia plans to hire an attorney very soon and she is speaking to one this week, but she told me she would cancel any actions as soon as she was restored her principle money invested with your company ($30,000).

10) I will settle for return of my principle $75,000. I have spent two months of lost income since I have not been able to work from the stress and worry of this. I have had to pay for many things to help take care of my children because I have been unable to these past two months. And I have spent lots of money trying to find the best way to have my money returned.

11) Raymond, we both know that when we ask an attorney for advice, they will tell us not to talk to the other person anymore – attorneys' job is to play the American lawsuit game. We both know that's the way they make a living. So I am writing you this letter directly, against the attorney's advice because I know it is much less expensive and much better if we settle ourselves. I hope you can agree.

4

12) Raymond, I am aware that there is a law in this state and country which requires investment companies to carefully interview each potential customer for "financial suitability" for investments like this. Your company is required to ask about my income, assets, net worth, source of this investment money and many other questions. In my case and also Sylvia's case we both would NOT have passed the criteria for investment at all! When you company did not ask us even one question about our suitability, right away that is a strong reason for our case.

13) Raymnod, this $75,000 is money I was wrong to invest — but I didn't realize it at the time because I was so worried about my children and some sudden medical needs of my son. He as in a car accident a few years ago, but now his head injury is causing serious emotional and school problems. I have recent medical records from his special doctors. I took him to a brain specialist. His bills are not covered by my insurance.

14) I am a single parent, with no child support coming from the father. I have two children with many needs and expenses. I have an old father I am taking care of who can not help me with any bills. I am under extreme financial pressure; and these are the reasons I chose to trust Flora and your company to invest.

15) This money was borrowed from the home equity loan and I have to fix my broken down house and pay this money back. I no longer can fix my house and I have also not been working for three months because of the stress of my son and now this— I borrowed this money also to help me get training so I can change careers since my sales career was not paying enough. But now this money is gone and IT IS OUR SURVIVAL. I can not afford to lose this money!!! I am forced with Sylvia to fight for it — I simply do not have a choice — I MUST FIGHT FOR THIS MONEY OR I WILL LOSE MY HOUSE AND MY FAMILY MAY BE HOMELESS, PLEASE UNDERSTAND MY SINCERITY.

16) Now is the time to reach a settlement — before Sylvia and I are forced to go to attorney and lawsuit! Now is the time while our problem is a private thing, before it becomes public with lawsuit then maybe the public TV and newspapers learns of it — you must surely want to avoid any negative publicity in our Asian community!

17) Please please see that we don't want to make trouble for you or your company — we are desperate for return of our money quietly. It has cost us so much already to have this experience. Please study my letter carefully. I have no reason to lie to you — I am just a poor single mother who is desperate for my money returned from your company. I will be forced to fight if I don't receive it from you — I can not afford to lose it! Please see that I and Sylvia have protected this story from ANY and ALL negative public reports — again, because we don't want you to suffer the loss which would make you never pay us back!!!

Raymond, I would like to meet with you later this afternoon, outside the office. I will be alone. I want to discuss this further with you after work. Can we meet at the Mandarin Oriental Hotel on Sansome Street (between California and Pine) at 4:30 today?

I trust you are a business man and a gentleman and please trust that I am a fair and honest woman. Surely there is a smooth way to resolve this.

Yours truly,

Renee Shizue Ramos