JOHN W. COTTON, State Bar No. 54912
AARON C. GUNDZIK, State Bar No. 132137
COTTON & GUNDZIK LLP
801 South Figueroa
14th Floor
Los Angeles, California 90017-5434
Telephone: 213/312-1330
Telecopy:  213/623-6699

Attorneys for Defendant
Yi Kerry Xu

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION AND THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC., a California Corporation, PACIFIC BEST GROUP, LTD., aka PACIFIC BEST COMPANY LTD., a British Virgin Islands Corporation, YI KERRY XU, an individual, and  WEI M. TSE, aka RAYMOND TSE, an individual,<br><br>　　　　　Defendants.<br><br>And<br><br>THERESA C. WONG, an individual,<br><br>　　　　　Relief Defendant. | CASE NO. 052641 JSW<br><br>**DECLARATION OF YI KERRY XU IN OPPOSITION TO PLAINTIFFS** *EX PARTE* **MOTION FOR PRELIMINARY INJUNCTION** |

- 1

# DECLARATION OF YI KERRY XU

I, Yi Kerry Xu, declare as follows:

1.) I was born in 1969, am a citizen of the Republic of China, and came to the United States in late 2001. I currently hold an Immigration and Naturalization Service green card giving me immigration status to be live and be employed in the United States. I currently reside in 300 Davey Glen, Belmont, California 94400. .

2.) From the period of approximately December 2002 until June of 2005, I was employed by South China Investments, a defendant in the above action. I obtained the job by responding to an advertisement in a Chinese community newspaper. At the time I responded to the advertisement, I had no foreign currency, futures or stock and option experience of any kind whatsoever.

3.) I was hired at South China by Raymond Tse, who provided me with several weeks of classroom style training for approximately 2 hours a day. After my training period was over, I was allowed to handle customer accounts. I was to be paid a percentage of 33% of the $100 commission charged to every South China customer per trade.

4.) I only opened approximately three accounts (excluding my own) while I was employed at South China. One of those accounts was the account of Mr. Stephen Ting. My approximate income from South China was $15,000 to $20,000 per year, with an occasional cash bonus for a good month of up to $500.

5.) After some period of time which I no longer recall, I was made an administrative sales manager to assist other account executives like myself. I also assisted in providing the new employees with the training that I received when I came to the company.

6.) I have reviewed the declaration of Stephen Ting and find that it is wholly inaccurate and untrue in the following respects:

a.) I never told a customer, or any other salesperson at South China or NICI that NICI or South China Investments was insured by the FDIC;

b.) I never told a customer that they could not lose money because I could "stop" or "lock in" before any losses occurred; in fact, that statement is completely opposite to what South China's customer agreement says and which, among others, Mr. Ting received.

c.) I explained to Mr. Ting how the foreign currency markets worked; and

d.) I do not recall telling Mr. Ting that I believed investments made with cash were done so tax-free, although this is what I had been led to believe; however I do not recall today how and from whom I obtained that understanding.

7.) I deny ever threatening Mr. Ting in any way, and do not understand at all how he came to conclude that.

8.) I have never been a defendant in any other lawsuit, civil or criminal, and have never applied for and/or been denied any license.

9.) I am not nor have I ever been an owner of NICI or South China, and I am not nor have I ever been an officer of NICI or South China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __th day of August 2005 at _____, California.

__/s/Yi Kerry Xu_____

- 3 -

Declaration of Xu

Yi Kerry Xu

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -

**PROOF OF SERVICE**

I declare that I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Cotton & Gundzik LLP, 801 South Figueroa Street, Suite 1400, Los Angeles, California  90017.

On <u>August 12, 2005</u>, I served the following document(s) described as**:**

Decl. of Xu

on the following interested parties in this action:

KEVIN BATTEH
JAMES HOLL
U.S. Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

FRED KONIGSBERG
Law offices of Fred Konigsberg
One Post Street, Suite 2550
San Francisco, CA  94104

Alan S. Weinger
Edward Kelly Shinnick
Corporations Counsel
71 Stevenson Street, Suite 2100
San Francisco, CA  94105-2908

Edward Gartenberg
Alexandra Epand
Thelen Reid & Priest LP
333 South Hope Street, Suite 2900
Los Angeles, CA  90071-3048

[]   **(BY TELEFACSIMILE TRANSMISSION)** at approximately <u>φ:φ</u> [φ] AM [φ] PM, from the telefacsimile transmitting machine at the offices of Cotton & Gundzik LLP, 801 South Figueroa Street, Suite 1400, Los Angeles, California 90017 [facsimile number (213) 312-1330], to the attention of the following interested parties in this action, at addressee's facsimile no.:

This transmission was reported as complete and without error.  The attached transmission confirmation report was properly issued by the transmitting facsimile machine.

[]   **(BY OVERNIGHT DELIVERY)**
         []   BY FEDERAL EXPRESS DELIVERY
         []   BY UNITED STATES EXPRESS MAIL
         []   BY  EXPRESS DELIVERY SERVICE

[X]   **(BY MAIL)**  []  **(BY CERTIFIED MAIL)** by placing a true copy thereof in a sealed envelope with postage fully prepaid.  I am readily familiar with the business practice of Cotton & Gundzik LLP for collection and processing of correspondence

1  for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on <u>August 12, 2005</u> at Los Angeles, California.

<u>Diane M. Gotori</u>　　　　　　　　<u>　　　　　　　　</u>
name　　　　　　　　　　　　　signature