**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COMMODITY FUTURES TRADITION
COMMISSION, et al.

      Plaintiffs,

  v.

NATIONAL INVESTMENT
CONSULTANTS, INC., et al.

      Defendants.
_____/

No. C 05-02641 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 26, 2005:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

The Court **tentatively GRANTS** Plaintiffs' motion for a preliminary injunction as to all Defendants.

The parties each shall have twenty (20) minutes to address the following questions:

1. What is Plaintiffs' position with respect to lifting the freeze on the accounts discussed in Mr. Giorgi's declaration?

2. The Court is not inclined to consider the declarations submitted by Plaintiffs in their reply brief. Excluding the allegations in those declarations, are there any factual disputes that any party contends cannot be resolved by reference solely to the declarations on file in this case? *See International Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 554-55 (9th Cir. 1986) (noting that in the Ninth Circuit there is no presumption entitling a party to an evidentiary hearing on a motion for a preliminary injunction).

    a. Why was the information set forth in the Jones Declaration (Reply Brief, Ex. 7) and the Koh Declaration (Reply Brief, Ex. 9) not submitted with Plaintiffs' initial application?

    b. What are Mr. Tse's and Ms. Wong's responses to the allegations in Mr. Mock's declaration?

3. a. What evidence, apart from the evidence indicating Mr. Tse was a South China employee and an NICI employee, do Plaintiffs' have to rebut NICI and South China's contentions that they are not the same entity? Similarly, what evidence do Plaintiffs' have to rebut Defendants contentions that Pacific Best, NICI, and South China are not related entities?

    b. On what basis do Plaintiffs contend that the actions of Pacific Best should be attributed to NICI and/or South China, or do Plaintiffs contend that nothwithstanding a separate corporate relationship, NICI and South China also violated the Act. If the latter, on what basis?

4. Defendants intend to submit evidence in opposition to the plaintiff's motion, which will be obtained after the Court ordered deadline for responding to plaintiffs' motion for a preliminary junction has passed. On what authority do

defendants rely on to support their position that the Court can, or should, consider this evidence?

5. The Court does not find persuasive Plaintiffs' to distinguish the *Frankwell Bullion* case on the ground that it involved a motion for a preliminary injunction, given that Plaintiffs are before the Court to seek a preliminary injunction. However, Plaintiffs also attempt to distinguish the *Frankwell Bullion* case from this case by asserting that the price for liquidation is established at the time of contracting. The Court requests that Plaintiff identify the evidence of this assertion by reference to a specific invoice. Do Defendants contest this assertion?

 a. How else would Plaintiffs distinguish the contracts at issue in *Frankwell Bullion,* about which the district court noted "may well be determined by this Court upon a full adjudication to be spot transactions," and that "other defining characteristics of futures contracts are noticeably absent" from the contracts at issue in this case? *See CFTC v. Frankwell Bullion Ltd.*, 1994 WL 449071, *2 (N.D. Cal. Aug. 12, 1994).

6. Plaintiffs seem to contend that Pacific Best's contracts contain an implicit guarantee of offset. *See* Reply at 9. What specific provisions of the contract or rules of trading support this contention?

7. Plaintiffs contend that the *Zelener* case ignored the decisions in *Lachmund* and *Nagel*. In *Lachmund* and *Nagel*, however, the defendants contended the contracts at issue were cash forward contracts, which Plaintiffs' own expert contends are different from spot contracts. As such, and recognizing that *Zelener* is not binding on this Court, how else would Plaintiffs distinguish the facts in *Zelener* from the facts in this case?

Dated: August 23, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3