JOHN W. COTTON, State Bar No. 54912
Email:  jcotton@cgllp.com
AARON C. GUNDZIK, State Bar No. 132137
Email:  agundzik@cgllp.com
COTTON & GUNDZIK LLP
801 South Figueroa, 14th Floor
Los Angeles, California 90017-5434
Telephone: 213/312-1330
Telecopy:  213/623-6699

Attorneys for Defendant
Yi Kerry Xu

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION AND THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>      Plaintiffs,<br><br>  vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC., a California Corporation, PACIFIC BEST GROUP, LTD., aka PACIFIC BEST COMPANY LTD., a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a.FLORA  ZHOU and  WEI M. TSE, aka RAYMOND TSE, an individual,<br><br>      Defendants.<br><br>And<br><br>THERESA C. WONG, an individual,<br><br>      Relief Defendant. | CASE NO. 05-2641 JSW<br><br>**ANSWER OF DEFENDANT YI KERRY XU TO PLAINTIFF COMMODITY FUTURES TRADING COMMISSION AND STATE OF CALIFORNIA'S COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**<br><br>**JURY TRIAL REQUESTED** |

- 1

Defendant Yi Kerry Xu answers the allegations contained in the Complaint for Preliminary and Permanent Injunctive Relief filed by Plaintiff Commodity Futures Trading Commission ("CFTC") and the State of California ("State") as follows:

## I. SUMMARY

1. Defendant Yi Kerry Xu ("Xu") denies that she has falsely misrepresented the profit potential from trading foreign currency; and/or that she has failed to disclose the risk of loss to potential customers. As to the remaining allegations of Paragraph 1, defendant Xu is without knowledge or information sufficient to form a belief as to the truth of such allegations.

2. Defendant Xu denies that she has made material misrepresentations and/or omissions or that she has engaged in acts and practices which violate the Commodity Exchange Act's anti-fraud provisions. The remaining allegations of Paragraph 2 state a conclusion of law that requires no response.

3. Paragraph 3 states a conclusion of law that requires no response.

4. Paragraph 4 states a conclusion of law that requires no response.

5. Paragraph 5 states a conclusion of law that requires no response.

## II. JURISDICTION

6. Paragraph 6 states a conclusion of law that requires no response.

7. Paragraph 7 states a conclusion of law that requires no response.

8. Paragraph 8 states a conclusion of law that requires no response.

9. Paragraph 9 states a conclusion of law that requires no response.

## III. INTRADISTRICT ASSIGNMENT AND VENUE

10. Paragraph 10 states a conclusion of law that requires no response.

## IV. THE PARTIES

**A. Plaintiffs**

11. Defendant Xu admits the allegations of Paragraph 11.

12. Defendant Xu admits the allegations of Paragraph 12.

**B. Defendants**

13. Defendant Xu is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

- 2 -

14. Defendant Xu admits that she was an employee of National Investment Consultants Inc. ("NICI") for a period of time but no longer is so employed. She further admits that she has solicited investors to open accounts to trade foreign currencies with NICI. As to the remaining allegations of Paragraph 13, defendant XU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

15. Defendant Xu believes that South China Investments Inc. ("SCII") may have been the predecessor, or an affiliate of NICI and that she therefore may have been an employee of SCII. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the remaining allegations of Paragraph 15.

16. Defendant Xu admits that she has never been registered with the Plaintiff CFTC in any capacity; that she is a California resident; that she lived at 300 Davey Glen Road, Apartment 3822, Belmont CA, and that she was employed as an account manager for a period of one year with NICI. As to the remaining allegations of Paragraph 16, defendant XU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

17. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 17.

18. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 18.

**C. Relief Defendant**

19. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 19.

**FACTUAL BACKGROUND**

20. Defendant Xu admits that she may have been an employee of SCII as a precedessor to NICI. Defendant Xu denies that she operated a foreign currency business. As to the remaining allegations of Paragraph 20, defendant XU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

21. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 21.

22. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 22.

