1  FRED S. KONIGSBERG, State Bar No. 158179
   Email: fskonigsberg@yahoo.com
2  LAW OFFICES OF FRED S. KONIGSBERG
3  One Post Street, Suite 2550
   San Francisco, California 94104
4  Telephone: (415) 341-5783
5  Facsimile: (415) 321-7199

6  Attorney for Defendant
   Run Ping "Flora" Zhou
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  U.S. COMMODITY FUTURES TRADING COMMISSION AND THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA, | CASE NO. 05-2641 JSW |
| 13 | ANSWER OF DEFENDANT RUN PING "FLORA" ZHOU TO PLAINTIFF |
| 14 | COMMODITY FUTURES TRADING COMMISSION AND STATE OF |
| 15       Plaintiffs, | CALIFORNIA'S COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF |
| 16     vs. | |

17
    NATIONAL INVESTMENT
18  CONSULTANTS, INC., a California
    Corporation, PACIFIC BEST GROUP,
19  LTD., aka PACIFIC BEST COMPANY
    LTD., a British Virgin Islands
20  Corporation, YI KERRY ZHOU, an
21  individual, RUN PING ZHOU
    a.k.a.FLORA ZHOU and WEI M. TSE,
22  aka RAYMOND TSE, an individual,

23
              Defendants.
24
    And
25
26  THERESA C. WONG, an individual,

27              Relief Defendant.

28

- 1

Defendant Run Ping "Flora" Zhou answers the allegations contained in the Complaint for Preliminary and Permanent Injunctive Relief filed by Plaintiff Commodity Futures Trading Commission ("CFTC") and the State of California ("State") as follows:

## I. SUMMARY

1. Defendant Run Ping "Flora" Zhou ("Zhou") denies that South China Investments, Inc. acted as a common enterprise with National Investment Consultants, Inc. ("NICI") and denies that any of the defendant entities operated a foreign currency "scam" in San Francisco, California or at any other location. Zhou further denies that she falsely misrepresented the profit potential from trading foreign currencies; and denies that she failed to disclose the risk of loss to potential customers; and denies that she failed to disclose the lack of experience of any account executive associated with SCII or NICI. Further, Zhou denies that she was under a legal obligation to disclose the fact to potential customers of SCII or NICI that she was the subject of prior California litigation which resulted in an injunction against her. As to the remaining allegations of Paragraph 1, defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of such allegations.

2. Defendant Zhou denies that she made material misrepresentations and/or omissions or that she engaged in acts and practices which violate the Commodity Exchange Act's anti-fraud provisions. The remaining allegations of Paragraph 2 state a conclusion of law that requires no response.

3. Paragraph 3 states a conclusion of law that requires no response.

4. Paragraph 4 states a conclusion of law that requires no response.

5. Paragraph 5 states a conclusion of law that requires no response.

## II. JURISDICTION

6. Paragraph 6 states a conclusion of law that requires no response.

7. Paragraph 7 states a conclusion of law that requires no response.

8. Paragraph 8 states a conclusion of law that requires no response.

9. Paragraph 9 states a conclusion of law that requires no response.

## III. INTRADISTRICT ASSIGNMENT AND VENUE

10. Paragraph 10 states a conclusion of law that requires no response.

## IV. THE PARTIES

### A. Plaintiffs

- 2

1

11. Paragraph 11 states a conclusion of law that requires no response.

2

12. Paragraph 12 states a conclusion of law that requires no response.

3

**B. Defendants**

4

5

6

7

13. Defendant Zhou denies that there is an "enterprise" between SCII and NICI, but on information and belief, avers that these two defendant companies introduced customers to defendant Pacific Best Group, Ltd. ("PBGL") for the purpose of trading spot foreign currency transactions. Zhou is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13.

8

9

10

11

12

13

14

14. Defendant Zhou admits that she was an employee of NICI for a period of time but has not been so employed since December 2004. She further admits that she solicited investors to open accounts to trade foreign currencies with NICI. On information and belief, Zhou was aware that NICI customers were introduced to, and had their spot foreign currency trading accounts carried by, PBGL. As to the remaining allegations of Paragraph 13, defendant ZHOU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

15

16

17

18

19

20

21

22

23

24

25

26

15. Defendant Zhou admits that SCII was incorporated on November 9, 2000 and had its principal place of business at 300 Montgomery Street, in the city and county of San Francisco, California. Zhou avers that SCII was a California corporation in good standing until on or about July 31, 2004 when it ceased doing business; SCII's certificate of dissolution was filed on August 4, 2004; and SCII was dissolved on or about October 15, 2004. Zhou admits that SCII was not registered with the Commodity Futures Trading Commission (hereinafter the "Commission") and is unaware of any legal obligation for it to be so registered. Defendant Zhou denies that SCII and NICI had bank accounts in common but admits that when SCII closed, some SCII employees went to work for NICI. Defendant Zhou further denies that SCII and NICI shared the same telephone numbers and although NICI opened its offices at the same street address as SCII when it was operating, NICI rented a different suite. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15.

