United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. COMMODITY FUTURES TRADING COMMISSION, et al.

Plaintiffs,

v.

NATIONAL INVESTMENT CONSULTANTS, INC., et al.

Defendants.

/

No. C 05-02641 JSW

**PRELIMINARY INJUNCTION**

Pursuant to the Court's Order granting the motion for a preliminary injunction filed by the United States Commodity Futures Trading Commission ("CFTC") and the Commissioner of Corporations of the State of California ("Commissioner") (collectively "Plaintiffs"):

Defendants National Investment Consultants, Inc., South China Investments, Inc., Pacific Best Group Ltd. a/k/a Pacific Best Company, and Run Ping Zhou a/k/a Flora Zhou (collectively " the Enjoined Defendants"), and the Enjoined Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Enjoined Defendants who receive actual notice of this Preliminary Injunction by personal service or otherwise are HEREBY ENJOINED AND RESTRAINED from:

1. Directly or indirectly in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for hedging in any transaction in such commodity or the products or byproducts thereof, or determining the price basis of any

United States District Court
For the Northern District of California

transaction in interstate commerce, or delivering such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, (A) cheating or defrauding or attempting to cheat or defraud other persons; and (B) wilfully deceiving or attempting to deceive other persons in violation of 7 U.S.C. § 6b(a)(i) and (iii); AND

2. Directly or indirectly offering to enter into, entering into, executing, confirming the execution of, or conducting any office or business anywhere in the United States, its territories or possessions, for the purpose of soliciting or accepting any order for, or otherwise dealing in, any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery (other than a contract which is made on or subject to the rules of a board of trade, exchange, or market located outside the United States, its territories, or possessions) unless (A) such transaction is conducted on or subject to the rules of a board of trade which has been designated or registered by the CFTC as a contract market or derivatives transaction execution facility for such commodity; (B) such contract is executed or consummated by or through a contract market; and (C) such contract is evidenced by a record in writing which shows the date, the parties to such contract and their addresses, the property covered and its price, and the terms of delivery; AND

3. Directly or indirectly soliciting or accepting funds from prospective and current investors; trading commodity futures contracts or options on futures contracts on any exchange; AND

4. Directly or indirectly selling or purchasing or offering to sell or purchase, any commodity under any commodity contract or under any commodity option, or offering to enter into or entering into, as seller or purchaser any commodity contract or any commodity option unless such activity is expressly excepted from prohibition under California Corporations Code Sections 29530, 29531, or 29532; AND

United States District Court
For the Northern District of California

5. Directly or indirectly in connection with the purchase or sale of, the offer to sell, the offer to purchase, the offer to enter into, or the entry into, a commodity, commodity contract, or commodity option, willfully making any untrue statement of material fact, or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; AND

6. Directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including those held in the name of any of the Enjoined Defendants, wherever located, including assets held outside the United States, except as otherwise order by this Court, such assets to include both existing assets and assets acquired after the effective date of this Preliminary Injunction; AND

7. Directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name or subject to access by the Enjoined Defendants; AND

8. Directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Enjoined Defendants; AND

9. It is FURTHER ORDERED, that the Enjoined Defendants and the Enjoined Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Enjoined Defendants who receive actual notice of this Preliminary Injunction by personal service or otherwise SHALL CONTINUE to abide by their obligations under the Statutory Restraining Order Issued June 29, 2005 ("Statutory Restraining Order") to provide the CFTC with a full accounting of all funds, documents, and assets, including those outside the United States that are held by them, for their benefit, or under their direct or indirect control, whether jointly or singly, and to provide

United States District Court
For the Northern District of California

the CFTC access to all records of the Enjoined Defendants held by financial institutions located outside the territorial United States by signing a Consent to Release of Financial Records; AND

10. It is FURTHER ORDERED, that the terms of the Statutory Restraining Order requiring that the CFTC be immediately allowed to inspect the books, records, and other documents of the Enjoined Defendants and their agents including, but not limited to, electronically stored day, tape recordings, and computer discs, wherever they may be situated, and whether they are on the person of the Enjoined Defendants or others, and to copy said documents, data and records, either on or off the premises, where they may be situated, and shall cooperate fully with the CFTC to locate and provide to representatives of the CFTC all books and records of the Enjoined Defendants, wherever such books and records may be situated, SHALL CONTINUE IN EFFECT until further order of this Court; AND

It is FURTHER ORDERED that, pending further order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset of the Enjoined Defendants, or has held, controlled, or maintained custody of any account or asset of the Enjoined Defendants at any time since July 1, 2000, SHALL:

11. Prohibit the Enjoined Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by further order of this Court; AND

12. Deny the Enjoined Defendants and all other persons access to any safe deposit box that is (a) titled in the name of the Enjoined Defendants either individually or jointly; or (b) otherwise subject to access by the Enjoined Defendants; AND

13. Provide counsel for the CFTC, within five (5) business days of receiving a copy of this Preliminary Injunction, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually

United States District Court
For the Northern District of California

or jointly, of the Enjoined Defendants, or held on behalf of, or for the benefit of the Enjoined Defendants; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Preliminary Injunction is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total of funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Enjoined Defendants or is otherwise subject to access by the Enjoined Defendants; AND

14. Upon request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, and all other debit and credit instruments or slips, currency transaction reports, 1099 forms and safe deposit box logs; AND

15. The prohibition upon discovery before the early meeting of counsel pursuant to Federal Rule of Civil Procedure 26(d) continues to be removed; AND

16. The prohibition upon the immediate commencement of depositions pursuant to Federal Rule of Civil Procedure 30(a)(2)(C) continues to be removed, however the normal rules of providing notice prior to the deposition shall now apply; AND

17. The parties may take the deposition of any person for the purpose of discovering the nature, location, status and extent of any assets of the Enjoined Defendants and the location of any documents reflecting those assets; AND

It is FURTHER ORDERED that Plaintiffs need not post a bond; AND

United States District Court
For the Northern District of California

It is FURTHER ORDERED that this Order shall remain in full force and effect unless and until it is modified by further order of this Court, and this Court retains jurisdiction over this matter for all purposes.

**IT IS SO ORDERED.**

Dated: August 26, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE