KEVIN K. BATTEH, (DC Bar No. 482021)
Trial Attorney
JAMES H. HOLL, III, (DC Bar No. 453473)
Senior Trial Attorney
ERIN E. VESPE, (CT Bar No. 407295)
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418 -5636
Facsimile (202) 418-5538
E-mail: kbatteh@cftc.gov
Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

WAYNE STRUMPFER
Acting California Corporations Commissioner
ALAN S. WEINGER (CA State Bar No. 86717)
Acting Deputy Commissioner
EDWARD KELLY SHINNICK (CA State Bar No. 96209)
Corporations Counsel
71 Stevenson Street, Ste. 2100
San Francisco, CA 94105-2908
Telephone (415) 972-8544
Facsimile (415) 972-8550
E-mail: KShinnic@corp.ca.gov
Attorneys for Plaintiff Commissioner of
Corporations of the State of California

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION et al. | ) )  |
| Plaintiffs, | ) Case No.: 05-2641 JSW ) |
| vs. | ) Assigned to Hon. Jeffrey S. White ) |
| NATIONAL INVESTMENT CONSULTANTS, INC., et al. | ) Hearing: October 14, 2005, 9:00am ) ) |
| Defendants, | ) PLAINTIFFS' OPPOSITION TO ) DEFENDANT PACIFIC BEST COMPANY |
| and | ) LTD'S MOTION TO DISMISS FOR ) INSUFFICIENT SERVICE OF PROCESS |
| THERESA C. WONG, an individual, Relief Defendant. | ) ) |

0

# I.  INTRODUCTION

On June 30, 2005 a Deputy U.S. Marshal served defendant Pacific Best Group Ltd. a.k.a. Pacific Best Company Ltd ("Pacific Best") with a summons and complaint in this action.  In an attempt to avoid responsibility for its participation in illegal conduct in this jurisdiction, Pacific Best filed the instant motion to dismiss for insufficiency of process.  In support of its motion, Pacific Best relies upon the statements and credibility of its employee and co-defendant, Raymond Tse.  However, Mr. Tse's declaration, like the last two declarations he submitted to this Court, is replete with factual misstatements and misrepresentations.

When applied to the true facts set forth herein, the unavoidable conclusion is that Raymond Tse, a general manager of Pacific Best, was properly served by plaintiffs.

## II. FACTUAL BACKGROUND

### A. The Great Weight of the Evidence Establishes Perfected Service Upon Pacific Best

On June 30, 2005, Supervisory Deputy U.S. Marshal Cheryl A. Koel served Pacific Best with a copy of the summons and complaint in this case.  (Declaration of Cheryl A. Koel ("Koel Decl.") ¶ 6) (Declaration of Peter Mock filed September 9, 2005 ("Mock Decl." ¶ 8).  Service was made on Raymond Tse, a Pacific Best employee who is, by his own admission, a "business manager."  (August 25, 2005 Tse Decl. ¶ 2, August 11, 2005 Tse Decl. ¶ 3.)  Pacific Best shared office space with NICI evidenced by the fact that Pacific Best employee Raymond Tse maintained an office at 300 Montgomery Street, Suite 660, San Francisco.  (Mock Decl. ¶ 15).  As an employee of Pacific Best, Mr. Tse was responsible for interviewing potential account executives, and after employees were hired, Mr. Tse was responsible for teaching them his version of the basics of foreign exchange futures trading. (June 28, 2005 Lui Decl. ¶ 6, August 19, 2005 Duan Decl. ¶5, August 19, 2005 Wang Decl. ¶ 4, August 19, 2005 Zhu Decl. ¶ 4) (See also Exhibit A to the Declaration of Kathleen Schueftan filed September 9, 2005, which includes

