
Case3:05-cv-02641-JSW Document79 Filed10/28/05 Page1 of 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No.: 05-cv-02641-JSW<br>) |
| NATIONAL INVESTMENT CONSULTANTS, INC., et al., | ) Judge: The Hon. Jeffrey S. White<br>) |
| Defendants, | ) **JOINT CASE MANAGEMENT**<br>) **STATEMENT** |
| and | )<br>) Date: November 4, 2005 |
| THERESA C. WONG, an individual,<br>Relief Defendant. | ) Time: 9:00 a.m.<br>) Dept.: 2<br>)<br>) [Filed Concurrently with [Proposed]<br>) Scheduling Order]<br>) |

**COMES NOW** Plaintiffs, U.S. Commodity Futures Trading Commission (the "Commission") and the Commissioner of Corporations of the State of California ("California") (collectively "Plaintiffs"), and Defendants National Investment Consultants, Inc. ("NICI") Raymond Tse, Flora Zhou, Yi Kerry Xu, Relief Defendant Theresa C. Wong and Specially Appearing Defendant Pacific Best Group Ltd ("Pacific Best"), and hereby submits this Joint Case Management Statement and Proposed Order, pursuant to this Court's Case Management Order

1


JOINT CASE MANAGEMENT STATEMENT (CASE NO. 05-CV-02641 JSW)

filed June 29, 2005 and pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Civil L.R. 16-9 and 16-10.

1. **Basis for Jurisdiction**

Plaintiffs contend that jurisdiction is conferred upon this Court pursuant to 7 U.S.C. § 1 et seq. (2002). Defendants assert as an affirmative defense that this Court does not have subject matter jurisdiction over the foreign exchange contracts at issue in this action.

Specially Appearing Defendant Pacific Best has filed a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12 (b) (5). The motion will be resolved after a hearing on the merits scheduled for November 4, 2005.

There are no issues as to venue. Plaintiffs do not intend to serve additional parties at this time.

2. **Brief Description of the Case and Defenses**

<u>Plaintiffs Claims</u>: Plaintiffs contend that since at least March 2004, defendants South China Investments Inc. acting as a common enterprise with NICI (together the "South China Common Enterprise") and Pacific Best fraudulently solicited and accepted at least $356,500 from at least 9 known retail investors to engage in speculative trading of off exchange foreign currency futures contracts. Plaintiffs contend that investors of which Plaintiffs are aware of to date lost almost all, if not all, of their investment. Plaintiffs further contend that defendants have cheated, defrauded, and deceived customers by, among other practices: a) falsely misrepresenting the profit potential from trading through their business; b) failing to disclose the risk of loss from trading in foreign currency futures contracts through their business; c) failing to disclose the lack of experience of the South China Common Enterprise account executives; and d) failing to disclose the fact that Defendant Zhou was the subject of prior California litigation stemming from similar fraudulent solicitation which resulted in an injunction against her.

Plaintiffs allege that, by offering the foreign currency futures contracts, Defendants the South China Common Enterprise and Pacific Best have violated Section 4(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6(a)(2002). Furthermore, Plaintiffs allege that by making material misrepresentations and omissions, Defendants have engaged, are engaging, or are about to engage in acts and practices that violate the anti-fraud provisions of Section 4(b)(i) and (iii) of the Act, 7 U.S.C.§ 6b(a)(i) and (iii) (2004) and Section 1.1(b)(1) and (3) of the Commission's Regulations, 17 C.F.R. §§ 1.1(b)(1) and (3) (2002) and that Defendants' conduct is also in violation of provisions of the California Commodity Law of 1990 (Cal. Corp Code Sections 29520 and 29536).

Defendants' Defenses: Defendants contend that they did not offer futures contracts in violation of either the Commodity Exchange Act or the California Corporations Code and further contend that they did not make any false misrepresentations. Defendants also contend that, at all times, they advised clients of their risks associated with foreign currency trading; advised clients that their investments were not guaranteed a profit; operated a legitimate business and legitimately traded customer funds through a bank or other authorized foreign exchange registered in Macau.

Related Proceedings: None.

3. **Legal Issues Genuinely In Dispute**

Plaintiffs and Defendants dispute whether the foreign currency contracts were offered by Defendants in violation of either the Commodity Exchange Act or the California Corporations Code. Plaintiffs and Defendants also dispute whether the Defendants fraudulently solicited customers and whether Defendants otherwise employed fraudulent means in connection with the offering of investments in foreign currency.

3

4. **Procedural History**

On June 28, 2005, Plaintiffs filed a complaint for injunctive and other equitable relief and for civil penalties as well as an *ex parte* motion for a preliminary injunction and statutory restraining order. The Court granted Plaintiffs motion for an *ex parte* statutory restraining order on June 29, 2005 and instructed plaintiffs to serve all defendants by June 30, 2005. Plaintiffs contend that they properly served all defendants through the U.S. Marshall's Service on June 30, 2005. Specially Appearing Defendant Pacific Best disputes that service was appropriate.

