IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITIES FUTURES TRADING COMMISSION, et al.<br><br>  Plaintiffs,<br><br>  v.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC., et al.<br><br>  Defendants. | No. C 05-02641 JSW<br><br>**ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF SUMMONS AND COMPLAINT** |

Now before the Court is a motion to dismiss brought by Defendant Pacific Best Group, Ltd. ("Pacific Best") for insufficient service of process of the summons and complaint. Having carefully reviewed the parties' papers and considered the relevant legal authority, the Court DENIES Pacific Best's motion. This Court finds this action suitable for determination without oral argument as permitted under the local rules. N.D. Cal. Civ. L. R. 7-1(b).

**BACKGROUND**

Plaintiffs, the United States Commodity Futures Trading Commission (the "Commission") and the Commissioner of Corporations of the State of California ("State of California") (collectively "Plaintiffs"), allege that Defendants National China Investment Consultants, Inc. ("NICI"), Pacific Best, and other individual Defendants were involved in fraudulent trading in foreign currency futures contracts. Plaintiffs attempted to serve all named Defendants on June 30, 2005 at NICI's offices in San Francisco, California. (Koel Decl. ¶ 2.)[1]

---

[1]  Attached as an Exhibit to Plaintiffs' Opposition Brief.

On the morning of June 30, 2005, Plaintiffs arrived at NICI's offices in San Francisco to serve Defendants in the action. (Koel Decl. ¶ 4.) U.S. Deputy Marshal Cheryl Koel was present along with Peter Mock, a senior examiner with the California Department of Corporations. (Koel Decl. ¶ 4.) Prior to serving the Defendants, U.S. Marshal Koel asked to speak to the person in charge. (Koel Decl. ¶ 4.) Raymond Tse ("Tse"), a Pacific Best business manager who works as a consultant out of NICI's office identified himself as being in charge.[2] (Koel Decl. ¶ 4.) According to U.S. Marshal Koel, Tse accepted service of process for himself as an individual Defendant, along with service on Pacific Best's behalf. (Koel Decl. ¶¶ 6, 8.) When U.S. Marshal Koel effectuated service on Pacific Best, through Tse, she states that she handed Tse a copy of the summons, complaint, and other related documents to Pacific Best's service. (Koel Decl. ¶ 8.)

**ANALYSIS**

**A.   Motion to Dismiss for Insufficient Service of Process.**

   **1.   Applicable Legal Standard.**

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service of process can result in dismissal under Federal Rule of Civil Procedure 12(b)(5). To determine whether service of process was proper, courts look to the requirements of Federal Rule of Civil Procedure 4 ("Rule 4"). Plaintiff has the burden of establishing validity of service of process if service is contested; however return of service of process filed by the U.S. Marshal stating service has been made, constitutes prima facie evidence of the facts stated therein. *Lavino et al. v. Jamison*, 230 F.2d 909, 911-12 (9th Cir. 1956).

   **2.   Service of Process Requirements for Foreign Corporations.**

Rule 4 provides that foreign corporations can be served in two ways, either (1) by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) in

---

[2] Pacific Best is a registered corporation in Tortola, British Virgin Islands. Pacific Best asserts its main office is located in Macao, China, along with the majority of its customers. (Oct. 14, 2005 Chi Decl. ¶ 2; Defendant's Motion to Dismiss at 2.)

2

accordance with the law of the state in which the district court is located, in this case California. Fed. R. Civ. P. 4(h). Rule 4 is meant to be construed liberally and in such a way to uphold service as proper so long as a party receives sufficient notice of the complaint. *United Food and Commercial Workers Union Locals 197 et al. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

      a.    **Service of process on Pacific Best was proper under the California Rules of Civil Procedure.**

Pacific Best contends that Tse was not an appropriate employee to receive service of process on the company's behalf under the California Rules of Civil Procedure and, thus, service of process was insufficient under California law. California law provides that a corporation may be served "by delivering a copy of the summons and of the complaint (a) [t]o the person designated as agent for service of process [or] . . . . (b) [t]o the president or the other head of corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process . . . ." Cal. Civ. Proc. Code § 416.10. The California Legislature has not specifically defined the term "general manager" as used within § 416.10. California courts, however, have held that a "general manager" includes an agent of the corporation who "is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." *Eclipse Fuel Engineering Co. v. Superior Court*, 307 P.2d 739, 745 (Cal. 1957); *cf. Gibble v. Car-Lene*, 67 Cal. App. 4th 295, 313 (1998) (finding service of process sufficient on a manager who had authority to interview, hire and fire employees, to authorize payment of employee wages, and to conduct core business on the corporation's behalf without oversight from other managers or officers). To determine whether an employee is a "general manager" for purposes of § 416.10 will "depend on the particular facts involved." *Eclipse*, 307 P.2d at 745.

