1  EDWARD GARTENBERG (State Bar No. 102693)
   ALEXANDRA EPAND (State Bar No. 191733)
2  THELEN REID & PRIEST LLP
   333 South Hope Street, Suite 2900
3  Los Angeles, California  90071
   Telephone:  (213) 576-8000
4  Facsimile:  (213) 576-8080
   egartenberg@thelenreid.com
5  aepand@thelenreid.com

6  ROBERT A. WEIKERT (State Bar No. 121146)
   THELEN REID & PRIEST LLP
7  101 Second Street, Suite 1800
   San Francisco, California  94105
8  Telephone:  (415) 371-1200
   Facsimile:  (415) 371-1211
9  raweikert@thelenreid.com

10 Attorneys for Defendants
   NATIONAL INVESTMENT CONSULTANTS, INC.,
11 PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST
   COMPANY LTD, a British Virgin Islands Corporation,
12 WEI M. TSE a.k.a. RAYMOND TSE, and for
13 Relief Defendant THERESA C. WONG

14              UNITED STATES DISTRICT COURT
             NORTHERN DIVISION OF CALIFORNIA
15              SAN FRANCISCO DIVISION

16 U.S. COMMODITY FUTURES TRADING          CASE NO.: 052641  JSW
17 COMMISSION and THE COMMISSIONER OF
   CORPORATIONS OF THE STATE OF            **DEFENDANT PACIFIC BEST GROUP
18 CALIFORNIA,                             LTD, a.k.a. PACIFIC BEST
                                           COMPANY LTD'S ANSWER TO
19              Plaintiffs,                PLAINTIFFS' COMPLAINT**

20        vs.                              **JURY TRIAL DEMANDED**

21 NATIONAL INVESTMENT CONSULTANTS,
   INC, a California corporation, PACIFIC BEST   **Judge:  Hon. Jeffrey S. White**
22 GROUP LTD, a.k.a. PACIFIC BEST COMPANY        **Complaint Filed:  June 29, 2005**
   LTD, a British Virgin Islands Corporation, YI
23 KERRY XU, an individual, RUN PING ZHOU
   a.k.a. FLORA ZHOU, an individual, and WEI M.
24 TSE a.k.a. RAYMOND TSE, an individual,

25              Defendants,

26

27

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

1 
2          And
3     THERESA C. WONG, an individual,
4                    Relief Defendant.
5

## ANSWER

6     Defendant PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a

7     British Virgin Islands Corporation ("Defendant") answers the allegations contained in Plaintiffs'

8     Complaint as follows:

### I. SUMMARY

9

10        1.      Answering paragraph 1 of the Complaint, Defendant denies each and every

11    allegation contained therein.

12        2.      Answering paragraph 2 of the Complaint, Defendant denies that it has made

13    material misrepresentations and/or omissions or that it has engaged in acts or practices in violation

14    of the Commodity Exchange Act's anti-fraud provisions.  The remaining allegations of paragraph

15    2 state legal conclusions to which no answer is required.  To the extent an answer is required,

16    Defendant denies that Plaintiffs have completely or accurately characterized the law.

17        3.      Paragraph 3 of the Complaint states legal conclusions to which no answer is

18    required.  To the extent an answer is required, Defendant denies the allegations of this paragraph

19    of the Complaint.

20        4.      Paragraph 4 of the Complaint states legal conclusions to which no answer is

21    required.  To the extent an answer is required, Defendant denies the allegations of this paragraph

22    of the Complaint.

23        5.      Answering paragraph 5 of the Complaint, Defendant denies each and every

24    allegation contained therein.

### II. JURISDICTION

25

26        6.      Paragraph 6 of the Complaint states legal conclusions to which no answer is

27    required.  To the extent an answer is required, Defendant denies the allegations of this paragraph

28    of the Complaint.

1    7.    Paragraph 7 of the Complaint states legal conclusions to which no answer is

2 required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

3 accurately characterized the law.

4    8.    Paragraph 8 of the Complaint states legal conclusions to which no answer is

5 required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

6 accurately characterized the law.

7    9.    Paragraph 9 of the Complaint states legal conclusions to which no answer is

8 required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

9 accurately characterized the law.

10                   **III.  INTRADISTRICT ASSIGNMENT AND VENUE**

11    10.    Paragraph 10 of the Complaint states legal conclusions to which no answer is

12 required.  To the extent an answer is required, Defendant admits that at least one individual

13 defendant lives in the District, but otherwise Defendant denies the allegations of this paragraph of

14 the Complaint.

