| | |
|---|---|
| 1 | EDWARD GARTENBERG (State Bar No. 102693) |
| | ALEXANDRA EPAND (State Bar No. 191733) |
| 2 | THELEN REID & PRIEST LLP |
| | 333 South Hope Street, Suite 2900 |
| 3 | Los Angeles, California 90071 |
| | Telephone: (213) 576-8000 |
| 4 | Facsimile: (213) 576-8080 |
| | egartenberg@thelenreid.com |
| 5 | aepand@thelenreid.com |
| 6 | |
| | ROBERT A. WEIKERT (State Bar No. 121146) |
| 7 | THELEN REID & PRIEST LLP |
| | 101 Second Street, Suite 1800 |
| 8 | San Francisco, California 94105 |
| | Telephone: (415) 371-1200 |
| 9 | Facsimile: (415) 371-1211 |
| | raweikert@thelenreid.com |
| 10 | Attorneys for Defendants |
| | NATIONAL INVESTMENT CONSULTANTS, INC., |
| 11 | And WEI M. TSE a.k.a. RAYMOND TSE, and for |
| | Relief Defendant THERESA C. WONG, |
| 12 | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DIVISION OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA, | CASE NO.: 052641 JSW |
| | Assigned to Hon. Jeffrey S. White |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANT PACIFIC BEST GROUP LTD., a.k.a. PACIFIC BEST COMPANY LTD.; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| NATIONAL INVESTMENT CONSULTANTS, INC, a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a. FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual, | |
| Defendants, | [FILED CONCURRENTLY WITH SUPPORTING DECLARATION] |

LA #392936 v2  037264-2                     -1-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF
RECORD FOR DEFENDANT PACIFIC BEST GROUP; MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| and<br><br>THERESA C. WONG, an individual,<br><br>Relief Defendant. | IF NO OPPOSITION IS FILED, THELEN REID & PRIEST LLP REQUESTS THAT THE COURT RULE WITHOUT ORAL ARGUMENT<br><br>Date: May 12, 2006<br>Time: 9:00 a.m.<br>Dept.: 2<br><br>Complaint filed: June 28, 2005<br>Trial Date: October 30, 2006 |

TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE THAT on May 12, 2006, at 9:00 a.m. in the above captioned court, located at 450 Golden Gate Avenue, San Francisco, California, Edward Gartenberg, Robert Weikert and Alexandra Epand will and hereby do move for this Court to order relieving them and their firm of Thelen Reid & Priest LLP (collectively "Thelen Reid") as attorneys of record for Defendant Pacific Best Group Ltd., a.k.a. Pacific Best Company Ltd., a British Virgin Islands Corporation ("Pacific Best").

The grounds for the motion are that: (1) an actual conflict has arisen between Pacific Best and defendant Wei Man Tse a.k.a. Raymond Tse, and (2) Pacific Best has failed to cooperate with counsel and has made it unreasonably difficult for counsel to proceed.

Subject to the limitations imposed by attorney-client privilege, the factual basis for the grounds for this motion are all set forth in the Declaration of Edward Gartenberg, which is served with this motion.

**Pacific Best is also hereby notified as follows**:

Pacific Best is not permitted to appear *pro se* (without an attorney) before the Court in this matter. (Northern District Local Rule § 3-9(b).) If Thelen Reid's motion is granted by the Court, failure to obtain new counsel to represent Pacific Best **may result in Pacific Best's default being entered and judgment being rendered against it.**

The client, Pacific Best, is being served with this motion in the best possible manner by

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

LA #392936 v2 037264-2 -2-
NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANT PACIFIC BEST GROUP; MEMORANDUM OF POINTS AND AUTHORITIES

1  mail and facsimile service to Pacific Best's last known address and facsimile number.  Thelen
2  Reid has communicated with Pacific Best at this facsimile number as recently as earlier this
3  month.   If this motion is granted, Pacific Best may be served with notices and papers at:  fax
4  number **011-852-2370-8307** and P.O. Box 9321, Taipa, Macau.

