EDWARD GARTENBERG (State Bar No. 102693)
ALEXANDRA EPAND (State Bar No. 191733)
THELEN REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 576-8000
Facsimile: (213) 576-8080
egartenberg@thelenreid.com
aepand@thelenreid.com

ROBERT A. WEIKERT (State Bar No. 121146)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211
raweikert@thelenreid.com

Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.,
And WEI M. TSE a.k.a. RAYMOND TSE, and for
Relief Defendant THERESA C. WONG,

# UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC, a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a. FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual,<br><br>Defendants, | CASE NO.: 052641 JSW<br><br>Assigned to Hon. Jeffrey S. White<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANTS NATIONAL INVESTMENT CONSULTANTS INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA WONG; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FILED CONCURRENTLY WITH SUPPORTING DECLARATION] |

LA #398987 v1 037264-2                    -1-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANTS NATIONAL INVESTMENT CONSULTANTS INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA WONG.; MEMO.OF POINTS AND AUTHORITIES

and

THERESA C. WONG, an individual,

Relief Defendant.

Date: June 23, 2006
Time: 9:00 a.m.
Dept.: 2

Complaint filed: June 28, 2005
Trial Date: October 30, 2006

TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE THAT on June 23, 2006, at 9:00 a.m. in the above captioned court, located at 450 Golden Gate Avenue, San Francisco, California, Edward Gartenberg, Robert Weikert and Alexandra Epand will and hereby do move for this Court to order relieving them and their firm of Thelen Reid & Priest LLP (collectively "Thelen Reid") as attorneys of record for National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong.

The grounds for the motion are that: (1) an actual conflict has arisen between defendants National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong, and (2) Defendants have failed to cooperate with an essential aspect of the attorney-client relationship.

Subject to the limitations imposed by attorney-client privilege, the factual basis for the grounds for this motion are all set forth in the Declaration of Edward Gartenberg, which is served with this motion.

**Defendants are also hereby notified as follows**:

If Thelen Reid's motion is granted by the Court, failure to obtain new counsel to represent you **may result in your default being entered and judgment being rendered against it.** Furthermore, National Investment Consultants, Inc., is not permitted to appear *pro se* (without an attorney) before the Court in this matter. (Northern District Local Rule § 3-9(b).)

The clients, National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong, are being served with this motion in the best possible manner by Mail, facsimile and e-mail service to National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong's last known address, facsimile number and email address. Thelen Reid has communicated with National Investment Consultants, Inc., Wei Man Tse and

LA #398987 v1 037264-2   -2-

1  Relief Defendant Theresa Wong at this email address as recently as earlier this month. If this motion is granted, National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong may be served with notices and papers at: [NEED EMAIL ADDRESSES]

This motion is based on the pleadings and papers on file in this action, the attached Notice of Motion, the accompanying Memorandum of Points and Authorities, the declaration of Edward Gartenberg and whatever evidence and argument is presented at the hearing of this motion.

If no opposition is filed, Thelen Reid requests that the Court rule without oral argument. A proposed order is filed herewith.

Dated: May 15, 2006         THELEN REID & PRIEST LLP


By _____
EDWARD GARTENBERG
ALEXANDRA EPAND
ROBERT A. WEIKERT
Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.; WEI M. TSE a.k.a. RAYMOND TSE, and for Relief Defendant THERESA C. WONG

LA #398987 v1 037264-2                -3-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANTS NATIONAL INVESTMENT CONSULTANTS INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA WONG.; MEMO.OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Good cause exists to allow Thelen Reid & Priest LLP ("Thelen Reid") to withdraw as counsel of record for defendants National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong because an actual conflict has arisen between these defendants and Thelen Reid cannot continue to represent them in this action. Further, defendants have failed to cooperate with an essential aspect of the attorney-client relationship.

## II. GOOD CAUSE EXISTS TO ALLOW THELEN, REID & PRIEST TO WITHDRAW AS COUNSEL OF RECORD FOR NATIONAL INVESTMENT CONSULTANTS, INC., WEI MAN TSE AND RELIEF DEFENDANT THERESA WONG

California Rules of Professional Conduct ("CRPC"), Rule 3-700(B)(2) prohibits an attorney from continuing to represent multiple clients in a matter where such representation would result in violation of the Rules of Professional Conduct. CRPC Rule 3-310(C)(1) further prohibits an attorney from concurrently representing, without the written consent of each client, multiple clients in a matter in which their interests potentially conflict. Northern District Local Rule 11-5 permits withdrawal by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Such notice is being provided here. (N.D. L.R. 11-5(a).)

In most cases, the determination whether to grant or deny a motion to withdraw as counsel lies within the sound discretion of the trial court (*Manfredi & Levine v. Superior Court* (1968) 66 Cal.App.4th 1128, 1133), and an attorney should usually be permitted to withdraw. (*People v. Prince* (1968) 268 Cal.App.2d 398, 406-407.) Where there is a conflict, the lawyer *must* withdraw. (Rule Prof. Conduct, rule 3-700(B)(2) and 3-310(C).

