EDWARD GARTENBERG (State Bar No. 102693)
ALEXANDRA EPAND (State Bar No. 191733)
THELEN REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 576-8000
Facsimile: (213) 576-8080
egartenberg@thelenreid.com
aepand@thelenreid.com

ROBERT A. WEIKERT (State Bar No. 121146)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211
raweikert@thelenreid.com

Attorneys for Defendants
NATIONAL INVESTMENT CONSULTANTS, INC.,
And WEI M. TSE a.k.a. RAYMOND TSE, and for
Relief Defendant THERESA C. WONG,

## UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC, a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, an individual, RUN PING ZHOU a.k.a. FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual,<br><br>Defendants, | CASE NO.: 052641 JSW<br>Assigned to Hon. Jeffrey S. White<br><br>**DECLARATION OF EDWARD GARTENBERG IN SUPPORT OF MOTION ALLOWING WITHDRAW OF COUNSEL OF RECORD FOR NATIONAL INVESTMENT CONSULTANTS, INC., WEI MAN TSE a.k.a RAYMOND TSE and RELIEF DEFENDANT THERESA C. WONG** |

| | |
|---|---|
| And<br><br>THERESA C. WONG, an individual,<br><br>Relief Defendant. | Date: June 23, 2006<br>Time: 9:00 a.m.<br>Dept.: 2<br><br>Complaint filed: June 28, 2005<br>Trial Date: October 30, 2006 |

I, EDWARD GARTENBERG, hereby declare:

1. I am a member of law firm of Thelen Reid & Priest LLP ("Thelen Reid"), counsel of record in the above matter for defendants NATIONAL INVESTMENT CONSULTANTS, INC. ("NICI"), PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation ("Pacific Best"), WEI M. TSE a.k.a. RAYMOND TSE ("Tse") and Relief Defendant THERESA WONG ("Wong"). I am the partner with primary responsibility for litigation of this matter on behalf of the foregoing defendants. I have personal knowledge of the facts set forth herein and, if called as a witness in this matter, I could and would competently testify thereto under oath. I submit this Declaration in support of Thelen Reid's Motion for Order Allowing Withdrawal As Counsel of Record for NICI, Tse and Wong.

2. My law firm was employed to represent Pacific Best, NICI, Tse and Wong in this action by a written agreement.

3. For the reasons set forth below, Thelen Reid respectfully requests that the Court grant it leave to withdraw as counsel of record of Pacific Best in the above-captioned action.

**Conflict**

4. Factors have arisen that I believe permit Thelen Reid to seek the Court's authorization to be relieved as counsel for Pacific Best. Among other reasons, I believe that withdrawal is appropriate because a conflict has arisen which impedes Thelen Reid's ability to continue to act as counsel for NICI, Tse and Wong. While I believe an actual conflict exists between defendants, at a minimum, there is a potential conflict between these parties.

5. Plaintiffs have advised that they intend to seek a contempt order against some or all of Thelen Reid's current clients. After learning of this information, I made certain inquiries which

LA #399132 v1 037264-2 -2-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

DECLARATION OF EDWARD GARTENBERG IN SUPPORT OF MOTION
ALLOWING WITHDRAW OF COUNSEL OF RECORD FOR PACIFIC BEST

demonstrated a conflict amongst Defendants represented by Thelen Reid. I am not satisfied that a written waiver can resolve these conflicts.

### Unreasonable Difficulty for Counsel to Proceed

6. I also believe that withdrawal is permissible under CRPC 3-700(C)(1)(d) which permits withdrawal where a client has made it unreasonably difficult for counsel to proceed because Pacific Best has failed to cooperate with counsel.

7. The defendants are not, and for some time have not, been current in paying their legal fees. Despite requests, Defendant have failed to come current on their outstanding bills.

### No Prejudice Will arise By Granting This Motion

8. In advance of this motion, NICI, Tse and Wong have been provided notice that absent a substitution of counsel, counsel would move to terminate its representation. I have for some time requested that NICI, Tse and Wong locate and substitute new counsel to replace Thelen Reid. I have also advised NICI that corporations may not appear *pro se* in federal court. NICI has been made aware that, unless it locates new counsel, it could be subject to default or other liabilities.

9. While I have discussed substitution with potential new counsel and/or substitution in pro per for the individuals, to date, I have not been advised that NICI, Tse and/or Wong have obtained new counsel.

10. There is no current discovery pending directed to NICI, Tse or Wong, nor are there any motions pending. The trial date is October 31, 2006, which is more than five months away. No prejudice should arise by reason of the granting of this motion.

11. Thelen Reid deferred filing this motion last month because of ongoing settlement negotiations. Given the current status of these negotiations, I do not believe that this motion

1 | should be further deferred.

2 |     I declare under penalty of perjury under the laws of the United States, that the foregoing is

3 | true and correct.

4 |     Executed this 15th day of May, 2006, at New York, New York.

5

6 |                                                Edward Gartenberg

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #399132 v1 037264-2              -4-

DECLARATION OF EDWARD GARTENBERG IN SUPPORT OF MOTION
ALLOWING WITHDRAW OF COUNSEL OF RECORD