IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. COMMODITY FUTURES TRADING
COMMISSION ET AL,

    Plaintiff,

v.

NATIONAL INVESTMENT
CONSULTANTS, INC., et al.,

    Defendants.

No. C 05-02641 JSW

**ORDER CONDITIONALLY
GRANTING THELEN REID AND
PRIEST LLP'S MOTION TO
WITHDRAW AS COUNSEL**

    This matter comes before the Court upon consideration of Thelen Reid and Priest LLP's ("Thelen") motion to withdraw as counsel for Defendant Pacific Best Group LTD, a/k/a Pacific Best Company Ltd. ("Pacific Best"). Plaintiffs, the United States Commodity Futures Trading Commission and the Commissioner of Corporations of the State of California oppose the motion. Pacific Best has not submitted an opposition to the motion. The Court has reviewed the parties' papers and relevant legal authority and has had the benefit of oral argument.

    The Court finds that good cause exists to warrant Thelen's request to withdraw from representing Pacific Best based on its representations that an actual conflict has arisen between Pacific Best and individual defendant Raymond Tse, which has not been waived, and on Thelen's representations that Pacific Best is not cooperating in this litigation. However, Pacific Best is a corporation and cannot represent itself. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); Civil Local Rule 3-9(b). Nor has Pacific Best filed a substitution of counsel, despite having notice of Thelen's motion to withdraw.

Where, as here, withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel, leave to withdraw may be subject to the condition that papers continue to be served on counsel unless and until the client appears by other counsel.  *See* Civ. L.R. 11-5(b) (stating that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel . . . leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel).

Therefore, the Court conditionally GRANTS Thelen's motion to withdraw with respect to Pacific Best upon the condition that the withdrawal will not be effective until June 30, 2006, or until substitute counsel makes an appearance, whichever occurs sooner.  Any documents pertaining to this action will continue to be served on Thelen for forwarding purposes until June 30, 2006, or until substitute counsel has entered an appearance.

Because a corporation cannot represent itself, Pacific Best must file a substitution of attorney by no later than June 30, 2006.  Pacific Best is admonished that failure to retain substitute counsel may result in the Court entering a judgment against it.

Thelen is HEREBY ORDERED to serve this Order upon Pacific Best, by no later than June 2, 2006, and file proof of such service with the Court by June 5, 2006.

**IT IS SO ORDERED.**

Dated: May 26, 2006

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE