**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No.:  05-cv-02641-JSW |
| NATIONAL INVESTMENT CONSULTANTS, INC., et al., | ) ) Judge:   The Hon. Jeffrey S. White |
| Defendants, | ) ) |
| and | ) ) |
| THERESA C. WONG, an individual, | ) ) |
| Relief Defendant. | ) ) ) ) |

(Proposed)
**CONSENT ORDER OF PERMANENT INJUNCTION AND**
**OTHER EQUITABLE RELIEF AGAINST DEFENDANTS PACIFIC BEST**
**GROUP LTD, NATIONAL INVESTMENT CONSULTANTS, INC, WEI MAN TSE,**
**RUN PING ZHOU, YI KERRY XU AND RELIEF DEFENDANT THERESA WONG**

On June 28, 2005 Plaintiffs, U.S. Commodity Futures Trading Commission

("Commission") and the Commissioner of Corporations for the State of California ("State of

California") filed a Complaint for permanent injunction and other relief, and moved pursuant to

Section 6c and 6d of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. § 13a-1 and §

13a-2 (2002), for a Statutory Restraining Order and Preliminary Injunction freezing the assets of

the Defendants, Pacific Best Group, Ltd. a.k.a. Pacific Best Company, Ltd. ("Pacific Best"),

National Investment Consultants, Inc. ("NICI"), South China Investments, Inc.("South

China"),Wei Man Tse a.k.a. Raymond Tse, Run Ping Zhou a.k.a. Flora Zhou a.k.a Flora Giorgi,

and Yi "Kerry" Xu (collectively, "Defendants"), prohibiting the Defendants from destroying any

business records, books or documents, and alleging that Relief Defendant Theresa Wong

1

received ill-gotten gains.

On June 29, 2005, a statutory restraining order was entered as to all Defendants.  On August 26, 2005, this Court granted in part and denied in part Plaintiffs' Motion for a Preliminary Injunction enjoining Defendants Pacific Best, NICI, South China, and Flora Zhou from certain violations of provisions of the Act and the California Corporations Code and continued the asset freeze as to these Defendants.

**I.**

**CONSENTS AND AGREEMENTS**

1.   In order to dispose of all the allegations and issues raised in the complaint in this action and to effect a full and final settlement of the alleged violations of federal and California state law without a trial on the merits or further judicial proceedings, Defendants and Relief Defendant Wong consent to the entry of this Consent Order of Permanent Injunction and Other Relief Against Defendants Pacific Best, NICI, Raymond Tse, Flora Zhou, and Kerry Xu (the "Order").

2.   Defendants admit that this Court has jurisdiction over them and the subject matter of this action.

3.   Defendants admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2002).

4.   In addition, Defendants waive: (a) all claims which they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat. 862-63, and Part 148 of the Commission's Regulations, 17 C.F.R. §§ 148.1 et seq., to seek costs, fees and other expenses relating to, or arising from, this action; (b) the entry of findings of fact and conclusions of law in this action as provided by Rule 52 of the Federal Rules of Civil Procedure, except as provided below in

2

Section II; (c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (d) all rights of appeal from this Order.

5.   By consenting to the entry of this Order, Defendants neither admit nor deny any of the findings made in this Order or the allegations contained in the Complaint except as to jurisdiction and venue, which Defendants admit.  However, Defendants agree, and the parties to this Order intend, that the allegations of the Complaint and all of the Findings of Fact made by this Court and contained in Section II of this Order shall be taken as true and correct and be given preclusive effect without further proof, in any proceeding in bankruptcy relating to the Defendants or to enforce the terms of the Order.  Defendants also shall provide immediate notice of any bankruptcy filed by, on behalf of, or against any of them in the manner required by Section IV, paragraph 4 of this Order.

6.   Defendants agree that neither they nor any of their agents or employees shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in the Order or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall effect Defendants' (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission or the State of California is not a party.  Defendants shall take all necessary steps to ensure that all of their agents and employees understand and comply with this agreement.

7.   Defendants agree that they have read this Order and agree to this Order voluntarily and that no threat or promise, other than as contained herein, has been made by the Commission, the State of California or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order.

3

8.   Defendants consent to the continued jurisdiction of this Court, in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Order.

9.   The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay.  The Court therefore directs the entry of findings of fact, conclusions of law and a permanent injunction and ancillary equitable relief pursuant to Sections 6c and 6d of the Act, 7 U.S.C. § 13a-1 (2002), as set forth herein.

