KEVIN K. BATTEH, (DC Bar No. 482021)
Trial Attorney
JAMES H. HOLL, III, (DC Bar No. 453473)
Senior Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418 -5636
Facsimile (202) 418-5538
E-mail: KBatteh@cftc.gov

Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

PRESTON DuFAUCHARD
California Corporations Commissioner
WAYNE STRUMPFER
Deputy Commissioner
ALAN S. WEINGER (CA BAR NO. 86717)
Lead Corporations Counsel
EDWARD KELLY SHINNICK (CA BAR No. 96209)
Corporations Counsel
71 Stevenson Street, Ste. 2100
San Francisco, CA 94105-2908
Telephone (415) 972-8544
Facsimile (415) 972-8550
E-mail: KShinnic@corp.ca.gov

Attorneys for Plaintiff Commissioner of
Corporations of the State of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL INVESTMENT CONSULTANTS, INC., ET Al. <br><br> Defendants, | Case No.: 05-cv-02641-JSW <br> Assigned to Hon. Jeffrey S. White <br><br> MOTION FOR ORDER DIRECTING THE SETTLEMENT MONITOR TO REMIT SETTLEMENT FUNDS TO TRUSTEE IN DEFENDANT NATIONAL INVESTMENT CONSULTANTS, INC.'S CHAPTER 7 BANKRUPTCY PROCEEDING AND FOR AN ORDER DIRECTING THAT CERTAIN FROZEN FUNDS BE TRANSFERRED TO |

1

|   |   |   |
|---|---|---|
| and | ) | THE SETTLEMENT MONITOR AND |
|   | ) | MEMORANDUM IN SUPPORT THEREOF |
| THERESA C. WONG, an individual, | ) |   |
| Relief Defendant. | ) | IF NO OPPOSITION IS FILED, PLAINTIFFS |
|   | ) | REQUEST THAT THE COURT RULE |
|   | ) | WITHOUT ORAL ARGUMENT |
|   | ) |   |
|   | ) | Date: July 27, 2007 |
|   | ) | Time: 9:00 A.M. |
|   | ) |   |

**COMES NOW** Plaintiffs, United States Commodity Futures Trading Commission and the Commissioner of Corporations for the State of California and hereby move this Court for an Order directing the settlement monitor in this case to remit certain funds to E. Lynn Schoenmann, bankruptcy trustee in Defendant National Investment Consultants, Inc's Chapter 7 Bankruptcy proceeding ("Trustee Schoenmann") currently pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division, Case No. 06-31103. Plaintiffs also seek an Order directing certain banks to transfer to the settlement monitor funds currently being held pursuant to this Court's statutory restraining order entered on June 29, 2005. Specifically, the Plaintiffs seek the release to the settlement monitor of frozen funds held at Wells Fargo and Washington Mutual Banks in the name of Defendant Run Ping Zhou, a.k.a. Flora Zhou that were frozen pursuant to the June 29, 2005 order.

## I. FACTS

**A. BACKGROUND**

On June 28, 2005 the Commission and the State of California filed this injunctive enforcement action against National Investment Consultants, Inc. ("NICI"), Run Ping Zhou ("Zhou") and others for violation of the antifraud and contract market provisions of the Commodity Exchange Act, 7 U.S.C. §§6(a), 6b(a) and the antifraud and illegal commodity contract provisions of California Corporations Code Sections 29530, 29531, and 29532. The

following day this Court entered a statutory restraining order (the "Restraining Order"). Pursuant to the terms of the Restraining Order, defendants were prohibited from concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets wherever located. The Restraining Order, when served upon financial institutions, required the institutions to freeze defendants' accounts in order to preserve assets on behalf of defrauded customers. Funds held in three separate NICI accounts were frozen and the funds totaled approximately $156,052.66. Funds in five separate accounts held in the name of Flora Zhou or held jointly in the name of Flora Zhou and her husband Albert Giorgi were frozen and currently total approximately $40,895 (the "Zhou Funds").[1]

On September 1, 2006, this Court entered a Consent Order of Permanent Injunction and Other Equitable Relief in this case (the "Consent Order") which memorialized a settlement reached by the parties. See September 1, 2006 Consent Order, entered as Case Document # 127. The Consent Order ordered the appointment of Daniel Driscoll of the National Futures Association as monitor (the "Monitor"), who was directed to collect certain restitution payments from all defendants and who was to direct certain banks holding funds frozen pursuant to the July 29, 2005 Restraining Order to deliver the funds to the Monitor for distribution as restitution to defendants' customers.

**B. NICI FUNDS**

On or about October 23, 2006, the Monitor received from NICI's Wells Fargo bank accounts the sum of $126,065.49 and on or about December 11, 2006 the Monitor received from NICI's U.S. Bank account the sum of $29,987.17 (collectively, "NICI's Funds").

---

[1] All five Zhou accounts are held at Wells Fargo and Washington Mutual Bank and contain approximately $40,905. The joint Zhou Giorgi accounts originally contained an additional $84,645. Based on Giorgi's representations that the joint accounts held his separate marital property, the Commission agreed to a partial lift of the asset freeze as to his funds and pursuant to a stipulation submitted by the parties, this Court entered a partial lift of the asset freeze order as to Giorgi's $84, 645.10 on September 27, 2005.

3

On November 20, 2006, NICI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, San Francisco Division, Case No. 06-31103. The bankruptcy case has been assigned to The Honorable Dennis Montali, United States Bankruptcy Judge.