- 3

23. Defendant Xu denies that she has advertised to the public through any websites. As to the remaining allegations of Paragraph 23, defendant XU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

24. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 24.

25. Defendant Xu admits that she provided training on how to trade foreign currency to others. As to the remaining allegations of Paragraph 25, defendant XU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

26. Defendant Xu denies the allegations of Paragraph 26 in their entirety.

27. Defendant Xu admits that she believed that investments made in cash might be afforded tax free gains, but she does not recall stating that fact to any customer or prospective customer. Defendant Xu denies the remaining allegations of Paragraph 27 in their entirety.

28. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 28.

29. Defendant Xu admits that she assisted in the training of other salespersons and customers at NICI. Defendant Xu denies the remaining allegations of Paragraph 29 in their entirety.

30. Defendant Xu denies the allegations of Paragraph 30 in their entirety.

31. Defendant Xu admits that she invited persons she assisted in training, to become salespersons in NICI. As to the remaining allegations of Paragraph 31, defendant XU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

32. Defendant Xu denies the allegations of Paragraph 32 as they pertain to her. As to the remaining allegations of Paragraph 32, Defendant Xu is without sufficient facts or information to form a belief as to their truth.

33. Defendant Xu denies the allegations of Paragraph 33 as they pertain to her. As to the remaining allegations of Paragraph 33, Defendant Xu is without sufficient facts or information to form a belief as to their truth.

34. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 34.

- 4

35. Defendant Xu denies the allegations of Paragraph 35 as they pertain to her. As to the remaining allegations of Paragraph 35, Defendant Xu is without sufficient facts or information to form a belief as to their truth.

36. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 36.

37. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 37.

38. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 38. Further, Paragraph 38 states a conclusion of law that requires no response.

39. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 39. Further, Paragraph 39 states a conclusion of law that requires no response.

40. Paragraph 40 states a conclusion of law that requires no response

41. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 41. Further, Paragraph 41 states a conclusion of law that requires no response.

42. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 42. Further, Paragraph 42 states a conclusion of law that requires no response.

43. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 43. Further, Paragraph 43 states a conclusion of law that requires no response.

44. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 44.

45. Defendant Xu neither admits nor denies Paragraph 45, as it is a bridge paragraph incorporating prior paragraphs and Defendant Xu therefore incorporates all of her earlier responses to this Paragraph.

46. Paragraph 46 states a conclusion of law that requires no response.

47. Paragraph 47 states a conclusion of law that requires no response.

48. Defendant Xu neither admits nor denies Paragraph 48, as it is a bridge paragraph incorporating prior paragraphs and Defendant Xu therefore incorporates all of her earlier responses to this Paragraph.

49. Paragraph 49 states a conclusion of law that requires no response.

50. Paragraph 50 states a conclusion of law that requires no response.

51. Defendant Xu neither admits nor denies Paragraph 51, as it is a bridge paragraph incorporating prior paragraphs and Defendant Xu therefore incorporates all of her earlier responses to this Paragraph.

52. Defendant Xu denies the allegations of Paragraph 52 in their entirety.

53. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 53.

54. Defendant Xu  is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 54.

55. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 55.

56. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 56.

57. Defendant Xu neither admits nor denies Paragraph 57, as it is a bridge paragraph incorporating prior paragraphs and Defendant Xu therefore incorporates all of her earlier responses to this Paragraph.

58. Paragraph 58 states a conclusion of law that requires no response

59. Paragraph 59 states a conclusion of law that requires no response

60. Paragraph 60 states a conclusion of law that requires no response

61. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 61. Further, Paragraph 61 states a conclusion of law that requires no response.

62. Paragraph 62 states a conclusion of law that requires no response

63. Defendant Xu neither admits nor denies Paragraph 63, as it is a bridge paragraph incorporating prior paragraphs and Defendant Xu therefore incorporates all of her earlier responses to this Paragraph.