27

16. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

28

- 3

17. Defendant Zhou admits that she was a manager and the sole shareholder of SCII but had no ownership interest in, and was merely an employee of, NICI. Zhou, on information and belief, admits the remaining allegations of paragraph 17.

18. Defendant Zhou denies that Defendant Wei M. Tse, a.k.a. Raymond Tse ("TSE") had any ownership interest in SCII and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18.

**C. Relief Defendant**

19. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

## FACTUAL BACKGROUND

20. Defendant Zhou admits that she was the sole shareholder and president of, and marketing manager at, SCII, but denies that SCII had any relationship with NICI, other than the fact that in or around July 2004, when SCII ceased doing business, SCII sold its customer list to NICI. Zhou further avers that NICI and SCII did not have any corporate relationship, or any officers, directors or bank accounts in common. Defendant Zhou denies that she operated a foreign currency business while associated with NICI and denies that SCII and NICI ever sold foreign currency futures contracts to the retail public. Zhou is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20.

21. Defendant Zhou denies the allegations of Paragraph 21 and avers that SCII never abandoned its corporate name, nor did SCII ever change its name to NICI.

22. Defendant Zhou admits that SCII had a web site, www.southchinainvestments.com (now defunct) but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22.

23. Defendant Zhou denies that she has personally advertised to the public through any websites. As to the remaining allegations of Paragraph 23, defendant ZHOU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

24. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Defendant Zhou admits that she provided training on how to trade spot foreign currencies to others but denies that the training was minimal. As to the remaining allegations

- 4

of Paragraph 25, defendant ZHOU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

26. Defendant Zhou denies the allegations of Paragraph 26 in their entirety.

27. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Defendant Zhou admits the allegations of Paragraph 28.d. but denies the remaining allegations of Paragraph 28 in their entirety.

29. Defendant Zhou admits that she assisted in the training of other salespersons at NICI and customers. Defendant Zhou denies the remaining allegations of Paragraph 29 in their entirety.

30. Defendant Zhou denies the allegations of Paragraph 30 in their entirety.

31. Defendant Zhou admits that persons she assisted in training became salespersons and some became customers of SCII and NICI, trading through PBGL, and admits that the minimum deposit to open an account at PBGL was $20,000. As to the remaining allegations of Paragraph 31, defendant ZHOU is without knowledge or information sufficient to form a belief as to the truth of such allegations.

32. Defendant Zhou denies the allegations of Paragraph 32 in their entirety

33. Defendant Zhou denies the allegations or is without sufficient information to form a belief as to the truth of the allegations of Paragraph 33 with the exception that Zhou admits that on or about October 29, 2004, a customer came to the NICI's offices and stated that she wanted to place additional funds in her account and politely asked Zhou if she could have two strong men accompany her across the street to Bank of America to withdraw some funds; the customer stated that she was concerned about being robbed. Zhou accompanied her and two account executives from NICI to assist the customer in making the withdrawal to increase her deposit in her PBGL account. The customer thanked Zhou most politely for helping her.

34. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, except that Zhou admits that SCII and NICI functioned as introducing brokers to PBGL, which accepted customer funds, maintained the accounts of customers, accepted customer orders from SCII and NICI and issued customers daily confirmation and month end statements.

- 5

35. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38. Further, Paragraph 38 states conclusions of law that require no response.

39. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39. Further, Paragraph 39 states conclusions of law that require no response.

40. Paragraph 40 states conclusions of law that require no response

41. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41. Further, Paragraph 41 states conclusions of law that require no response.

42. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42. Further, Paragraph 42 states conclusions of law that require no response.

43. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43. Further, Paragraph 43 states a conclusion of law that requires no response.

44. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. Defendant Zhou neither admits nor denies Paragraph 45, as it is a bridge paragraph incorporating prior paragraphs and Defendant Zhou therefore incorporates all of her earlier responses to this Paragraph.

46. Paragraph 46 states a conclusion of law that requires no response.

47. Paragraph 47 states a conclusion of law that requires no response.

- 6

48. Defendant Zhou neither admits nor denies Paragraph 48, as it is a bridge paragraph incorporating prior paragraphs and Defendant Zhou therefore incorporates all of her earlier responses to this Paragraph.