Plaintiffs' Opposition to Pacific Best Company Ltd's Motion to Dismiss

numerous Employment Applications listing "Raymond" as interviewer, and employee training sign-in forms listing "Raymond" as the instructor).  Tse purported to take in customer funds on behalf of his employer Pacific Best for the purpose of facilitating investments with Pacific Best. (June 28, 2005 Lui Decl. ¶ 7).  Tse repeatedly encouraged customers to invest additional funds with his employer when customer account balances ran low. (Id. ¶ 8, June 28, 2005 Liang Decl. ¶ 8, August 19, 2005 Duan Decl. ¶ 10, August 19, 2005 Chen Decl. ¶ 8, August 19, 2005 Zhu Decl. ¶ 7).  Mr. Tse also recruited investors on behalf of his employer. (August 19, 2005 Chen Decl. ¶ 4-6).

This Court issued the Statutory Restraining Order ("SRO") in this case on or about June 30, 2005.  Subsequently, plaintiffs undertook diligent efforts to serve all the defendants.  When plaintiffs attempted to serve Pacific Best, Tse represented that he was in charge of the office. (Koel Decl. ¶ 4, Mock Decl. ¶ 7).  When asked, Tse voluntarily offered to accept service for Pacific Best, and was personally handed a copy of the summons, complaint and accompanying documents on behalf of Pacific Best. (Koel Decl. ¶ 6,  Mock Decl. ¶ 8).

At the time service was perfected, Tse spoke in English, understood that he had been served, and asked specific questions about the lawsuit.  (Koel Decl. ¶ 10,  Mock Decl. ¶ 9).  All of the service documents were physically handed to Tse, and contrary to his erroneous contentions, the service documents were not left on an empty receptionist's desk. (Koel Decl ¶ 8,  Mock Decl. ¶ 8).  Peter Mock, a senior examiner with the California Department of Corporations, was present at the time of service and speaks both Mandarin and Cantonese. (Mock Decl. ¶ 11).   Mr. Mock's unambiguous impression of Tse at the time of service was that Mr. Tse was well aware of what was transpiring.  (Id. ¶ 12).

One week after a U.S. Marshal served Pacific Best through Raymond Tse, Pacific Best, along with the other defendants, obtained Lewis Phon, Esq. to appear at the first preliminary

injunction hearing.  (See July 8, 2005 Amended Minute Order).  While the question of service was raised tangentially at this hearing, it is without question that Pacific Best had actual notice of these proceedings.  Another indication that Pacific Best received actual notice of this action is the fact that Pacific Best's overseas employee Lawrence Chi submitted a declaration in support of the defendants' opposition to plaintiffs' preliminary injunction motion, as well as a second declaration in support of the instant motion to dismiss.  (See August 11, 2005 and August 25, 2005 Declarations of Lawrence Chi).  Clearly, Pacific Best received sufficient notice of these proceedings, giving it an opportunity to respond.

### B.        Raymond Tse's Declaration Strains Credulity

The facts establish that plaintiffs properly served all defendants, including Pacific Best, on June 30, 2005.  Pacific Best's argument in favor of dismissal for insufficiency of process rests upon inaccurate facts, and the tenuous credibility of Raymond Tse.  Specifically, Tse's most recent declaration is contradicted squarely by the declaration of Cheryl Koel, a Supervisory Deputy U.S. Marshal.  Marshal Koel has been a supervisor for 13 years, and a Deputy U.S. Marshal for 18 years.  Mr. Tse's declaration is also flatly contradicted by the declaration of Peter Mock, a CPA and Senior Examiner with the State of California, Department of Corporations, Division of Enforcement for 13 years, and a 25 year veteran of the Department of Corporations.

Mr. Tse's declaration in support of Pacific Best's motion to dismiss is set forth, in relevant part, below in bold.  The evidence contradicting his statements is set forth beneath each statement.