The Plaintiffs' Motion for a Preliminary Injunction, initially scheduled to be heard on July 8, 2005, was at the request of defendants' counsel continued to August 26, 2005. The Statutory Restraining Order was extended through that date. On August 26, 2005, after submission of written and oral arguments and declarations, this Court granted the Motion for a Preliminary Injunction against defendants National Investments Consultants, South China Investments, Pacific Best Group, and Flora Zhou for violations of various provisions of the Commodity Exchange Act and the California Corporations Code. The Motion was denied as to individual defendants Raymond Tse and Kerry Xu.

Plaintiffs' agreed to an extension of time for defendants to answer the complaint. On August 4, 2005 and August 8, 2005 this Court entered Orders extending the time for defendants to answer the complaint until August 26, 2005. To date all defendants, with the exception of Pacific Best and South China, have filed answers.

Defendant Pacific Best contends that service upon Pacific Best was insufficient and filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) on August 25, 2005. The motion has been briefed and argument is scheduled for November 4, 2005, the same date as the Case Management Conference.

4

JOINT CASE MANAGEMENT STATEMENT (CASE NO. 05-CV-02641 JSW)

Plaintiffs and defendant Flora Zhou reached an agreement with regard to certain frozen funds held in a joint bank account that defendant Zhou contends are her husband's property. On September 27, 2005, a stipulation was filed to partially lift a freeze on the bank account of the husband of defendant Flora Zhou to the extent the account included his separate property.

5. **Summary of Discovery to Date**

The parties have fully complied with the initial disclosure requirements of Fed. R. Civ. P. 26. In addition, the parties have conducted depositions of Plaintiffs' expert Ronald Hobson, Customers Steven Ting, Christina Liang, and Defendant Yi Kerry Xu. Although Defendants noticed the deposition of Customer Renee Ramos, Ms. Ramos failed to appear at her deposition. Defendants are continuing their efforts to depose Ms. Ramos.

The depositions of Defendants Raymond Tse, Theresa Wong and Flora Zhou are scheduled for the second week of January. Plaintiffs have obtained bank records and 12 boxes of documents located in the offices of NICI. No party has served written discovery to date.

6. **Discovery Plan**

Plaintiffs anticipate that depositions will be limited to party defendants and any expert witnesses identified by defendants. Defendants anticipate that depositions will be limited to Customers identified by plaintiffs as well as plaintiff California Department of Corporation's senior examiner Peter Mock.

The parties have tentatively agreed to the following depositions and time frames: Plaintiffs will depose Raymond Tse (5 hours), Flora Zhou (5 hours), Theresa Wong (5 hours); a designated representative of NICI (5 hours), Gordon Rauser (5 hours), and Wei Ming Deng (3 hours).

Plaintiffs will attempt to depose Xiao Jiao (5 hours), a designated representative of Pacific Best (5 hours) and Lawrence Chi (5 hours), however, Defendants do not waive any right

5

to assert jurisdictional objections or any other objections to these depositions. Plaintiffs reserve the right to depose additional witnesses not disclosed in Defendants' Rule 26 Disclosure.

Defendants anticipate deposing Peter Mock (5 hours), all of the customer witnesses identified by plaintiffs in Plaintiffs' Rule 26 Disclosure (3 hours per witness), Renee Ramos (3 hours), Danny Lui (3 hours), and Sylvia Obradovic (3 hours). Defendants reserve their right to depose additional customer witnesses not disclosed in Plaintiffs' Rule 26 Disclosure. Additionally, Plaintiffs have advised Defendants that Ronald Hobson is retiring and, therefore, Plaintiffs may need to utilize another expert witness. If such is the case, then Defendants will depose Plaintiffs' expert witness (5 hours).

Plaintiffs have obtained 12 boxes of documents through the execution of this Court's statutory restraining order and through voluntary production by defendants. Plaintiffs intend to conduct written discovery. Plaintiffs intend to serve Interrogatories, and Document Requests as well as Requests for Admissions to ascertain the nature and extent of foreign currency trading conducted by Defendants, the location of assets and customer funds taken in by Defendants, and the factual basis for defenses asserted by Defendants.