The facts in the record show Tse was in San Francisco conducting core business for Pacific Best and that he was of sufficient rank and character to be a proper employee to receive service of process for Pacific Best. Tse is a business manager, by title, for Pacific Best. (Aug.

25, 2005 Tse Decl. ¶ 2.)[3] While Pacific Best's main office is located in Macao, China, Tse works autonomously out of NICI's office in San Francisco as a consultant. (*Id.*; Aug. 25, 2005 Chi Decl. ¶ 3; Defendant's Motion to Dismiss at 2.) Pacific Best and NICI do not have a parent/subsidiary relationship with one another; however the companies work closely together due to their contractual business relationship. (Aug. 25, 2005 Chi Decl. ¶ 3; *see* Aug. 25, 2005 Chi Decl., Ex. A.) The two companies executed a service agreement on June 1, 2004 in which NICI acts as a "service agent for [Pacific Best] in introducing clients to trade directly with [Pacific Best]." (Aug. 25, 2005 Chi Decl., Ex. A.) Additionally, on NICI's website, the corporation name reads, "National Investment Consultants, Inc. of Pacific Best Ltd.," and further states NICI is a "communication link" to Pacific Best. (Plaintiffs' Mem. In Supp. of Motion for Ex Parte Stat. Rest. Order, Ex. 1.) Tse's responsibilities in his consultant capacity include interviewing potential employees. (*see* Schueftan Decl., Ex. A.) Once hired, those employees are then asked to invest their own personal funds to begin their career in trading what Plaintiffs allege are foreign currency futures contracts. (*see e.g.*, Aug. 19, 2005 Chen Decl. ¶ 4; Aug. 19, 2005 Duan Decl. ¶ 5; Aug. 19, 2005 Zhu Decl. ¶¶ 4,7.) This work is all done for the benefit of Pacific Best.

Further, Tse has the authority and access to wire funds from NICI and South China Investments, Inc. bank accounts to those accounts of his employer, Pacific Best. (Aug. 19, 2005 Mock Decl. ¶ 4(a).) The record also indicates that Tse is the only Pacific Best employee working out of NICI's office thereby demonstrating Tse's autonomy as a Pacific Best employee. (Aug. 25, 2005 Chi Decl.; Aug. 25, 2005 Tse Decl.) Additionally, at the time service was made on June 30, 2005, Tse claimed to be the person in charge, again demonstrating his level of autonomy and authority as a Pacific Best employee operating out of NICI. (Koel Decl. ¶ 4.)

Accordingly, based on the facts laid out above, the Court finds that Tse is an employee conducting core business for Pacific Best in California and possesses sufficient character and rank within Pacific Best's infrastructure as to be an adequate employee to receive service of

---

[3] Because this is not a Rule 12(b)(6) motion, the Court has considered facts proffered by Pacific Best and Tse in conjunction with the motion for a preliminary injunction, which are a matter of record in this proceeding.

4

process on behalf of his employer. Therefore, this Court concludes that by serving Tse, Pacific Best was properly served under California law.

### b. Service of process on Pacific Best was proper under Rule 4.

Pacific Best also contends that Tse was not an appropriate employee to receive service of process on the company's behalf under Rule 4 and, thus, service of process was insufficient. While Rule 4(h)(1) provides a list of those corporate employees who can be properly served, service of process is not "solely limited to [those] officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Proper service under Rule 4 can also be made "upon a representative [who is] so integrated with the organization that he will know what to do with the papers." *Id.* at 688. Again the determination of whether an individual holds sufficient authority or is "so integrated" in an organization is largely factual. *Id.* In *Direct Mail*, for example, the plaintiff served a receptionist, the only employee present when the process server arrived. *Id.* at 687. The process server asked the receptionist who present was authorized to accept service on behalf of the company and was told that no one was available. *Id.* The process server then served the receptionist with instructions to give the documents to her superiors. *Id.* The court presumed that because the receptionist was the only available individual in the office and the size of the company was small, the receptionist had more than a minimal role in the company and therefore was a proper employee to serve. *Id.*

Pacific Best claims that Tse has no responsibility for its day-to-day operations and therefore is not sufficiently integrated in the organization as to be a proper employee to receive service of process. However, Pacific Best does not deny that it does do business in California, and that business is seeking investors for trading in what Plaintiffs allege are foreign currency futures contracts. Pacific Best sent Tse to NICI's office and permitted him to work with a high degree of autonomy for the organization's benefit. Indeed, Tse appears to have had more authority within Pacific Best's organization than the receptionist in *Direct Mail*.

In light of the facts discussed above, this Court concludes that Tse's position and duties demonstrate that he is sufficiently integrated in Pacific Best's organization to know what to do

5

with the summons and complaint. Therefore under the analysis set forth in *Direct Mail*, by serving Tse, Pacific Best was properly served under Rule 4(h)(1).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss for insufficient service of process. The case management conference set for November 4, 2005 at 9:00 a.m. is moved to November 4, 2005 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: October 31, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California