15                              **IV.  THE PARTIES**

16          **A.  Plaintiffs**

17    11.    Paragraph 11 of the Complaint states legal conclusions to which no answer is

18 required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

19 accurately characterized the law.

20    12.    Paragraph 12 of the Complaint states legal conclusions to which no answer is

21 required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

22 accurately characterized the law.

23          **B.  Defendants**

24    13.    Answering paragraph 13 of the Complaint, Defendant admits that Pacific Best

25 Group Ltd., a.k.a. Pacific Best Company Ltd. is or was a British Virgin Islands Company with a

26 registered office situated at P.O. Box 957, Offshore Incorporations Centre, Road Town, Tortola,

27 British Virgin Islands.  Defendant further admits that Tse was an employee of Pacific Best and that

28 Pacific Best through NICI opened accounts for customers to trade foreign currency.  Defendant

1  admits that Pacific Best has never been registered with the Commission or the State of California.

2  Except as so admitted, Defendant denies each and every allegation contained in Paragraph 13.

3      14.    Answering paragraph 14 of the Complaint, Defendant admits that National

4  Investment Consultants, Inc., was incorporated in California on February 2, 2004 and has its

5  principal place of business at 300 Montgomery Street, Suite 660, in the City and County of San

6  Francisco.  Defendant admits that NICI's website is located at www.nationalinv.com and that the

7  website stated that NICI was "the communication link between customers and Pacific Best

8  Company Ltd."  Defendant admits that NICI has never been registered with the Commission or the

9  State of California.  Except as so admitted, Defendant denies each and every allegation contained

10  in Paragraph 14.

11      15.    Answering paragraph 15 of the Complaint, Defendant admits that South China

12  Investments, Inc., was incorporated in California on November 9, 2000 and had its principal place

13  of business at 300 Montgomery Street, Suite 730, in the City and County of San Francisco.

14  Defendant lacks sufficient information or knowledge as to the remainder of the allegations

15  contained in paragraph 15 and, on that basis denies the allegations set forth in Paragraph 15 of the

16  Complaint.

17      16.    Answering paragraph 16 of the Complaint, Defendant is informed and believes, and

18  therefore, on this basis, admits the allegation that Xu is a California resident and that she was an

19  employed as an account executive with NICI for a period of time.  As to the remainder of the

20  allegations contained in paragraph 16 of the Complaint, Defendant lacks sufficient knowledge or

21  information to form a belief as to their truth or falsity, and on that basis denies the remainder of the

22  allegations contained in paragraph 16.

23      17.    Answering paragraph 17 of the Complaint, Defendant is informed and believes, and

24  therefore, on this basis, admits the allegation that Zhou is a California resident.  As to the

25  remainder of the allegations contained in paragraph 17 of the Complaint, Defendant lacks

26  sufficient knowledge or information to form a belief as to their truth or falsity, and on that basis

27  denies the remainder of the allegations contained in paragraph 17, except to the extent Exhibit A to

28  Plaintiffs' Complaint speaks for itself.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)

1       18.    Answering paragraph 18 of the Complaint, Defendant is informed and believes, and

2   therefore, on this basis, admits the allegation that Tse is a California resident and his last known

3   address is 88 Howard Street #809, San Francisco, California.  Defendant admits that Tse has never

4   been registered with the Commission or the State of California.  Except as so admitted, Defendant

5   denies each and every allegation contained in Paragraph 18.

6       **C. Relief Defendant**

7       19.    Answering paragraph 19 of the Complaint, Defendant is informed and believes, and

8   therefore, on this basis, admits the allegation that Wong is a California resident and that her last

9   known address is 88 Howard Street #809, San Francisco, California.  Defendant admits that Wong

10  has never been registered with the Commission or the State of California.  Except as so admitted,

11  Defendant denies each and every allegation contained in paragraph 19.

12      **V.  FACTUAL BACKGROUND**

13      20.    Answering paragraph 20 of the Complaint, Defendant admits that Tse was an

14  employee of Pacific Best and that Pacific Best, through NICI, opened accounts for customers to

15  trade foreign currency.  Except as so admitted, Defendant denies each and every allegation

16  contained in Paragraph 20.

17      21.    Answering paragraph 21 of the Complaint, Defendant denies each and every

18  allegation contained therein.