5      This motion is based on the pleadings and papers on file in this action, the attached Notice
6  of Motion, the accompanying Memorandum of Points and Authorities, the declaration of Edward
7  Gartenberg and whatever evidence and argument is presented at the hearing of this motion.

8      If no opposition is filed, Thelen Reid requests that the Court rule without oral argument.  A
9  proposed order is filed herewith.

Dated:  March 28, 2006          THELEN REID & PRIEST LLP

By  *[signature]*
EDWARD GARTENBERG
ALEXANDRA EPAND
ROBERT A. WEIKERT
Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS,
INC.; WEI M. TSE a.k.a. RAYMOND TSE, and for
Relief Defendant THERESA C. WONG

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #392936 v2  037264-2                -3-
NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF
RECORD FOR DEFENDANT PACIFIC BEST GROUP; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Good cause exists to allow Thelen Reid & Priest LLP ("Thelen Reid") to withdraw as counsel of record for defendant Pacific Best Group Ltd., a.k.a. Pacific Best Company Ltd., a British Virgin Islands Corporation ("Pacific Best"), because an actual conflict has arisen between Pacific Best and defendant Wei Man Tse a.k.a. Raymond Tse ("Tse") and Thelen Reid cannot continue to represent Pacific Best in this action. Further, Pacific Best has failed to cooperate with an essential aspect of the attorney-client relationship.

### II. GOOD CAUSE EXISTS TO ALLOW THELEN, REID & PRIEST TO WITHDRAW AS COUNSEL OF RECORD FOR PACIFIC BEST

California Rules of Professional Conduct ("CRPC"), Rule 3-700(B)(2) prohibits an attorney from continuing to represent multiple clients in a matter where such representation would result in violation of the Rules of Professional Conduct. CRPC Rule 3-310(C)(1) further prohibits an attorney from concurrently representing, without the written consent of each client, multiple clients in a matter in which their interests potentially conflict. Northern District Local Rule 11-5 permits withdrawal by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Such notice is being provided here. (N.D. L.R. 11-5(a).)

The California Rules of Professional Conduct and the ABA Code of Professional Responsibility also permit an attorney appearing as counsel of record for a party to withdraw from the representation where a client's conduct makes it "unreasonably difficult for the attorney to carry out the employment effectively." (Rules Prof. Conduct, rule 3-700(C)(1)(d); ABA Code of Professional Responsibility Rules 2-110(C)(1)(d) and (f); see also *Model Rules of Professional Conduct* 1.16(b) (4), (5), (6).)

In most cases, the determination whether to grant or deny a motion to withdraw as counsel lies within the sound discretion of the trial court (*Manfredi & Levine v. Superior Court*(1968) 66 Cal.App.4th 1128, 1133), and an attorney should usually be permitted to withdraw. (*People v.*

LA #392936 v2 037264-2 -4-

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANT PACIFIC BEST GROUP; MEMORANDUM OF POINTS AND AUTHORITIES

*Prince* (1968) 268 Cal.App.2d 398, 406-407.) Where there is a conflict, the lawyer *must* withdraw. (Rule Prof. Conduct, rule 3-700(B)(2) and 3-310(C).

### A. A Conflict Has Arisen Between Pacific Best And Defendant Wei Man Tse A.K.A Raymond Tse.

There is no agreement between Thelen Reid and Pacific Best, nor an agreement between all defendants, that would waive the current conflict of interest between Pacific Best and Mr. Tse, and that would provide that Thelen Reid is to act as counsel of record for all defendants. As stated in the Declaration of Edward Gartenberg, an actual conflict between Pacific Best and Mr. Tse has arisen and Thelen Reid cannot continue to represent both. Gartenberg Decl., ¶ 4. *California Rule of Prof. Conduct* Rule 3-700(B)(2) and 3-310(C)(1) provides that a lawyer *must* withdraw when there is a conflict of interest.