### A. A Conflict Has Arisen Between National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong.

There is no agreement between Thelen Reid and defendants that would waive the current conflict of interest between National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong, and that would provide that Thelen Reid is to act as counsel of record

LA #398987 v1 037264-2

-4-

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANTS NATIONAL INVESTMENT CONSULTANTS INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA WONG.; MEMO.OF POINTS AND AUTHORITIES

for all defendants. As stated in the Declaration of Edward Gartenberg, an actual conflict between National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong has arisen and Thelen Reid cannot continue to represent these parties. Gartenberg Decl., ¶ 4. *California Rule of Prof. Conduct* Rule 3-700(B)(2) and 3-310(C)(1) provides that a lawyer *must* withdraw when there is a conflict of interest.

This conflict arose after Plaintiffs filed this suit and after the Court entered the Statutory Restraining Order and Preliminary Injunction. Recently, Plaintiffs have advised that they intend to seek a contempt order against some or all of Thelen Reid's current clients. This revelation has created a conflict between amongst all Defendants represented by Thelen Reid.[1] There is simply no method of resolving these conflicts.

**B. National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong Have Failed To Cooperate With An Essential Aspect Of The Attorney-Client Relationship.**

In this case, Thelen Reid should also be permitted to withdraw because National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong have failed to [NEED FACTS RE NON-PAYMENT]. (See, *Statue of Liberty-Ellis Island Foundation, Inc. v. Intl. United Industries, Inc* (S.D.N.Y. 1986) 110 F.R.D. 395, 397 (firm permitted to withdraw where client had not cooperated with the firm or paid for it services); *Solomon v. Solomon* (N.Y. App. 1991) 172 A.D.2d 1081, 1082 (counsel permitted to withdraw where client failed to comply with request to complete necessary forms.) In the case of *Darby v. City of Torrance*, 810 F. Supp. 275 (C.D. Cal. 1992), the Court stated that as a matter of course "it is true that the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw . . . ." Such failure also constitutes a breach of the attorney-client fee agreement. Cal. Rules of Prof. Conduct, 3-700(C)(1)(f).

Upon good cause shown and notice to the client, an attorney may withdraw by obtaining leave of the Court. (N.D. L. R. 11-5(a).) A client's failure to cooperate with an essential aspect of

---

[1] Thelen Reid has advised all parties that due to this new conflict, Thelen Reid's clients are in the process of seeking new counsel to represent them in this action.

LA #398987 v1 037264-2 -5-

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANTS NATIONAL INVESTMENT CONSULTANTS INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA WONG.; MEMO.OF POINTS AND AUTHORITIES

the attorney-client relationship constitutes good cause for an attorney to withdraw. (*See International Business Advisors, Ltd. v. Payless Drugstores Northwest, Inc.* 27 U.S.P.Q.2d 1053, 1054 (N.D. Cal. 1993).) The court in the case of *Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.,* 110 F.R.D. 395 (S.D.N.Y. 1986), granted the motion of counsel to be relieved on the grounds that the client had failed to cooperate with counsel.

### C. Defendants Have Ample Opportunity To Locate New Counsel Sufficiently In Advance Of Trial.

No prejudice to Pacific Best will arise if National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong are required to find new counsel at this stage.

First, National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong have time to obtain separate counsel who can represent them in this matter.

Second, there is no discovery pending directed to National Investment Consultants, Inc., Wei Man Tse or Relief Defendant Theresa Wong, nor are there pending motions. Gartenberg Decl., ¶ 8.

Third, discovery will not close until June 30, 2006, and the case is not scheduled to proceed to trial until October 30, 2006.

Fourth, well in advance of this motion, counsel has also provided National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong with notice that, absent a substitution of counsel, Thelen Reid would move to terminate its representation. National Investment Consultants, Inc. has been advised that, as a corporate entity, it must hire a new attorney immediately because corporations may not appear *pro se* in federal court.[2] Defendants have further been advised that, unless it locates new counsel, it could be subject to default or other liabilities. Gartenberg Decl., ¶ 6. In addition, this Motion serves as notice to all other parties who have appeared in this action as required by Local Rule 11-5.

---

[2] The ban on corporate self-representation does not prevent the court from granting an attorney's motion to withdraw as counsel of record, *even where the corporation would be left without representation* as a result. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284, 111 Cal.Rptr.2d 439, 444, fn. 5.)

LA #398987 v1 037264-2 -6-
NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING WITHDRAWAL OF COUNSEL OF RECORD FOR DEFENDANTS NATIONAL INVESTMENT CONSULTANTS INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA WONG.; MEMO.OF POINTS AND AUTHORITIES

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

Consequently, National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong are aware of the necessity of obtaining new counsel and there is ample time for Pacific Best to locate new counsel to represent it in this matter. Thus, National Investment Consultants, Inc., Wei Man Tse and Relief Defendant Theresa Wong will not be prejudiced by the withdrawal of Thelen Reid as counsel of record.

**III. CONCLUSION**

Based on the foregoing, Thelen Reid respectfully requests that it be relieved as counsel of record for Pacific Best in this matter.

Dated: May 15, 2006

THELEN REID & PRIEST LLP

By _____
EDWARD GARTENBERG
ALEXANDRA EPAND
ROBERT A. WEIKERT
Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.; WEI M. TSE a.k.a. RAYMOND TSE, and for Relief Defendant THERESA C. WONG