## II.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. FINDINGS OF FACT**

**The Parties**

1.   The Act and the Commodity Futures Trading Commission's Regulations ("Regulations"), 17 C.F.R. § 1.1 et seq. (2005) establish a comprehensive system for regulating the purchase and sale of commodity futures contracts and options on commodity futures contracts.

2.   The Commissioner of Corporations of the State of California, through Wayne Strumpfer, Acting Commissioner, is empowered by legislative enactment to protect the people of California from unlawful commodity and securities transactions and activities.

3.   Pacific Best  is a British Virgin Islands Company whose registered office is situated at P.O. Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.  Pacific Best has transacted business within and from California directly and through South China and NICI in San Francisco, California, and through various individuals, including

4

but not limited to the individual Defendants Xu, Zhou and Tse.  Pacific Best has never been registered with the Commission in any capacity.

4.   NICI, incorporated in California on February 2, 2004, has its principal place of business at 300 Montgomery Street, Suite 660, in the City and County of San Francisco. NICI has never been registered with the Commission in any capacity.

5.   South China, incorporated in California on November 9, 2000, had its principal place of business at 300 Montgomery Street, Suite 730, in the City and County of San Francisco.  Though South China is now defunct, South China and NICI have or had employees and customers in common.  South China was never registered with the Commission in any capacity.

6.   Yi Kerry Xu, an individual, was a customer and an account manager for South China and later, NICI.  She has never been registered with the Commission in any capacity.

7.   Run Ping Zhou a.k.a. Flora Zhou, an individual, was a manager and President of South China.  Zhou was also employed by NICI. Zhou was a defendant in a similar state court action filed by the State of California, *The People of the State of California v. Y&T, Inc d.b.a. Tokyo International Investment, Ltd., et al*., Cal. Superior Court Case No. 310839 (March 2000) (the "prior California litigation"). The prior California litigation resulted in an injunction against Zhou prohibiting her from engaging in, among other things, the conduct complained about in this matter.  She has never been registered with the Commission in any capacity.

8.   Wei M. Tse, a.k.a. Raymond Tse, an individual, was a manager of Pacific Best. He has never been registered with the Commission in any capacity.

9.   Relief Defendant Theresa C. Wong, an individual, was employed by NICI.  Wong received funds from Defendant NICI unrelated to any purportedly legitimate services she provided to Defendant NICI. Wong has never been registered with the Commission in any capacity.

5

**Defendants' Sales Solicitations**

10. Prior to the formation of NICI, South China introduced customers to Pacific Best for the purpose of trading in foreign currency contracts that were actually futures contracts.  In or around February 2004, South China ceased operations.  NICI thereafter introduced customers to Pacific Best for the purpose of trading in foreign currency contracts that were actually futures contracts.

11. Since at least March 2004, Defendants South China and/or NICI and Pacific Best focused particularly on potential investors in the San Francisco Chinese community by placing ads in the "Employment/Job Opportunity," classified section of the Chinese language newspaper Sing Tao Daily in San Francisco, California.  The ads in the Sing Tao Daily offered employment/job opportunities with promises of health insurance, good pay and a professional work environment to persons who speak Chinese (Mandarin or Cantonese).

12. Defendants South China  and/or NICI and Pacific Best, through their officers, employees and agents, including individual defendants, Flora Zhou and Raymond Tse, provided persons responding to the ads training on how to trade foreign currency and solicited trainees to invest funds and trade themselves.

13. At least forty-five (45) retail customers invested and lost over $1,781,500 with Defendants South China and/or NICI and Pacific Best.

14. In training and soliciting customers to invest with South China, NICI and Pacific Best, Defendants made material misrepresentations and/or omissions concerning the profitability of foreign currency trading, the risk of loss involved in foreign currency trading, the experience of the account executives, and/or the prior California litigation against defendant Zhou.

15. Defendants acting with scienter made these, false, material misrepresentations and/or omissions concerning foreign currency trading in order to induce people to invest with the

South China Common Enterprise and Pacific Best.