Trustee Schoenmann is the duly appointed, qualified and acting Chapter 7 trustee of NICI's bankruptcy estate. Trustee Schoenmann is charged with administering NICI's assets for the benefit of creditors of NICI's estate.

On February 13, 2007, the Trustee made demand for turnover of the NICI Funds so that these funds could be distributed to creditors of the NICI estate. The Trustee contends that the NICI Funds are recoverable under applicable bankruptcy law under the "avoidance powers" found in chapter 5 of the Bankruptcy Code.

The Plaintiffs and Trustee Schoenmann have met and conferred regarding these matters and now agree that, subject to entry of an Order by this Court, the Monitor shall turn over to the Trustee the NICI Funds.

**C.  ZHOU FUNDS**

The Consent Order specifies that any funds frozen pursuant to this Court's Restraining Order (with the exception of those frozen from Zhou accounts) are to be released to the Monitor. Consent Order ¶ 5, pg. 21. As described above, upon entry of the Consent Order, Plaintiff CFTC notified the financial institutions holding frozen accounts and the funds held by such institutions were released to the monitor. The Consent Order further specifies that Defendants first settlement payment of $600,000 is due within 60 days of entry of the Consent Order. Consent Order ¶ b, pg. 17. Upon timely receipt of Defendants first payment, the frozen funds held in accounts maintained by Defendant Zhou were to be released to Zhou as the first payment of $600,000 would relieve Zhou of her restitution and civil monetary penalty obligations in this

4

case. Consent Order ¶ 6, pg. 22. The defendants failed to make the initial payment required by the Consent Order despite the fact that defendants' first payment was due and owing within 60 days of entry of the Consent Order. The release of the Zhou Funds to Zhou was contingent upon payment by defendants. No defendant has made any payment and as such the Zhou funds were never released. Zhou's restitution and civil monetary penalty is still outstanding and due and owing.

## II. ARGUMENT

Plaintiffs request that this Court authorize the settlement monitor to release NICI Funds to Trustee Schoenmann pursuant to relevant bankruptcy law. Plaintiffs also request that this Court order the banks holding funds in the frozen accounts held in the name of Zhou or Giorgi and Zhou to release the funds to the settlement monitor.

**A. BANKRUPTCY LAW FAVORS RELEASE OF NICI FUNDS TO THE TRUSTEE**

As described above, NICI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 20, 2006. Less than thirty (30) days before the NICI bankruptcy case was commenced, the Monitor obtained $126,065.49 from NICI. Then, approximately twenty-one (21) days after the bankruptcy case was commenced, the Monitor obtained from NICI's bank accounts an additional $29,987.17. These combined funds ($156,052.66) would otherwise be available to pay all allowed claims of NICI, pro rata, in accordance with the Bankruptcy Code.

Soon after NICI filed bankruptcy, Trustee Schoenmann made demand for return of the NICI's funds. The statutory basis for Trustee Schoenmann's demand is found in Bankruptcy Code sections 547 and 549. As to the transfers of NICI's funds before the bankruptcy case was commenced, Trustee Schoenmann contends these are "preferences" within the meaning of the Bankruptcy Code recoverable by Trustee Schoenmann under bankruptcy law. With respect to

5

the post-bankruptcy transfer of funds, Trustee Schoenmann contends these are recoverable as a post-petition transfer under Bankruptcy Code section 549.

**B. THE ZHOU FUNDS SHOULD BE RELEASED TO THE SETTLEMENT MONITOR**

By signing the Consent Order Flora Zhou agreed that she would not be granted access to the funds in her frozen accounts unless and until defendants made the first payment of $600,000 within 60 days of entry of the Consent Order. Defendants failed to make the first payment and as such, the Zhou Funds should be turned over to the Monitor so that they can be returned to her defrauded victims in the form of restitution. Zhou has no claim to the funds. To the extent the accounts are held in joint accounts with Zhou's husband, Mr. Giorgi raised this issue during the litigation and the parties consented to a stipulation in which Mr. Giorgi's share of the funds were released to him. The remainder of the Zhou Funds should be released to the settlement monitor for safekeeping until such time as a distribution to customers is proper [2]

### III. CONCLUSION

Wherefore, Plaintiffs respectfully request that this Court enter an Order directing the settlement monitor in this case to remit the NICI Funds to Trustee Schoenmann and directing certain banks to release the Zhou Funds to the settlement monitor.

Dated: May 15, 2007

Respectfully submitted,

*/s/ Kevin Batteh*

_____

Kevin K. Batteh

---

[2] The Plaintiffs' were to submit a distribution plan within 60 days of receipt of defendants' first $600,000 payment. As noted above, defendants never made the payment. Plaintiffs intend to submit a restitution plan to the Court for approval upon resolution of the NICI Bankruptcy. Because defendants have not made any restitution or civil monetary penalty payments required by the Consent Order, it appears that the only funds available for distribution to customers are the funds frozen pursuant to this Court's Restraining Order.

Trial Attorney
James H. Holl, III
Senior Trial Attorney
Erin E. Vespe
Chief Trial Attorney

Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission


_____/s/_____(by Kevin Batteh with Permission of Kelly Shinnick)

Edward Kelly Shinnick
Corporations Counsel

Attorneys for Plaintiff Commissioner of
Corporations of the State of California

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true and accurate copy of the Plaintiffs' Motion was served pursuant to the Notice provision of the Consent Order ¶4, pg. 20 and electronically through the ECF system upon all parties this 15th day of May, 2007.

Dated: May 15, 2007


Respectfully submitted,

*Kevin Batteh*
_____
Kevin K. Batteh