64. Paragraph 64 states a conclusion of law that requires no response.

65. Defendant Xu denies the allegations of Paragraph 65 in their entirety.

66. Defendant Xu is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 66 as framed, and as it relates to other defendants. Defendant Xu denies failing to make material information available to investors or prospective investors. Paragraph 66 also states a conclusion of law that requires no response.

67. Defendant Xu denies the allegations of Paragraph 67 in their entirety.

68. Paragraph 68 states a conclusion of law that requires no response

### RELIEF REQUESTED

69. Defendant Xu requests this Court to dismiss the CFTC and State of California's Complaint against her in its entirety.

70. In the event this Court dismisses the Complaint against Defendant Xu, she respectfully requests that this Court order the CFTC to remove all references to her on its public website and further order the CFTC and the State of California to post the Order on their public websites.

### AFFIRMATIVE DEFENSES

### (Failure to State a Claim for Relief)

71. Defendant Xu denies that she has committed any violations as alleged in the Complaint to merit the imposition of a preliminary or permanent injunction. The complaint fails to allege a sufficient pattern, practice or threat of ongoing conduct to merit the imposition of an injunctive decree and therefore fails to state facts upon which a claim to relief can be granted.

### (Lack of Jurisdiction)

72. Defendant Xu denies that the CFTC and the State have jurisdiction over the foreign exchange contracts at issue in this action.

Dated:  August 23, 2005                    JOHN W. COTTON
                                           COTTON & GUNDZIK LLP


                                           /s/John W. Cotton_____
                                                John W. Cotton

                                           Attorney for Defendant
                                           Yi Kerry Xu

- 7 -

1

## PROOF OF SERVICE

2

      I declare that I am employed in the County of Los Angeles, California.  I am over the

3

age of eighteen years and not a party to the within case; my business address is: Cotton & Gundzik LLP, 801 South Figueroa Street, Suite 1400, Los Angeles, California  90017.

4

      On <u>August 23, 2005,</u> I served the following document(s) described as**:**

5

      Xu Answer

6

on the following interested parties in this action:

7

8

      KEVIN BATTEH
      JAMES HOLL

9

      U.S. Commodity Futures Trading Commission
      1155 21st Street NW
      Washington, DC 20581

10

11

      FRED KONIGSBERG
      Law offices of Fred Konigsberg
      One Post Street, Suite 2550

12

      San Francisco, CA  94104

13

      ALAN S. WEINGER

14

      EDWARD KELLY SHINNICK
      Corporations Counsel

15

      71 Stevenson Street, Suite 2100
      San Francisco, CA  94105-2908

16

17

      EDWARD GARTENBERG
      ALEXANDRA EPAND
      Thelen Reid & Priest LP

18

      333 South Hope Street, Suite 2900
      Los Angeles, CA  90071-3048

19

20

[]   **(BY TELEFACSIMILE TRANSMISSION)** at approximately
φ:φ [φ] AM [φ] PM, from the telefacsimile transmitting machine at the offices of

21

Cotton & Gundzik LLP, 801 South Figueroa Street, Suite 1400, Los Angeles, California 90017 [facsimile number (213) 312-1330], to the attention of the following interested parties in this action, at addressee's facsimile no.:

22

23

This transmission was reported as complete and without error.  The attached

24

transmission confirmation report was properly issued by the transmitting facsimile machine.

25

[]   **(BY OVERNIGHT DELIVERY)**

26

          []    BY FEDERAL EXPRESS DELIVERY
          []    BY UNITED STATES EXPRESS MAIL

27

          []    BY  EXPRESS DELIVERY SERVICE

28

[x]   **(BY MAIL)**  []  **(BY CERTIFIED MAIL)** by placing a true copy thereof in a sealed envelope with postage fully prepaid.  I am readily familiar with the business practice of Cotton & Gundzik LLP for collection and processing of correspondence

- 8

for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on <u>August 23, 2005</u> at Los Angeles, California.


<u>Diane M.  Gotori</u>            <u>    /s/ Diane Gotori            </u>
name                                      signature

- 9