49. Paragraph 49 states conclusions of law that require no response.

50. Paragraph 50 states a conclusion of law that requires no response.

51. Defendant Zhou neither admits nor denies Paragraph 51, as it is a bridge paragraph incorporating prior paragraphs and Defendant Zhou therefore incorporates all of her earlier responses to this Paragraph.

52. Defendant Zhou denies the allegations of Paragraph 52 in their entirety.

53. Defendant Zhou denies the allegations of Paragraph 53 in their entirety.

54. Defendant Zhou denies the allegations of Paragraph 54 in their entirety.

55. Defendant Zhou denies the allegation that she committed any fraudulent conduct and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55.

56. Defendant Zhou denies the allegation that any customers she dealt with at SCII and NICI were "victimized" by her conduct and denies that she was part of any fraudulent scheme. Zhou is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56.

57. Defendant Zhou neither admits nor denies Paragraph 57, as it is a bridge paragraph incorporating prior paragraphs and Defendant Zhou therefore incorporates all of her earlier responses to this Paragraph.

58. Paragraph 58 states a conclusion of law that requires no response

59. Paragraph 59 states a conclusion of law that requires no response

60. Paragraph 60 states a conclusion of law that requires no response

61. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61. Further, Paragraph 61 states a conclusion of law that requires no response.

62. Paragraph 62 states a conclusion of law that requires no response

63. Defendant Zhou neither admits nor denies Paragraph 63, as it is a bridge paragraph incorporating prior paragraphs and Defendant Zhou therefore incorporates all of her earlier responses to this Paragraph.

- 7

64. Paragraph 64 states conclusions of law that require no response.

65. Defendant Zhou denies the allegations of Paragraph 65 in their entirety.

66. Defendant Zhou is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 as framed, and as it relates to other defendants. Defendant Zhou denies failing to make material information available to investors or prospective investors. Paragraph 66 also states a conclusion of law that requires no response.

67. Defendant Zhou denies the allegations of Paragraph 67 in their entirety.

68. Paragraph 68 states a conclusion of law that requires no response

### RELIEF REQUESTED

69. Defendant Zhou requests that this Court dismiss the CFTC and State of California's Complaint against her in its entirety.

70. In the event this Court dismisses the Complaint against Defendant Zhou, she respectfully requests that this Court order the CFTC to remove all references to her on its public website and further order the CFTC and the State of California to post the Order on their public websites.

### AFFIRMATIVE DEFENSES

### (Failure to State a Claim for Relief)

71. Defendant Zhou denies that she has committed any violations as alleged in the Complaint to merit the imposition of a preliminary or permanent injunction. The complaint fails to allege a sufficient pattern, practice or threat of ongoing conduct to merit the imposition of an injunctive decree and therefore fails to state facts upon which a claim for relief can be granted as to her.

### (Lack of Jurisdiction)

72. Defendant Zhou denies that the CFTC and the State have jurisdiction over the foreign exchange contracts at issue in this action.

Dated: August 25, 2005     FRED S. KONIGSBERG
           LAW OFFICES OF FRED S. KONIGSBERG

           /s/Fred S. Konigsberg
           Fred S. Konigsberg

           Attorney for Defendant
           Run Ping "Flora" Zhou

- 8

1

## PROOF OF SERVICE

2

3

I declare that I am employed in the County of Orange, California. I am over the age of eighteen years and not a party to the within case; my business address is: 26054 Acero, Mission Viejo, CA 92691.

4

5

On <u>August 25, 2005</u>, I served the following document(s) described as:

6

Zhou Answer

7

on the following interested parties in this action:

8

KEVIN BATTEH
JAMES HOLL
U.S. Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

9

10

11

John W. Cotton
Cotton & Gundzik LLP
801 South Figueroa Street \
Suite 1400
Los Angeles, California 90017

12

13

14

ALAN S. WEINGER
EDWARD KELLY SHINNICK
Corporations Counsel
71 Stevenson Street, Suite 2100
San Francisco, CA 94105-2908

15

16

17

EDWARD GARTENBERG
ALEXANDRA EPAND
Thelen Reid & Priest LP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071-3048

18

19

20

[x]     **(BY E-MAIL) with the consent of the aforementioned, to their email addresses as set forth in the Court's email e-file system.**

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on <u>August 25, 2005</u> at Mission Viejo, California.

23

24

<u>Andrea Riggio</u>            <u>/s/ Andrea Riggio</u>

25

name                              signature

26

27

28

- 9