**1)  "*Plaintiffs left a copy of some documents at the empty receptionist desk and began to seize documents at NICI's offices.*" (August 25, 2005 Tse Decl. ¶ 4).**

U.S. Marshal Koel did not leave a copy of the pleadings on an empty receptionist desk. (Koel Decl. ¶ 8.)  Rather, Marshal Koel states, under oath, that she *personally handed a copy of the summons, complaint and supporting documents to each defendant,* including Mr. Tse on

Plaintiffs' Opposition to Pacific Best Company Ltd's Motion to Dismiss

behalf of Pacific Best, after determining their respective identities. (*Id*. ¶ 4-6, 8,  Mock Decl. ¶

6). In the case of service on the corporate defendants, after determining that Mr. Tse was willing

to accept service on behalf of the corporate defendants, Koel *handed a separate set of service*

*copies to Tse* for each corporate defendant, including a set for Pacific Best. (Koel Decl. ¶ 5-8,

Mock Decl. ¶ 8).

> **2)  "An NICI employee, questioned plaintiffs as to what was going [sic] and was told that**
> **the documents stacked on the empty receptionist desk were 'self-explanatory.'" (August**
> **25, 2005 Tse Decl. ¶ 5).**

Contrary to Tse's assertion, representatives for the plaintiffs explained that they were

there to serve a lawsuit and execute a statutory restraining order. (Koel Decl. ¶ 5-7, 9).

Documents were handed to defendants, not left on a desk. (Koel Decl. ¶ 8, Mock Decl. ¶ 6,8).

> **3)  "No one at NICI spoke English and plaintiffs did not speak Mandarin or Cantonese."**
> **(August 25, 2005 Tse Decl.  ¶ 6).**

This contention is false, and contradicted by the sworn statements submitted in support of

this opposition.  By Tse's own admission, an NICI employee asked questions of plaintiffs'

representatives.  (August 25, 2005,  Tse Decl. ¶ 5).  Moreover, Tse communicated with Marshal

Koel and plaintiffs' representatives in English ( Koel Decl. ¶ 5-7,10-11, Mock Decl. ¶ 7-9).

Peter Mock, fluent in both Cantonese and Mandarin was also present, and Mr. Tse was aware

that Mock was fluent in Chinese, even speaking to Mock in Chinese. (Mock Decl. ¶ 3, 11, 12).

> **4)  "When serving the documents, plaintiffs did not ask if anyone was an officer, director**
> **or managing agent of Pacific Best and did not ask anyone who was authorized to accept**
> **service for Pacific Best." (August 25, 2005 Tse Decl. ¶ 7).**

Marshal Koel specifically asked if anyone present could accept service on behalf of

Pacific Best; Mr. Tse voluntarily responded in the affirmative.  (Koel Decl. ¶ 6.  Mock Decl. ¶

8).

> **5)  "Plaintiffs never advised anyone at NICI or me what that [sic] documents were that**
> **were being left at the office." (August 25, 2005 Tse Decl. ¶ 8).**

Plaintiffs' Opposition to Pacific Best Company Ltd's Motion to Dismiss

There is no evidence, other than Mr. Tse's self-serving declaration, that documents were "left at the office." To the contrary, several sworn statements in support of plaintiff's papers establish that the service copies were handed to individuals, and the purpose of the documents was explained. (Koel Decl. ¶¶ 8-9; Mock Decl. ¶ 6, 8). Mr. Tse understood that he had been served, asked questions about the lawsuit, and asked to contact a lawyer. (Koel Decl. ¶ 10).

**6)** ***"Although I received the Summons and Complaint on June 30, 2005, I did not understand, and no one told me, that I was being served on behalf of Pacific Best."*** **(August 25, 2005 Tse Decl. ¶ 10).**

As noted above, when attempting service at 300 Montgomery Street, Marshal Koel specifically asked if anyone present could accept service on behalf of Pacific Best; Mr. Tse voluntarily responded in the affirmative. (Koel Decl. ¶ 6; Mock Decl. ¶ 8). No credible evidence has been put forth to contradict the established facts that Tse understood what was going on, had ample opportunity to question the plaintiffs' representatives present in either English or Chinese, and accepted service on behalf of Pacific Best.