Defendants intend to serve written discovery including Interrogatories and Document Requests requesting Plaintiffs to provide all facts, witnesses and documents in support of Plaintiffs' claims. Defendants also intend to serve Requests for Admission regarding certain factual allegations and legal arguments Plaintiffs have asserted in this action. Defendants deem the following information essential to obtain from Plaintiffs:

1. The basis for Plaintiffs' argument that the contracts at issue consisted of illegal off-exchange futures contracts;

2. The basis for Plaintiffs' fraud claims against the individual Defendants Raymond Tse, Theresa Wong, Yi Kerry Xu and Flora Zhou;

3. The basis for Plaintiffs' fraud claims against the corporate Defendants National Investment Consultants and Pacific Best; and

4. The basis for Plaintiffs' allegation that any Defendant misappropriated any monies. Defendants expect that written discovery will be complete before January, 2006. However, the foregoing discovery plan is based on the parties "good faith" efforts to comply with this Court's Order regarding the Joint Case Management Conference Statement and is based on information currently known to the parties. Both parties reserve the right to depose additional witnesses and to conduct additional discovery to the extent the need arises.

**7.  Further Motions and New Parties**

The parties intend to file motions for summary judgment. Defendants may file a motion for relief from the injunction and freeze order. The parties reserve the right to file all appropriate motions *in limine* to address evidentiary issues as they arise in preparation for trial. At this time Plaintiffs' do not anticipate joining additional parties.

**8.  Relief Sought**

The Commission and the State of California seek restitution, disgorgement, and civil monetary penalties in this action. Restitution is equal to the entire amount collected by the Defendants from customers for the practices alleged in the Complaint, less any refunds provided to customers prior to the institution of this lawsuit. Currently, the Plaintiffs are not aware of the exact amount of trading losses that Plaintiffs contend were suffered by customers of the Defendants. Once further documentation is obtained, the restitution figure will be determined.

The Commission seeks civil monetary penalties in accordance with the Commodity Exchange Act which permits not more than the higher of $120,000 (or $130,000 for each violation occurring on or after October 23, 2004) or triple the monetary gain to Defendants' for each violation of the Commodity Exchange Act and the State of California seeks $25,000 for

each violation of the California Corporate Code Sections 29520 and 29536 as authorized by Section 29544.

Defendants deny that Plaintiffs are entitled to any damages or other relief in this action.

9. **ADR Efforts to Date**

The parties have discussed settlement in some detail. Plaintiffs believe that they will be in a better position to engage in meaningful settlement discussions after the depositions of Raymond Tse and Theresa Wong. Given that Plaintiffs are government entities, and, since this action involves, *inter alia,* a request for injunctive relief, the parties believe that the best ADR option is a Settlement Conference before a Magistrate Judge. There is an ADR conference call scheduled on November 2, 2005, to discuss this option.

10. **Assignment to a Magistrate**

The parties do not consent to assignment of this case to a magistrate judge to conduct all further proceedings.

11. **Proposed Deadlines**

The parties propose the following deadlines:

1. ADR/ Settlement Conference Completion date: **January 31, 2006.**
2. Disclosure of expert or other opinion witnesses: **March 31, 2006.**
3. Close of Discovery: **June 30, 2006.**
4. Hearing on Dispositive Motions: **August 4, 2006.**
5. Filing of pre-trial briefs on all disputed issues of law: **September 8, 2006.**
6. Last Date to "meet and confer" re joint pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material: **September 15, 2006.**
7. Filing of joint final pretrial conference statement and proposed order, lodging exhibits and other trial material including copies of all exhibits etc, filing of jury instructions, voir dire questions, forms of verdict, designated deposition excerpts, interrogatory answers and

9

JOINT CASE MANAGEMENT STATEMENT (CASE NO. 05-CV-02641 JSW)

responses to requests for admission: **September 22, 2006**.

8. "Meet and confer" re objections to receipt of evidence of proposed testimony or exhibits: **October 2, 2006.**

9. Pretrial Conference to consider unresolved objections to proposed testimony and exhibits and hearing on pre-trial motions: **October 13, 2006.**

10. Trial Date: **October 16, 2006.**

The parties anticipate eight to ten days for trial. Defendants have requested a jury trial. Plaintiffs intend to call approximately 14 witnesses. Defendants intend to call approximately 9 witnesses. Plaintiffs estimate they will have approximately 200 exhibits. Defendants estimate they will have approximately 100 exhibits.