19      22.    Answering paragraph 22 of the Complaint, Defendant admits that NICI's website is

20  located at www.nationalinv.com and that the website stated that NICI was "the communication

21  link between customers and Pacific Best Company Ltd" and also stated that NICI has over 30

22  years of management and trading experience.  Except as so admitted, Defendant denies each and

23  every allegation contained in Paragraph 22.

24      23.    Answering paragraph 23 of the Complaint, Defendant denies each and every

25  allegation contained therein.

26      24.    Answering paragraph 24 of the Complaint, Defendant admits that NICI placed

27  advertisements for employment in the *Sing Tao* newspaper.  Except as so admitted, Defendant

28  denies each and every allegation contained in Paragraph 24.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

- 5 -

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)

25.     Answering paragraph 25 of the Complaint, Defendant admits that employees and/or agents of NICI, included persons who became employees and/or agents of NICI, are or were provided with training on how to trade foreign currency.  Except as so admitted, Defendant denies each and every allegation contained in Paragraph 25.

26.     Answering paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

27.     Answering paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

28.     Answering paragraph 28 of the Complaint, Defendant lacks sufficient information and knowledge and on that basis deny each and every allegation contained therein in their entirety.

29.     Answering paragraph 29 of the Complaint, Defendant admits that employees of NICI are provided with training on how to trade foreign currency.  Except as so admitted, Defendant denies each and every allegation contained in Paragraph 29 in their entirety.

30.     Answering paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31.     Answering paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32.     Answering paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33.     Answering paragraph 33 of the Complaint, Defendant admits that Tse received a check for $20,000 from a customer.  Except as so admitted, Defendant denies each and every allegation contained in Paragraph 33 in their entirety.

34.     Answering paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

35.     Answering paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

- 6 -

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)

1     36. Answering paragraph 36 of the Complaint, Defendant lacks sufficient knowledge or

2   information to form a belief as to their truth or falsity, and on that basis denies each and every

3   allegation contained in paragraph 36.

4     37. Answering paragraph 37 of the Complaint, Defendant lacks sufficient knowledge or

5   information to form a belief as to their truth or falsity, and on that basis denies each and every

6   allegation contained in paragraph 37.

7     38. Answering paragraph 38 of the Complaint, Defendant denies each and every

8   allegation contained therein.

9     39. Answering paragraph 39 of the Complaint, Defendant denies each and every

10  allegation contained therein.

11    40. Paragraph 40 of the Complaint states legal conclusions to which no answer is

12  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

13  accurately characterized the law.

14    41. Paragraph 41 of the Complaint states legal conclusions to which no answer is

15  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

16  accurately characterized the law.

17    42. Paragraph 42 of the Complaint states legal conclusions to which no answer is

18  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

19  accurately characterized the law.

20    43. Paragraph 43 of the Complaint states legal conclusions to which no answer is

21  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

22  accurately characterized the law.

23    44. Answering paragraph 44 of the Complaint, Defendant admits that Wong shares an

24  address with Tse and that she was employed as an accountant for Pacific Best.  Except as so

25  admitted, Defendant denies each and every allegation contained in Paragraph 44 in their entirety.

26    45. Answering paragraph 45, which merely incorporates other paragraphs of the

27  Complaint by reference, Defendant refers to and incorporate, by this reference paragraphs 1

28  through 44, of this Answer, as though set forth here.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

46.     Paragraph 46 of the Complaint states legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations of this paragraph of the Complaint.

47.     Paragraph 47 of the Complaint states legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations of this paragraph of the Complaint.

48.     Answering paragraph 48, which merely incorporates other paragraphs of the Complaint by reference, Defendant refers to and incorporates by this reference paragraphs 1 through 47, of this Answer, as though set forth here.

49.     Answering paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

50.     Answering paragraph 50 of the Complaint, Defendant denies each and every allegation contained therein.

51.     Answering paragraph 51, which merely incorporates other paragraphs of the Complaint by reference, Defendant refers to and incorporates by this reference paragraphs 1 through 50, of this Answer, as though set forth here.

52.     Answering paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

53.     Answering paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

54.     Answering paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein in their entirety.

55.     Answering paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56.     Answering paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

- 8 -

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)

1       57.     Answering paragraph 57, which merely incorporates other paragraphs of the

2  Complaint by reference, Defendant refers to and incorporates by this reference paragraphs 1

3  through 57, of this Answer, as though set forth here.

4       58.     Paragraph 58 of the Complaint states legal conclusions to which no answer is

5  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

6  accurately characterized the law.