### B. Pacific Best Has Failed To Cooperate With An Essential Aspect Of The Attorney-Client Relationship.

In this case, Thelen Reid should also be permitted to withdraw because despite Thelen Reid's best efforts, Pacific Best has failed to provide certain cooperation which has made it unreasonably difficult for Thelen Reid to continue its representation of Pacific Best. (See, *Statue of Liberty-Ellis Island Foundation, Inc. v. Intl. United Industries, Inc* (S.D.N.Y. 1986) 110 F.R.D. 395, 397 (firm permitted to withdraw where client had not cooperated with the firm or paid for it services); *Solomon v. Solomon* (N.Y. App. 1991) 172 A.D.2d 1081, 1082 (counsel permitted to withdraw where client failed to comply with request to complete necessary forms.)

Upon good cause shown and notice to the client, an attorney may withdraw by obtaining leave of the Court. (N.D. L. R. 11-5(a).) A client's failure to cooperate with an essential aspect of the attorney-client relationship constitutes good cause for an attorney to withdraw. (*See International Business Advisors, Ltd. v. Payless Drugstores Northwest, Inc.* 27 U.S.P.Q.2d 1053, 1054 (N.D. Cal. 1993).) The court in the case of *Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.,* 110 F.R.D. 395 (S.D.N.Y. 1986), granted the motion of counsel to be relieved on the grounds that the client had failed to cooperate with counsel.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #392936 v2  037264-2                    -5-
NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANT PACIFIC BEST GROUP; MEMORANDUM OF POINTS AND AUTHORITIES

In the present matter, Pacific Best has failed to cooperate with regard to an essential aspect of the attorney-client relationship.

### C. Pacific Best Has Ample Opportunity To Locate New Counsel Sufficiently In Advance Of Trial.

No prejudice to Pacific Best will arise if Pacific Best is required to find new counsel at this stage.

First, Pacific Best has time to obtain separate counsel who can represent them in this matter.

Second, there is no discovery pending directed to Pacific Best, nor are there pending motions. Gartenberg Decl., ¶ 8.

Third, discovery will not close until June 30, 2006, and the case is not scheduled to proceed to trial until October 30, 2006.

Fourth, well in advance of this motion, counsel has also provided Pacific Best with notice that, absent a substitution of counsel, Thelen Reid would move to terminate its representation. Pacific Best has been advised that, as a corporate entity, it must hire a new attorney immediately because corporations may not appear *pro se* in federal court.[1] Pacific Best has further been advised that, unless it locates new counsel, it could be subject to default or other liabilities. Gartenberg Decl., ¶ 6. In addition, this Motion serves as notice to all other parties who have appeared in this action as required by Local Rule 11-5.

Consequently, Pacific Best is aware of the necessity of obtaining new counsel and there is ample time for Pacific Best to locate new counsel to represent it in this matter. Thus, Pacific Best will not be prejudiced by the withdrawal of Thelen Reid as counsel of record.

---

[1] The ban on corporate self-representation does not prevent the court from granting an attorney's motion to withdraw as counsel of record, *even where the corporation would be left without representation* as a result. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284, 111 Cal.Rptr.2d 439, 444, fn. 5.)

### III. CONCLUSION

Based on the foregoing, Thelen Reid respectfully requests that it be relieved as counsel of record for Pacific Best in this matter.

Dated: March 28, 2006

THELEN REID & PRIEST LLP

By *Edward Gartenberg* (signature)
EDWARD GARTENBERG
ALEXANDRA EPAND
ROBERT A. WEIKERT
Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.; WEI M. TSE a.k.a. RAYMOND TSE, and for Relief Defendant THERESA C. WONG

LA #392936 v2  037264-2                 -7-

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANT PACIFIC BEST GROUP LTD., a.k.a. PACIFIC BEST COMPANY LTD.; MEMORANDUM OF POINTS AND AUTHORITIES  (Case No. 052641 JSW)