16. Pacific Best, South China, and NICI customers relied on the foregoing misrepresentations and/or omissions.

**The Foreign Currency Futures Transactions**

17. Defendants South China, NICI and Pacific Best offered foreign currency futures contracts to members of the retail public.  The foreign currency contracts marketed by the Defendants South China, NICI and Pacific Best were standardized contracts for the purchase or sale of commodities for future delivery at prices or using pricing formulas that were established at the time the contracts were initiated, and could be fulfilled through offset, cancellation, cash settlement or other means to avoid delivery.

18. Defendants South China, NICI and Pacific Best did not conduct their foreign currency futures transactions on or subject to the rules of a board of trade that has been designated or registered by the Commission as a contract market or a derivatives transaction execution facility for such commodity.

**B.     CONCLUSIONS OF LAW**

1.   Section 2(c)(2)(B)(i) and (ii) of the Act provides that the Commission shall have jurisdiction over an agreement, contract or transaction in foreign currency that is a sale of a commodity for future delivery, so long as the contract is "offered to, or entered into with, a person that is not an eligible contract participant," and "the counterparty, or the person offering to be the counterparty," is not one of the regulated entities enumerated in Section 2(c)(2)(B)(ii)(I-VI).

2.   Section 1a(12)(A)(xi) of the Act defines an eligible contract participant as an individual who has total assets in excess of: (a) $10 million; or (b) $5 million and who enters the transaction to manage the risk associated with an asset owned or a liability incurred, or

reasonably likely to be owned or incurred.  In short, the Commission does not have jurisdiction over transactions with eligible contract participants.  However, the Commission does have jurisdiction over transactions with ordinary retail customers who are not eligible contract participants, assuming those transactions are conducted with an entity other than an appropriate counterparty, or were conducted with certain appropriate counterparties and involve fraud. Almost all if not all of the foreign currency transactions alleged herein were offered to or entered into with ordinary retail customers who did not qualify as eligible contract participants.

3.   Pursuant to Section 2(c)(2)(B)(ii), a company may legally act as a counterparty to a retail customer in transacting foreign currency business only if the company is specifically identified in Section 2(c)(2)(B)(ii) (I-IV) as an appropriate counterparty. None of the Defendants qualifies as an appropriate counterparty specifically identified in Section 2(c)(2)(B)(ii) (I-IV).

4.   The Commission therefore has jurisdiction under Section 2(c)(2)(B)(ii) of the Act over transactions conducted by Pacific Best and the South China Common Enterprise with retail customers.

5.   The State of California has jurisdiction over the transactions conducted by Pacific Best and the South China Common Enterprise with retail customers as authorized by California Code Sections 29540 and 29544 and as permitted pursuant to Section 12(e) of the Act, 7 U.S.C. § 16e(2004) over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.   This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

7.   Venue properly lies with this Court pursuant to Section 6c of the Act.

8.   This Court has personal jurisdiction over the Defendants, who acknowledge service of the Complaint and consent to the Court's jurisdiction over them.

9.   The Commission, the State of California and the Defendants have agreed to this Court's retention of continuing jurisdiction over each of them for the purpose of enforcing the terms of this Order.

**Defendants' Conduct Violates Sections 4b(a)(2)(i) and (iii) of the Act and Commission Regulations 1.1(b)(1) and (3) and California Corporations Code Section 29536**

10. By the conduct set forth above, Defendants have violated Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i) and (iii)(2002) and Commission Regulations 1.1 (b) (1) and (3), 17 C.F.R. §§ 1.1(b)(1) and (3)(2005) and California Code Section 29536 by (1) making misrepresentations, misleading statements and/or omissions (2) that were material (3) with scienter.

**Defendants Pacific Best NICI and South China's  Foreign Currency Futures Transactions Violate Section 4(a) of the Act**

11. Defendants Pacific Best, South China and NICI violated Section 4(a) of the Act, 7 U.S.C. § 6(a)(2005), by among other things, offering to enter into, entering into, executing, confirming the execution of, or conducting any office or business anywhere in the United States, its territories or possessions, for the purpose of soliciting or accepting any order for, or otherwise dealing in, any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery when: (1) such transactions have not been conducted on or subject to the rules of a board of trade which has been designated or registered by the Commission as a contract market or derivatives transaction execution facility for such commodity; (2) such contracts have not been executed or consummated by or through a contract market; and (3) such contracts were not evidenced by a record in writing which shows the date, the parties to such

contract and their addresses, the property covered and its price, and the terms of delivery as required by Section 4(a) of the Act.

12. In offering their foreign currency contracts, Defendants have also violated California Corporations Code Section 29520.