It is important to note that the primary reason plaintiffs served Mr. Tse was because *he offered* to accept service on behalf of his employer, Pacific Best. Now, in a self-serving effort to shield Pacific Best, the defendant that possesses most of the customer funds in this case, Mr. Tse claims he does not understand English, was not handed the summons, complaint and accompanying documents and did not understand what was happening. These facts clearly call into question both the credibility of Mr. Tse, as well as the basis for Pacific Best's motion to dismiss for insufficiency of process.

### III. LEGAL ARGUMENT

While the plaintiff has the burden of establishing the validity of service once service is contested, under Federal and California law, the return of service filed by the U.S. Marshal, stating that service has been made, constitutes *prima facie* evidence of the facts stated therein.

5

*Lavino et al. v. Jamison*, 230 F.2d 909, 911-12 (9th Cir. 1956)   In *Lavino*, the Ninth Circuit opined that,

> We think the federal rule as to the weight to be given statements in a sheriff's return is the same as that prevailing in California. Sheriff's returns are documents executed by public officials who normally carry out their duties properly.  It is more convenient to place the burden of going forward with the evidence to show that statements in a return are inaccurate on the party so asserting than to require a sheriff to be called away from his duties in every case.   *Id.*

Pursuant to the Federal Rules, foreign corporations may be served either (1) by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" or (2) in accordance with the law of the state in which the district court is located. Fed. R. Civ. Pro. 4(h) 1.  Rule 4 is a flexible Rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint.  *United Food and Commercial Workers Union Locals 197 et al. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

### A.      Plaintiffs Properly Served Pacific Best In Accordance With Federal Law

Rule 4(h) governs service over domestic and foreign corporations.  *Estate of Hong-Ming Lu et al., v. Primax Wheel Corp.*, 2005 WL 807048 (N.D. Cal. 2005) *1.  Pursuant to 4(h), a plaintiff may serve a corporation by delivering a copy of the summons to an officer, managing or general agent, or to any other authorized agent. *Id.*  Service of process is not limited to officially designated agents, and service made on an individual so integrated with the organization that he will know what to do with the papers is sufficient. *Id.*  Service on an individual who holds a position that indicates authority within the organization generally is sufficient. *Id.*

In *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 687 (9th Cir. 1988) plaintiff effected service on a small company by serving the receptionist at a shared office occupied by defendant and a company related to defendant.  The receptionist was the only employee in the office when the process server arrived. *Id*. The receptionist said no one

6

was available to accept service. *Id*. When the process server asked her who was in charge, she stated that she was the only person in the office. *Id*. According to the defendant contesting service, the receptionist was not even its employee. *Id*. at 688. Finding that the role of the receptionist in the office was more than minimal and that she was so integrated with the organization that she would know what to do with the papers, the court upheld service. *Id*.

In this case, like the *Direct Mail* case, plaintiffs went to the shared office space of defendants Pacific Best and NICI. (Mock Decl. ¶15). Plaintiffs asked if anyone was available to accept service on behalf of Pacific Best, and Pacific Best business manager Raymond Tse stated that he could accept service. (Koel Decl. ¶ 6, Mock Decl. ¶ 8). Tse was handed a copy of the summons, complaint and other papers on behalf of his employer Pacific Best. (Koel Decl. ¶ 8, Mock Decl. ¶ 8). Pacific Best's business manager Raymond Tse clearly played more than a minimal role in the office. As noted above, Tse recruited new investors and employees, trained new employees, solicited new investors, took in investor funds for the stated purpose of opening accounts with Pacific Best, and repeatedly encouraged investors to deposit additional funds with Pacific Best. Bank records and wire instructions previously submitted further support the conclusion that Tse played more than a "minimal" role in the affairs of Pacific Best. (See previously filed August 19, 2005, Mock Decl. ¶ 4 and the documents attached thereto as Exhibit A evidencing wire transfers initiated by Tse totaling $110,000 for the benefit of his employer Pacific Best.).