**12.   Service List for All Counsel**

| Party | | Counsel | Contact |
|---|---|---|---|
| Plaintiff U.S. Commodity Futures Trading Commission | represented by | Kevin K Batteh | Phone: (202) 418-5636<br>Fax: (202) 418-5523<br>Email: kbatteh@cftc.gov |
| Plaintiff U.S. Commodity Futures Trading Commission | represented by | James H. Holl | Phone: 202-418-5636<br>Fax: 202-418-5538 |
| Plaintiff U.S. Commodity Futures Trading Commission | represented by | Erin E. Vespe | Phone: 202-418-5636<br>Fax: 202-418-5538 |
| Plaintiff The Commissioner of Corporations of the State of California | represented by | Edward Kelly Shinnick | Phone: 415-972-8544<br>Fax: 415-972-8550<br>Email: kshinnic@corp.ca.gov |
| Plaintiff The Commissioner of Corporations of the State of California | represented by | Wayne Strumpfer | Phone: 415-972-8544<br>Fax: 415-972-8550 |
| Plaintiff The Commissioner of Corporations of the State of California | represented by | Alan S. Weinger | Phone: 415-972-8544<br>Fax: 415-972-8550 |

| | | | |
|---|---|---|---|
| Defendant National Investment Consultants, Inc. | represented by | Alexandra Epand | Phone:213-576-8082<br>Fax: 213-576-8080<br>Email:aepand@thelenreid.com |
| Defendant National Investment Consultants, Inc. | represented by | Robert A. Weikert | Phone:415/371-1200<br>Fax: 415-371-1211<br>Email:raweikert@thelenreid.com |
| Defendant South China Investments, Inc. | represented by | Lewis Phon | Phone:(415)421-1234<br>Fax: (415)392-8715<br>Email:phonlaw@sbcglobal.net |
| Defendant Pacific Best Group Ltd. | represented by | Alexandra Epand | Phone:213-576-8082<br>Fax: 213-576-8080<br>Email:aepand@thelenreid.com |
| Defendant Yi Kerry Xu | represented by | John W. Cotton | Phone:213-312-1330<br>Fax: 213-623-6699<br>Email:jcotton@cgllp.com |
| Defendant Run Ping Zhou | represented by | Fred Konigsberg | Phone:415-341-5783<br>Fax: 415-321-7199<br>Email:fskonigsberg@yahoo.com |
| Defendant Run Ping Zhou | represented by | Lewis Phon | Phone:(415)421-1234<br>Fax: (415)392-8715<br>Email:phonlaw@sbcglobal.net |
| Defendant Wei M. Tse | represented by | Alexandra Epand | Phone:213-576-8082<br>Fax: 213-576-8080<br>Email:aepand@thelenreid.com |

| | | | |
|---|---|---|---|
| Defendant Wei M. Tse | represented by | Edward Gartenberg | Phone: 213/576-8000 |
| | | | Fax: 213-576-8080 |
| | | | Email: egartenberg@thelenreid.com |
| Defendant Wei M. Tse | represented by | Robert A. Weikert | Phone: 415/371-1200 |
| | | | Fax: 415-371-1211 |
| | | | Email: raweikert@thelenreid.com |
| Defendant Theresa C. Wong | represented by | Alexandra Epand | Phone: 213-576-8082 |
| | | | Fax: 213-576-8080 |
| | | | Email: aepand@thelenreid.com |
| Defendant Theresa C. Wong | represented by | Edward Gartenberg | Phone: 213/576-8000 |
| | | | Fax: 213-576-8080 |
| | | | Email: egartenberg@thelenreid.com |
| Defendant Theresa C. Wong | represented by | Robert A. Weikert | Phone: 415/371-1200 |
| | | | Fax: 415-371-1211 |
| | | | Email: raweikert@thelenreid.com |

**13.** **All Other Items Set Forth In Civil L.R. 16-10 are Set Addressed Above**

**14.** **Disqualification or Recusal**

The parties are not aware of any person, association, firm, partnership, corporation or other entity that has either: (1) a financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

| | |
|---|---|
| Dated: October 28, 2005 | |
| | By          /s/ <br> KEVIN K. BATTEH <br> JAMES H. HOLL, III <br> Attorneys for Plaintiff <br> U.S. COMMODITY FUTURES TRADING COMMISSION |
| Dated: October 28, 2005 | |
| | By          /s/ <br> EDWARD KELLY SHINNICK <br> WAYNE STRUMPFER <br> ALAN S. WEINGER <br> Attorneys for Plaintiff <br> COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA |
| Dated: October 28, 2005 | COTTON & GUNDZIK, LLP |
| | By          /s/ <br> JOSEPH W. COTTON <br> Attorneys for Defendant <br> YI KERRY XU |
| Dated: October 28, 2005 | |
| | By          /s/ <br> FRED S. KONIGSBERG <br> Attorneys for Defendants <br> RUN PING ZHOU aka FLORA ZHOU and SOUTH CHINA INVESTMENTS, INC. |

Dated: October 28, 2005          THELEN REID & PRIEST LLP

By _____/s/_____
EDWARD GARTENBERG
ALEXANDRA EPAND
ROBERT A. WEIKERT
Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.; WEI M. TSE a.k.a. RAYMOND TSE, and for Relief Defendant THERESA C. WONG and Specially Appearing for Defendant PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation

**I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.**