7       59.     Paragraph 59 of the Complaint states legal conclusions to which no answer is

8  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

9  accurately characterized the law.

10       60.     Paragraph 60 of the Complaint states legal conclusions to which no answer is

11  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

12  accurately characterized the law.

13       61.     Paragraph 61 of the Complaint states legal conclusions to which no answer is

14  required.  To the extent an answer is required, Defendant denies the allegations of this paragraph

15  of the Complaint.

16       62.     Answering paragraph 62 of the Complaint, Defendant denies each and every

17  allegation contained therein.

18       63.     Answering paragraph 63, which merely incorporates other paragraphs of the

19  Complaint by reference, Defendant refers to and incorporates by this reference paragraphs 1

20  through 62, of this Answer, as though set forth here.

21       64.     Paragraph 64 of the Complaint states legal conclusions to which no answer is

22  required.  To the extent an answer is required, Defendant denies that Plaintiffs have completely or

23  accurately characterized the law.

24       65.     Answering paragraph 65 of the Complaint, Defendant denies each and every

25  allegation contained therein.

26       66.     Answering paragraph 66 of the Complaint, Defendant denies each and every

27  allegation contained therein.

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

- 9 -

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)

67.     Answering paragraph 67 of the Complaint, Defendant denies each and every allegation contained therein.

68.     Answering paragraph 68 of the Complaint, Defendant denies each and every allegation contained therein.

## RELIEF REQUESTED

69.     Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety.  Defendant further requests that this Court Order plaintiffs to remove all references to Defendant from their public and/or internal websites and to post this Court's Order on its website.

## GENERAL DENIAL

Any and all allegations of the Complaint not herein above expressly admitted, denied, or otherwise answered are hereby denied.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Commodity Exchange Act)

The entire Complaint, and each cause of action thereof, is barred because Defendant did not engage in any conduct in violation of the Commodity Exchange Act.

### THIRD AFFIRMATIVE DEFENSE
### (California Corporations Code)

The entire Complaint, and each cause of action thereof, is barred because Defendant did not engage in any conduct in violation of any provisions of the California Corporations Code.

### FOURTH AFFIRMATIVE DEFENSE
### (Exemption)

The entire Complaint, and each cause of action thereof, is barred because Defendant's conduct was exempt from regulation under the Commodity Exchange Act and California Corporations Code.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)

1

**FIFTH AFFIRMATIVE DEFENSE**
**(Due Process)**

2

Plaintiffs' conduct herein violated Defendant's Due Process Rights.

3

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Jurisdiction)**

4

5    The entire Complaint, and each cause of action thereof, is barred because Plaintiffs do not

6    have jurisdiction over the foreign exchange contracts at issue in this action.

7

**SEVENTH AFFIRMATIVE DEFENSE**
**(Mistake)**

8

9    To the extent, if any, that Defendant is otherwise liable under the Complaint, Defendant is

10   excused by reason of mistake of fact and/or law.

11

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of *Scienter*)**

12

13   The Complaint alleges violations which require a showing of *scienter*, but fails to

13   demonstrate any such *scienter* on the part of Defendant.

14

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Additional Defenses)**

15

16   Defendant presently has insufficient knowledge or information on which to form a belief as

17   to whether it has additional, as yet unstated, affirmative defenses available.  Defendant therefore

18   reserves its right to assert additional defenses rendered appropriate by further discovery or

19   investigation.

20   WHEREFORE, Defendant prays for judgment as follows:

21   • That Plaintiffs take nothing by way of the Complaint;

22   • For Defendant's costs of suit;

23   • For Defendant's attorneys' fees if and to the extent permitted by law; and

24   ///

25   ///

26   ///

27   ///

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641 JSW)

1    For such other and further relief as this Court may deem just and proper in the

2    circumstances.

3

4    Dated:  November __, 2005          THELEN REID & PRIEST LLP

5

6                                      By _____

7                                         EDWARD GARTENBERG
                                          ALEXANDRA EPAND
8                                         ROBERT A. WEIKERT
                                          Attorneys for Defendants
9                                         NATIONAL INVESTMENT CONSULTANTS, INC.,
                                          PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST
10                                        COMPANY LTD, a British Virgin Islands Corporation,
                                          WEI M. TSE a.k.a. RAYMOND TSE, and for
11                                        Relief Defendant THERESA C. WONG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #378630 v1

DEFENDANT PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD'S ANSWER TO
PLAINTIFFS' COMPLAINT  (CASE NO 052641  JSW)