13. Under the totality of the circumstances, there is a reasonable likelihood of future violations of the Act and Regulations and California law by the Defendants. Therefore, a permanent injunction should issue in this action.

14. Under the totality of the circumstances, and based upon principles of equity, there is good cause for entry of an order directing the Defendants to make restitution to customers, and barring each of them from registering, trading, soliciting customers or engaging in an investment advisory business, as specifically set forth below.

15. There is good cause for entry of an order requiring the Defendants to pay a civil monetary penalty.

**III.**

<u>**ORDER FOR PERMANENT INJUNCTION, RESTITUTION AND CIVIL MONETARY PENALTY**</u>

**A.    INJUNCTION**

The Defendants shall be permanently restrained, enjoined and prohibited from directly or indirectly,

1.      engaging in conduct in violation of Section 4(b)(i) and (iii)of the Act, 7 U.S.C.§ 6b(a)(i) and (iii)(2004) and § 1.1(b)(1) and (3) of the Commission's Regulations, 17 C.F.R. §§1.1(b)(1) and (3)(2002) by, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for (a) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped, or

received in interstate commerce for the fulfillment thereof,

    a.    cheating or defrauding or attempting to cheat or defraud other persons; and

    b.    willfully deceiving or attempting to deceive other persons;

2.    engaging in conduct in violation of Section 4(a) of the Act, 7 U.S.C. §§ 6(a)(2002) and California Corporations Code section 29520 by  offering to enter into, entering into, executing, confirming the execution of, or conducting any office or business anywhere in the United States, its territories or possessions, for the purpose of soliciting or accepting any order for, or otherwise dealing in, any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery (other than a contract which is made on or subject to the rules of a board of trade, exchange, or market located outside the United States, its territories or possessions) unless—(1) such transaction is conducted on or subject to the rules of a board of trade which has been designated or registered by the Commission as a contract market or derivatives transaction execution facility for such commodity;(2) such contract is executed or consummated by or through a contract market; and(3) such contract is evidenced by a record in writing which shows the date, the parties to such contract and their addresses, the property covered and its price, and the terms of delivery;

3.    engaging in conduct in violation of California Corporation Code Section 29536 by, in connection with the purchase or sale of, the offer to sell, the offer to purchase, the offer to enter into, or the entry into, a commodity, commodity contract, or commodity option doing any of the following:

    a.    willfully employing any device, scheme, or artifice to defraud.

    b.     willfully making any false report, enter any false record, make any untrue statement of a material fact, or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

    c.    willfully engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon any persons.

    d.     willfully misappropriating or converting the funds, security, or property of any other person; and

4.    Defendants are permanently restrained, enjoined and prohibited from

11

directly or indirectly:

       a.       trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. Section 1a(29);

       b.       soliciting, receiving, or accepting any funds in connection with the purchase or sale of any futures contract or option on a futures contract;

       c.       selling or purchasing, or offering to sell or purchase, any commodity under any commodity contract or under any commodity option, or offering to enter into, or entering into, as seller or purchaser any commodity contract or any commodity option, unless such activity is expressly excepted from prohibition under Sections 29530, 29531, or 29532 of the California Corporations Code.

       d.       applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 (a)(9) (2004), or acting as a principal, agent, officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 (a)(9) (2004).  This includes, but is not limited to, soliciting, accepting, or receiving any funds, revenue or other property from any other person, giving commodity trading advice for compensation, except as provided for in Regulation 4.14 (a)(9), 17 (a)(9) (2004), or soliciting prospective customers, related to the purchase or sale of commodity futures, security futures, options on commodity futures contracts, foreign currency futures, options on foreign currency futures or options on foreign currency; or,

.

       e.       entering into any transaction in commodity futures or options for their own personal account, for any account in which they have a direct or indirect interest, and having any commodity interests traded on their behalf.

       5. The injunctive provisions of this Consent Order shall be binding upon the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendants and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active

concert or participation with the Defendants.