Moreover, when the Deputy U.S. Marshal serving the summons asked who was in charge, Mr. Tse stated that he was the person in charge. (Koel Decl. ¶ 4; Mock Decl. ¶ 7). All statements and appearances indicated that Tse was in control of the office, and he stayed in the office to oversee plaintiffs' seizure of documents. (Koel Decl. ¶ 11). Thus, it is safe to conclude that, like the receptionist in the *Direct Mail* case, Tse is so integrated with Pacific Best that he

7

"would know what to do with the papers." 840 F.2d 685, 688 (9th Cir. 1988) (See also *Estate of Hong-Ming Lu et al., v. Primax Wheel Corp.*, 2005 WL 807048 (N.D. Cal. 2005) *2) (Service on an office manager found to be service on employee sufficiently integrated into defendant company to know what to do with the papers and that service on defendant through office manager was "fair, reasonable, and just" and provided reasonable notice.)

The facts clearly establish that plaintiffs properly served Pacific Best in accordance with Federal law by serving Pacific Best's business manager Raymond Tse on June 30, 2005.

**B**.     **Plaintiffs Properly Served Pacific Best In Accordance with California State Law**

Fed. R. Civ. Proc. 4(h) provides that alternative service of process may be effected pursuant to applicable state (in this case California) law.  As with Federal law, it is well-settled California authority that, in deciding whether service is valid, the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant. *Pasadena Medi-Center Associates v. Superior Court,* 9 Cal. 3d 773, 778, 511 P.2d 1180 (1973); *Dill v. Berquist Construction Co.,* 24 Cal. App. 4th 1426, 1437, 29 Cal.Rptr.2d 746 (1944).

The California statutory provisions related to service of Pacific Best, California Code of Civil Procedure ("CCP") section 416.10, provides, in pertinent part, as follows:

A summons may be served on a corporation by delivering a copy of the summons and of the complaint:
(a)   To the person designated as agent for service of process….
(b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer of assistant treasurer, a ***general manager***, or a person authorized by the corporation to receive service of process…."
(emphasis added.)

Pacific Best failed to file a certificate of qualification designating a person "upon whom process directed to the corporation may be served within" California in violation of California Corporations Code section 2105; thus service pursuant to CCP section 416.10(a) is not possible.

8

Under CCP 416.10(b) however, Pacific Best was effectively served through the US Marshals Service, by personal hand-delivery of the summons and complaint on Pacific Best business manager and employee Raymond Tse.  Under California law, Tse is a "general manager" for purposes of CCP 416.10.

The California First Appellate District Court in *Gibble v. Car-Lene Research, Inc.,* 67 Cal. App. 4th 295, 78 Cal.Rptr.2d 892 (1998) found effective service under CCP section 416.10 on a "general manager" who was not designated by the corporation to receive service of process, where the manager had authority to interview and hire and fire employees, to authorize payment of their wages, and to conduct the corporation's core business activities in the San Francisco area, apparently without oversight from any other manager or officer of the corporation. "This statutory term, which has not been specifically defined by the Legislature, includes any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Eclipse Fuel etc. Co. v. Superior Court,* 148 Cal. App. 2d 736, 745-746, 307 P.2d 739 (1957); see also *Roehl v. Texas Co.* 107 Cal. App. 691, 704-705, 291 P. 255 (1937).[1]  Implication of authority to be served will be made notwithstanding denial of authority by corporate officers.  *Milbank v Standard Motor* 132 CA 67.*Milbank v Standard Motor Construction* (1933) 132 CA 67, 22 P.2d 271.  Thus