**B. RESTITUTION**

6.   Subject to the paragraphs below, Defendants are Ordered to make restitution, to customers in the total amount of $1,781,500 (the "Restitution Total").

a.      All Defendants are jointly and severally liable for payment of the Restitution Total to customers, provided that the joint and several liability of each of the following person or entity is capped at the amount of restitution listed for that person or entity below (the "Caps"):

| | |
|---|---|
| Raymond Tse: | $ 150,000 |
| Flora Zhou: | $ 150,000 |
| Yi Kerry Xu: | $   20,000 |

b.      The foregoing Caps are separate and not cumulative.  Should the specified restitution Cap amount be satisfied for any individual Defendant, that individual Defendant is thereafter released fully from making any further restitution.  However, satisfaction of the restitution Cap by one individual Defendant will not be credited toward satisfaction of the restitution obligation of any other individual Defendant.  By way of example, if Defendant Zhou pays $150,000 toward restitution, Defendant Tse's restitution obligation would still be $150,000 and it would not be offset by Zhou's payment of $150,000.

c. Relief Defendant Theresa Wong is Ordered to disgorge $18,500.  This payment shall be distributed as restitution in accordance with paragraph D (10), and this payment shall offset the total restitution amount, but shall not offset the restitution obligation of any individual Defendant.

13

**C.  CIVIL MONETARY PENALTIES**

7.      Subject to the paragraphs below, and pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), Defendants shall pay to the Commission the following civil monetary penalties:

| | |
|---|---|
| Pacific Best: | $100,000 |
| NICI: | $100,000 |
| Raymond Tse: | $ 82,000 |
| Flora Zhou: | $ 65,500 |

8.   Pursuant to California Corporate Code Sections Section 29544 Defendants shall be liable for the following State of California civil monetary penalties.

| | |
|---|---|
| Pacific Best: | $ 20,000 |
| NICI: | $ 20,000 |
| Raymond Tse: | $ 18,000 |
| Flora Zhou: | $ 13,000 |

9.      Interest shall be due and owing on any amounts not paid at the times specified in paragraph D(13), but no interest will accrue on payments timely made.  Interest after the dates set forth in paragraph D(13) of this Order until the civil monetary penalty is paid in full shall be paid at the post-judgment interest rate set forth in 28 U.S.C. § 1961. Defendants shall pay such civil monetary penalties by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, under cover of a letter that identifies Defendant and the name and docket number of the proceeding; Defendant shall simultaneously transmit a copy of the cover letter and the form of payment to

the Director, Division of Enforcement, Commodity Futures Trading Commission, at the

following address:  1155 21st Street, NW, Washington, D.C.  20581 and to Edward Kelly

Shinnick, Esq. Department of Corporations for the State of California at the following address:

71 Stevenson Street, Ste 2100 San Francisco CA 94105-2908.  All payments of the civil

monetary penalty shall be paid to the United States Treasury and the Department of Corporations

for the State of California as set forth above.

**D.  PAYMENT OF RESTITUTION AND CIVIL MONETARY PENALTY**

10. To effect payment by Defendants and distribution of restitution to customers, the

Court appoints Daniel Driscoll of the National Futures Association as Monitor ("Monitor").  The

Monitor shall collect restitution payments from Defendants.  The Monitor shall make payment to

customers pursuant to a distribution plan approved by the Court.  The Plaintiffs shall submit the

proposed distribution plan to the Court for approval within 30 days after the Initial Cash

Payment is to be made by Defendants.  As the Monitor is not being specially compensated for

these services, and these services are outside the normal duties of the Monitor, he shall not be

liable for any action or inaction arising from his appointment as Monitor, other than actions

involving fraud.

11.     Restitution payments under this Order shall be made to the National Futures

Association ("NFA") by electronic funds transfer, or by release of funds which have been

previously frozen in connection with this action or by electronic funds transfer, U.S. postal

money order, certified check, bank cashier's check, or bank money order, made payable to the

Pacific Best/ National Investment Consultants Settlement Fund and sent to Daniel Driscoll,

Monitor, National Futures Association, 200 W. Madison St., #1600, Chicago, IL 60606-3447

under a cover letter that identifies the Defendants and the name and docket number of the

proceeding.  Defendants shall simultaneously transmit a copy of the cover letter and the form of payment to Gregory Mocek, Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581 and to Edward Kelly Shinnick, Corporations Counsel, Enforcement Division,, Department of Corporations at the following address: 71 Stevenson Street, Suite 2100, San Francisco, California, 94105-2908. The NFA shall oversee Defendants' restitution obligation and shall make periodic distributions of funds to investors as appropriate.  Based upon the amount of funds available, the NFA may defer distribution until such time as it deems appropriate.  Restitution payments shall be made in an equitable fashion as determined by the NFA and consistent with the distribution plan approved by the Court.