---

[1]  California courts have deemed service sufficient under the following circumstances: when made upon a person in charge of a foreign corporation's ticket office, *Mauser v. Union Pacific RR*, 243 Fed. 295 (1917); when made upon a manager residing and conducting the business of the corporation in California of sufficient rank to justify the conclusion that it was "reasonably certain that the corporation would be notified of the service," *Knapp v Bullock*, 242 Fed. 543, 552-553 (1917); when made upon an employee who worked at an office in California where a substantial portion of a foreign corporation's business was transacted and where the employee managed the foreign corporations business, *Denver & RR v. Roller*, 100 F. 738, 41 C.C.A. 22 (1900); when made upon a manager of a subordinate company, even though not an employee or officer of the foreign corporation, who solicits business for the foreign corporation, *Norton v Atchison Topeka*, 61 Fed 618 (1894); and when made upon an agent who came to California and performed services for the foreign corporation, regardless of how closely these activities were supervised by his foreign employers, *Borgward v Sup Ct.*, 51 Cal.2d 72, 330 P.2d

even if Pacific Best claims that Raymond Tse is not authorized to accept service, his role within the company and his willingness to accept service make him a proper recipient of service.

California case law supports the finding that Tse is of sufficient standing at Pacific Best to constitute "a general manager" for purposes of service. Like the general manager in *Gibble v. Car-Lene Research, Inc.,* 67 Cal. App. 4th 295, 78 Cal.Rptr.2d 892 (1998), and as described above, Raymond Tse was sufficiently involved in Pacific Best's core business activities to be deemed a general manager. Moreover, Raymond Tse's role at Pacific Best, his title as business manager and his business activities on behalf of Pacific Best, along with the fact that he voluntarily stated that he could accept service on behalf of Pacific Best, support a finding that he was of sufficient standing in the company to be deemed a "general manager" for purposes of service under California law.

## IV. CONCLUSION

Plaintiffs effected proper service upon defendant Pacific Best pursuant to both Federal and California state law. Accordingly, plaintiffs respectfully request that this Court deny defendant Pacific Best's motion to dismiss for insufficiency of process. In the alternative, in the event that this Court is inclined to grant defendant Pacific Best's motion, the plaintiffs respectfully request a stay of such an order until such time as sufficient discovery may be conducted on this issue.

789 (1958).

Plaintiffs' Opposition to Pacific Best Company Ltd's Motion to Dismiss

1

2

3

4

5   Dated: September 9, 2005

6

7

8   Respectfully submitted,

9

10

11   _____
    Kevin K. Batteh
12   Trial Attorney
    James H. Holl, III
13   Senior Trial Attorney
    Erin E. Vespe
14   Chief Trial Attorney
    Attorneys for Plaintiff U.S. Commodity
15   Futures Trading Commission

16    /s/ by KKB with permission of EKS
    Wayne Strumpfer
17   Acting California Corporations Commissioner
    Alan S. Weinger
18   Acting Deputy Commissioner
    Edward Kelly Shinnick
19   Corporations Counsel

20
    Attorneys for Plaintiff Commissioner of
21   Corporations of the State of California

22

23

24

25

26

27

28

Plaintiffs' Opposition to Pacific Best Company Ltd's Motion to Dismiss

1

2

3

**CERTIFICATE OF SERVICE**

4

     I hereby certify under penalty of perjury that a true and accurate copy of the foregoing

5

6
Plaintiffs' Opposition to Defendant  Pacific Best's Motion to Dismiss and Plaintiffs' Proposed

7
Order Denying Defendants' Motion to Dismiss were served upon all defendants this 9th day of

8
September, 2005 by Federal Express, next business day delivery at the following addresses:

9
Edward Gartenberg, Esq.

10
Thelen Reid & Priest LLP
333 South Hope Street, Suite 2900

11
Los Angeles, California 90071-3048

12
John W. Cotton, Esq.
Cotton & Gundzik, LLP

13
801 South Figueroa St., 14th Floor

14
Los Angeles, CA 90017

15
Fred Koningsberg, Esq.
One Post Street

16
Suite 2550

17
San Francisco, CA 94104

18
Lewis Phon, Esq.
Law Offices of Lewis Phon

19
350 Sansome Street, Suite 230

20
San Francisco, CA 94104

21

22

23
_____

24
Kevin K. Batteh

25

26

27

28

Plaintiffs' Opposition to Pacific Best Company Ltd's Motion to Dismiss