12.     All sums collected from or on behalf of any particular Defendant(s) and Relief Defendant Theresa Wong pursuant to this Order will first go to pay the restitution obligation of that particular Defendant and then to pay the civil monetary penalty obligation of that particular Defendant.   Any acceptance by the Plaintiffs of partial payment of  restitution and/or civil monetary obligations provided for in this Order (the "Restitution and Penalties") , shall not be deemed a waiver of Defendant or Relief Defendant Wong's obligation to make further payments pursuant to this Order, or a waiver of the Plaintiffs' right to seek to compel payment of any remaining balance.

13.     Payment of  Restitution and Penalties shall be made as follows:

a.     Upon entry of this Order, all assets frozen pursuant to this Court's June 30, 2005 Statutory Restraining Order ("frozen assets,") with the exception of the accounts held in the name of Run Ping Zhou and/or Albert Giorgi (the "Zhou Accounts") shall be provided to the Monitor as provided in Section IV, Paragraph 6 below.  This shall constitute Defendants'

first payment.  The first $38,500 of the first payment will apply as an offset of the restitution obligation of Yi Kerry Xu and the disgorgement obligation of Theresa Wong.  Upon release of the frozen funds totaling more than $38,500, the restitution obligation of Yi Kerry Xu and the disgorgement obligation of Theresa Wong will be satisfied.  Any remaining amount of the first payment will serve as an offset to the restitution obligation of Defendant NICI.  Except as set forth above, none of the first payment will serve as an offset of the restitution or civil monetary penalty obligation of any other Defendant(s).

b.      Within 60 days of entry of this Order, Defendants shall make an additional payment of $600,000 with the Monitor (the "Initial Cash Payment").  Defendant(s)' additional payment shall be applied pro rata to Defendants' outstanding restitution obligation and then pro rata to Defendants' Civil Monetary Penalty obligation as set forth in paragraph 10 above unless payments are earmarked for a particular Defendant(s).  Unless otherwise designated by the payor(s), payment shall be applied first to the restitution and penalty obligations of Defendants Wong Defendants Zhou and Tse and then pro rata to those of NICI and Pacific Best.

c.      The remaining balance due, thereafter shall be paid in ten (10) monthly payments each of which shall be equal to one-tenth of the remaining principal amount less $100,000, due and owing on the last day of each consecutive month, beginning with the first month following the payment of the $600,000 payment referenced herein.  The last $100,000 shall be due and owing at the time the 10th and last monthly payment is due and owing and shall be part of the 10th payment.

d.      If Defendants, individually or collectively, fail to make any of the payments as set forth herein, Plaintiffs shall provide notice to Defendants as provided in Section IV, paragraph 4 below and Defendants shall have 10 days from the date of notice to make payment.  If payment is not made within 10 days from the date of notice, the Stipulated

17

Judgment attached hereto as Attachment A shall be entered.  Pursuant to the terms of the Stipulated Judgment, Defendants for whom  the Caps described above have not been met shall be liable for an additional $1,200,000 as set forth in the Stipulated Judgment.  The Stipulated Judgment shall provide that Defendants for whom the Caps and/or civil monetary penalties described above have not otherwise been met, shall be jointly and severally liable for the amount of the Stipulated Judgment.  All Defendants authorize Plaintiffs to act as their attorney for purposes of entering the Stipulated Judgment.  All Defendants agree that, pursuant to the terms of the Stipulated Judgment any additional sums due and owing shall be applied to restitution to the extent that additional customers not currently known are identified and their claims are sufficiently documented, or to civil monetary penalties at the discretion of the Plaintiffs, apportioned pro rata across Defendants in accordance with Defendants civil monetary penalties set forth in paragraph 7 above.

      e.      The Monitor shall allocate the sums and any future sums received by or on behalf of the Defendants and Relief Defendant Wong as provided in the foregoing paragraphs.

      14.  Defendants warrant and represent that funds, other than the frozen assets, used to pay Restitution and Civil Monetary Penalties have not been obtained from soliciting customers for the purpose of trading commodities (including foreign currency), commodity futures and/or options with Defendants in violation of this Order.  Defendants agree that if any funds used to pay Restitution or Civil Monetary Penalties are the proceeds from solicitation of customers for investment in violation of this Order, Plaintiffs may, at their sole discretion immediately petition the Court for an order requiring Defendants to pay additional restitution and impose an additional civil monetary penalty.  In connection with any such petition, the only issues shall be whether the funds used to pay the Restitution or Civil Monetary Penalty obligation were the proceeds of customer solicitations or of other conduct enjoined by this Order.  In their petition,

the Plaintiffs may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or liquidate assets, directing the forfeiture of assets, imposing sanctions for contempt of this Order, and allowing the Plaintiffs to engage in discovery of Defendants' assets. In their petition, Plaintiffs shall seek guidance from the Court as to the disposition of assets received in violation of the warranties and representations made by Defendants in this paragraph. Defendants who may be named in any such petition may not, by way of defense to such petition, challenge the validity of their consent or this Order, contest the allegations in the Complaint, contest the relief granted by this Order, or assert that payment with funds obtained in violation of the representations and warranties in this paragraph constitutes timely and complete payment for purposes of determining the applicability of the Stipulated Judgment pursuant to Section III paragraph 13 (d). Nothing in this paragraph shall prevent Plaintiffs from seeking appropriate relief for violations of the Act or California state law which may occur after May 31, 2006.

      15. Nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under federal, state, or common law to assert a claim for recovery against Defendants subject to any offset or credit that Defendants may be entitled to claim based upon the restitution provided for herein or otherwise under the law governing that customer's claim. Subsequent to the entry of this Order, each Defendant shall provide the Commission and the Monitor with immediate notice of any filing or compromise and settlement of any private or governmental actions relating to the subject matter of this Order in the manner required by Part IV of this Order.

## IV.

## **MISCELLANEOUS PROVISIONS**

      1. If any provision of this Order or the application of any provision or circumstance

is held to be invalid, the remainder of this Order, and the application of the provision to any

other person or circumstance, shall not be affected by the holding, unless the Court finds it to be

unjust.

       2.   Upon being served with copies of this Order after entry by the Court, the

Defendants shall sign an acknowledgment of such service and serve such acknowledgment on

the Commission within seven (7) calendar days.

       3.   This Court shall retain jurisdiction of this action in order to implement and carry

out the terms of all orders and decrees that may be entered herein, to entertain any suitable

application or motion for additional relief within the jurisdiction of this Court, and to assure

compliance with this Order.

       4.   All notices required to be given by any provision in this Order shall be sent by

certified mail, return receipt requested, as follows:

       a.   Notice to the Commission:

> Kevin K. Batteh
> Gretchen L. Lowe
> Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581
> Telephone (202) 418-5000
> Facsimile (202) 418-5538
> E-mail: KBatteh@cftc.gov

       b.   Notice to State of California:

> Edward Kelly Shinnick
> Corporations Counsel
> 71 Stevenson Street, Ste. 2100
> San Francisco, CA 94105-2908
> Telephone (415) 972-8544
> Facsimile (415) 972-8550
> E-mail: KShinnic@corp.ca.gov

       c.   Notice to Defendants and Relief Defendant:

Edward Gartenberg
Thelen Reid & Priest LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
For Defendants Pacific Best
Company, Ltd, National Investment
Consultants, Inc., Raymond Tse, and
Relief Defendant Theresa Wong

John W. Cotton, Esq.
Cotton & Gundzik
801 South Figueroa St., 14th Floor
Los Angeles, CA 90017
For  Defendant Yi Kerry Xu

Fred Koningsberg,
One Post Street,  Suite 2550
San Francisco, CA 94104
For Run Ping Zhou

In the event that any attorney is relieved as counsel or new counsel is substituted for any party,

notice shall be given to all other parties to this action and thereafter all notices  above shall be

provided directly to the party and/or new counsel as applicable.  Any party may request by notice

that notices be served directly on that party in lieu of, or in addition to, notice as provided above.

　　　　　　5.   The parties stipulate that upon the issuance of this Order, the Commission shall

promptly provide each of the financial institutions identified in this paragraph with a copy of this

Order.  A duplicate copy of all notices provided by the Commission to financial institutions

pursuant to this Order shall be sent to all parties.  Within thirty (30) days of receiving a copy of

this  Order, each of the financial institutions identified in this paragraph are specifically directed

to liquidate and release any and all funds held by Defendant NICI in any account as of the date

of the entry of this Order, whether the account is held singly or jointly with another Defendant

identified herein, or in any other capacity, and to convey by wire transfer to an account

designated by the Monitor, any and all funds contained in those accounts, less any amounts

required to cover the wire transfer fees.  The transfer of such funds represents an offset to the Restitution.   At no time during the liquidation, release and/or wire transfer of these funds pursuant to this  Order shall  Defendants be afforded any access to, or be provided with, any funds from these accounts.   Defendants, as well as all financial institutions listed in this Order, shall cooperate fully and expeditiously with the Commission and Monitor in the liquidation, release and wire.  The accounts to be liquidated, released and transferred are held at US Bancorp and Well Fargo in the name of  "National Investment Consultants, Inc."  In addition, an account in the name of "National Investment Consultants" at the Bank of America shall be released upon condition that all persons who are signatories on that account (the "Signatories") provide written authorization directing release of the funds in that account to the Monitor.  Upon delivery of that authorization, any and all claims by the Plaintiffs, whether known or unknown, against the Defendants, officers, directors, parent and subsidiaries and the Signatories with respect to the foregoing accounts, shall be deemed fully and completely released.

6.   The parties stipulate and agree that upon confirmation of payment of the Initial Cash Payment of $600,000 by or on behalf of Defendants, the Commission shall promptly provide Bank of America, Wells Fargo and Washington Mutual with a Copy of this Order and advise those institutions to release funds in the Zhou Accounts to an account designated by Defendant  Zhou.  Within thirty (30) days of receiving of copy of  the foregoing notice, each of the financial institutions identified in this paragraph are directed to liquidate and release any and all funds held in the Zhou accounts as of the date of the entry of this Order, and to convey by wire transfer to an account designated by Defendant Zhou, any and all funds contained in those accounts, less any moneys require to cover the wire transfer fees.

7.   This Consent Order resolves any claims for contempt concerning conduct by the Defendants and Relief Defendant Wong up to May 31, 2006.

8.   Upon release of the frozen funds held in Bank of America account # 10286-40759, James Yu, a signatory on that account, shall be released from any claim of contempt arising out of the opening or funding of the account.

9.   The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order.   No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

10. Defendants understand and acknowledge that this Order must be accepted and ratified by the Commission before it becomes final.  However, the Defendants understand and agree that by their signatures they are bound by the terms and conditions of this Consent Order, unless the Commission refuses to accept and ratify the Order.

**SO ORDERED**, this _____ day of _____, 2006, at San Francisco California.

_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Consented to and approved for entry by:

DEFENDANTS:

PACIFIC BEST GROUP LTD.

By: _____          _____
            [NAME AND TITLE]                                        Date

NATIONAL INVESTMENT CONSULTANTS, INC

By:_____          _____
                [NAME AND TITLE]              Date


_____          _____
RAYMOND TSE / WEI MAN TSE                     Date


_____          _____
RUN PING ZHOU / FLORA GIORGI                  Date


_____          _____
YI KERRY XU                                   Date


RELIEF DEFENDANT:

_____          _____
THERESA WONG                                  Date


NOTARIZED THIS ___day of ____, 2006:

Notary

My commission expires:




PLAINTIFFS:

        COMMODITY FUTURES TRADING COMMISSION

        _____
        By:  Kevin K. Batteh
             Erin Vespe
        Attorneys for Commodity Futures Trading Commission
        1155 21st Street, NW
        Washington, DC 20581

1

2      COMMISSIONER OF CORPORATIONS
       STATE OF CALIFORNIA
3

4      _____

5      By:    Wayne Strumpfer
              Acting California Corporations Commissioner
6             Alan S. Weinger
              Acting Deputy Commissioner
7             Edward Kelly Shinnick
              Corporations Counsel
8      Attorneys for Plaintiff Commissioner of
       71 Stevenson Street
9      San Francisco, CA 94105-2908

10

11
       Approved as to form:
12

13     _____
       Edward Gartenberg.
14     Thelen Reid & Priest LLP
       Attorneys for Defendants Pacific Best
15     Company, Ltd, National Investment
       Consultants, Inc., Raymond Tse, and
16     Relief Defendant Theresa Wong

17     _____
       John W. Cotton.
18     Cotton & Gundzik, LLP
       Attorneys for Yi Kerry Xu
19

20     _____
       Fred Koningsberg
21     Attorney for Defendant Run Ping Zhou

22

23

24

25

26

27

28

                                    25