KEVIN K. BATTEH, (DC Bar No. 482021)
Chief Trial Attorney
JAMES H. HOLL, III, (DC Bar No. 453473)
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418-5311
Facsimile (202) 418-5538
E-mail: jholl@CFTC.gov
Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

PRESTON DuFAUCHARD
California Corporations Commissioner
ALAN S. WEINGER
Deputy Commissioner
EDWARD KELLY SHINNICK (CA State Bar No. 96209)
Corporations Counsel
71 Stevenson Street, Ste. 2100
San Francisco, CA 94105-2980
Telephone (415) 972-8544
Facsimile (415) 972-8550
E-mail: kshinnic@corp.ca.gov
Attorneys for Plaintiff Commissioner of
Corporations of the State of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL INVESTMENT CONSULTANTS, INC., a California corporation, SOUTH CHINA INVESTMENTS, INC., a California corporation, PACIFIC BEST GROUP LTD, a.k.a. PACIFIC BEST COMPANY LTD, a British Virgin Islands Corporation, YI KERRY XU, | Case No.: 05-CV-02641 JSW<br><br>**MOTION FOR APPROVAL OF PLAN FOR DISTRIBUTION OF FUNDS**<br><br>IF NO OPPOSITION IS FILED, PLAINTIFFS REQUEST THAT THE COURT RULE WITHOUT ORAL ARGUMENT<br><br>Date: October 22, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>United States District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

1
Motion for Approval of Plan for Distribution of Funds -- Case No.: 05-CV-02641 JSW

| | |
|---|---|
| an individual, RUN PING ZHOU a.k.a FLORA ZHOU, an individual, and WEI M. TSE a.k.a. RAYMOND TSE, an individual, Defendants, <br><br> and <br><br> THERESA C. WONG, an individual, Relief Defendant. | ) Assigned to Hon. Jeffrey S. White <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

COMES NOW Plaintiffs, United States Commodity Futures Trading Commission and the Commissioner of Corporations for the State of California, and hereby move this Court for an Order Approving the Plan for Distribution of Funds. The restitution monitor in this case appointed in this court's Consent Order of September 1, 2006, Daniel A. Driscoll of the National Futures Association ("NFA"), holds $272,496.95 in funds for distribution to investor claimants. Plaintiffs believe it is appropriate and equitable at this time to make a pro rata distribution of these funds to all claimant investor victims of this foreign currency scam who have provided documented proof of loss, as set forth in the accompanying Plan for Distribution of Funds currently filed herewith. As set forth in the Plan for Distribution, investor claimants have the opportunity to object to any portion of the Plan by filing with this Court a memorandum in opposition to this Motion. Copies of this Motion for Approval of Plan for Distribution of Funds, the Plan for Distribution of Funds including Investor Claimant List and Distribution Schedule (attached as Exhibit A to this Motion), and the declarations of Suzanne Cech and Peter Mock, have been mailed concurrently herewith to the last known address of each investor claimant (as shown in the Certificate of Mailing attached as Exhibit B to this Motion).

## I. INTRODUCTION

On June 28, 2005 the Plaintiffs filed this action for injunctive relief, penalties and restitution against Defendants National Investment Consultants, Inc., ("NICI"), South China Investments, Inc. ("South China"), Pacific Best Group, LTD, Pacific Best Company LTD (the Pacific Best companies are jointly referred to as "Pacific Best"), Yi Kerry Xu, Run Ping Zhou,

("Flora Zhou"), Wei M. Tse, and Relief Defendant Theresa C. Wong. The Complaint alleged violations of the antifraud and contract market provisions of the Commodity Exchange Act, 7 U.S.C. secs. 6(a), 6b(a), ("Act") and the antifraud and illegal commodity contract provisions of California Corporations Code Sections 29530, 29531, and 29532.

The following day, June 29, 2005, this Court entered a statutory restraining order which required, among other things, that financial institutions freeze various accounts belonging to the defendants in order to preserve these assets for on behalf of defrauded customers. At this time, the only funds available for distribution to investors are those from frozen bank accounts. They are being held by the monitor NFA, and total $272,496.95.

Pacific Best is a British Virgin Island Company whose registered office is located at P.O. Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands. Pacific Best has a presence in Hong Kong.

NICI was incorporated in California in February 2004 with a principal place of business at 300 Montgomery Street, Suite, 660, San Francisco, CA. South China was incorporated in CA in 2000 and in or around February 2004 changed its name to NICI. On November 20, 2006 NICI filed for bankruptcy.

The individual defendants Yi Kerry Xu, Flora Zhou, and Wei M. Tse resided in California at the time this action was filed.

## II. SUMMARY OF FACTS

Beginning before March 2004, the defendants NICI, South China, and Pacific Best operated a foreign currency scam in San Francisco, California. They fraudulently solicited and accepted funds from retail investors to engage in speculative trading of illegal off-exchange foreign currency futures contracts.

Largely targeting customers in the San Francisco Chinese community, defendants NICI, South China, and Pacific Best placed ads in the Chinese language Sing Tao Daily newspaper, offering employment opportunities. Those responding to the ads were hired as Account Executives, despite having little or no trading experience, and they were encouraged to speculate

in foreign currency by investing $20,000 of their own money or bringing to defendants additional investors, most often friends or relatives.

Investors were often provided with receipts and/or account statements purporting to reflect trades executed on their behalf by the defendants. Not long after opening an account investors were frequently told that they needed to place more money into their account to cover outstanding trades or risk losing their entire investment. Nearly all investors lost everything they invested.

### III. CONSENT ORDER

The case was settled with all defendants and the settlement agreement was memorialized in a Consent Order of Permanent Injunction and Other Equitable Relief entered on September 1, 2006. (See Case Document #127.) At the time of the Consent Order Plaintiffs knew that at least 45 retail customers had invested and lost over $1,781,500 trading foreign currencies with the defendant entities in violation of the Act and California commodity law. Since the filing of the Consent Order the Plaintiffs have learned of additional victims and losses, for a total of 92 investor claimants who lost a total of approximately $3,072,784.74.

In addition to a permanent injunction and civil monetary penalties to be paid to Plaintiffs, the Consent Order provided that the defendants were to pay restitution to the settlement monitor Daniel Driscoll of the NFA for distribution to defendants' customers. The Consent Order also directed the settlement monitor to collect funds from banks holding frozen funds pursuant to the June 29, 2005 restraining order to be distributed as restitution.

The defendants were to make their initial settlement payment of $600,000 (that was to apply to both restitution and penalties) on October, 30, 2006, and thereafter make payments of $100,000 a month for the next 10 months. It was agreed that if the defendants failed to make timely payments they would be liable for additional amounts pursuant to a Stipulated Judgment. The defendants failed to make their initial settlement payment and on December 19, 2006 this Court entered a Stipulated Judgment in the total amount of $3,400,000. (See Case Document #133.)

The defendants never made any restitution or civil monetary penalty payments required by the Consent Order. The only funds available for distribution to customers are those from defendants frozen bank accounts, currently being held by the monitor, the NFA, totaling $272,496.95. The Department of Treasury is investigating the possibility of collecting further funds on this judgment, but plaintiffs believe that at this time it is appropriate, and in the best interest of the investors, to distribute on a pro rata basis the funds currently held by the monitor, as set forth in the accompanying Plan of Distribution, Investor Claimant List and Distribution Schedule.

### 1. NICI Funds

On or about September 27, 2006 the settlement monitor NFA received from Bank of America $109,413.43 from frozen bank accounts belonging to NICI. On or about October 23, 2006 the NFA received $126,065.49 from two Wells Fargo frozen bank accounts belonging to NICI. On or about December 11, 2006 the Monitor received $29,987.17 from a frozen U.S. Bank account belonging to NICI.

On November 20, 2006, NICI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of California, San Francisco Division, Case No. 06-31103. The trustee in defendant NICI's bankruptcy proceeding made demand for turnover of the NICI funds so that these funds could be distributed to creditors of the NICI estate. By Order of this Court (See Case Document #140) on August 7, 2007, the monitor turned over to the trustee the NICI funds of $156,062.66. Because plaintiffs were the largest creditor, the Trustee in bankruptcy distributed $121,410 back to the settlement Monitor on July 7, 2008.

### 2. Flora Zhou Funds

The Restraining Order froze five separate bank accounts held in the name of Flora Zhou or held jointly in the name of Flora Zhou and her husband Albert Giorgi totaling approximately $125,550. Based on Giorgi's representations that the joint accounts held his separate marital property, the plaintiffs agreed to a partial lift of the asset freeze as to his funds and pursuant to a

stipulation, on September 27, 2005 this Court entered a partial lift of the asset freeze order as to $84,645 of Giorgi's funds. When the defendants failed to make the initial payment required by the Consent Order, on June 12, 2007 (See Case Document #138) this Court ordered that the remaining funds in the Zhou accounts be released to the settlement monitor. In August and September of 2007 the settlement monitor received $41,446 from Washington Mutual and Wells Fargo for Flora Zhou accounts.

### 3. Other Funds

On October 1, 2007 the Bank of America provided the settlement monitor with $226.67 from an account held in the name of James Yu/South China Investments. No account number was given.

The settlement monitor at this time has funds available for distribution totaling $272,496.95. See Declaration of Suzanne Cech of the NFA and the schedule titled "NICI – Summary of Funds", marked Exhibit A to her Declaration.

## IV. PLAN OF DISTRIBUTION

The Plaintiffs believe it is fair and appropriate to make a pro rata distribution of funds, as set forth in the accompanying Plan for Distribution of Funds, including Investor Claimant List and Distribution Schedule, attached as Exhibit A to this Motion.

As shown in his accompanying declaration in support of this motion, Peter Mock is a Department of Corporations' examiner and accountant who speaks English and is fluent in both Mandarin and Cantonese dialects of Chinese. The Plan for Distribution of Funds, including Investor Claimant List and Distribution Schedule, was prepared following receipt and review of 92 investor complaints. Each investor claimant was asked to provide the dates and total amount of funds invested, the amount of loss claimed, and supporting documents. Seven investor claimants were unable to provide supporting documents. It is the opinion of plaintiffs that it is fair and reasonable to distribute a pro rata share of the funds available for distribution to each of the 85 investor claimants who provided supporting documents. The total amount of documented invested loss is $3,072,784.74 and the total the NFA has available for distribution is

$272,496.95.

## V. LEGAL AUTHORITY

Allowing investors to object to this Motion provides sufficient due process. In CFTC v. Topworth 205 F.3d 1107 (9th Cir. 1999) the use of summary procedures was considered permissible for nonparty claims to property held by a receiver. Due process requires notice and an opportunity to be heard. Mullane v. Central Hanover Bank 339 U.S. 306, 313 (1950). A full hearing is not required to provide due process to investors claiming property. SEC v. Elliot 953 F.2d 1560 (11th Cir. 1992).

As set forth in the attached Plan of Distribution, investor claimants have been given the opportunity to object to any portion of the Plan by filing (and mailing to all parties and investor claimants) a memorandum in opposition to this Motion with this Court. This Motion, Plan of Distribution (including Investor Claimant List and Distribution Schedule) and Declarations of Suzanne Cech and Peter Mock in support of this motion, are being mailed to all known investor victims at their last known address. (See accompanying proof of mailing.) Responses to any opposition may be filed and served as well.

The Court has the authority and discretion to approve the Plan. The Court has very broad power to fashion an appropriate equitable remedy. S.E.C. v. Lincoln Thrift Associates 577 F.2d 600 (9th Cir 1978). In U.S. v. Real Property 89 F.3d 551, 553 (9th Cir. 1996) a pro rata plan to distribute the funds of a disgorgement pool was found to be within the Court's broad discretion. In re Golden Triangle Capital, Inc. 171 B.R. 79 (9th Cir. BAP 1994), noted that individual investor constructive trust claims will give way to requirement of an equitable distribution. In CFTC v. Topworth, supra, at p. 1115, the 9th Circuit stated that it generally upholds reasonable procedures instituted by the district court. The Court determined that the pro rata approach was the best way to reach an equitable compromise given the facts of the case and the limited funds available.

The Court in Cunningham v. Brown 265 U.S. 1, 12-13 (1924) stated that where investors' funds were commingled it was not equitable to give some investors a preferential claim to the

detriment of other similarly situated investors – "equality is equity". Approving a plan of distribution in S.E.C. v. Capital Consultants, LLC, 397 F.3rd 733, 738-739 (9th Cir. 2005) the Court said "equity demands equal treatment of victims in a factually similar case." Line-drawing "which inevitably leaves out some potential claimants – is, unless commanded otherwise by the terms of a consent decree, appropriately left to the experience and expertise of the S.E.C. in the first instance." S.E.C. v. Wang, 944 F.2d 80, 87, (2nd Cir. 1991)

With a limited amount of recovery and no principled distinction between investors, a pro rata distribution is the most equitable and appropriate method of distribution, as provided in the Plan of Distribution, including Investor Claimant List and Distribution Schedule.

## CONCLUSION

The plaintiffs believe the Plan represents a fair and equitable plan of distribution of the minimal funds available. It is respectfully requested that this Court enter an order granting the Motion, approving the Plan for Distribution of Funds, and granting such other relief as the Court deems just and necessary.

Please take further notice if no opposition is filed, the plaintiffs are willing for the Court to rule on this Motion without oral argument.

Dated: July 16, 2010

Respectfully submitted,

_____/s/_____ (by Edward K. Shinnick with Permission of Kevin Batteh)
Kevin K. Batteh
Chief Trial Attorney
James H. Holl, III
Chief Trial Attorney
Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

Preston DuFauchard
California Corporations Commissioner
Edward Kelly Shinnick
Corporations Counsel
Attorneys for Plaintiff Commissioner of
Corporations of the State of California

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that a true and accurate copy of Plaintiffs' Motion for Approval of Plan of Distribution of Funds, Plan of Distribution of Funds and Declarations of Suzanne Cech and Peter Mock were served pursuant to the Notice provision of the Consent Order para. 4 page 20 (and that in addition attorney Edward Gartenberg was served pursuant to the same Notice provision sent to his current business address at 801 S. Figueroa St., Ste. 2170, Los Angeles, CA, 90017) and electronically through the ECF system upon all parties this 16th day of July, 2010.

Edward Kelly Shinnick
Corporations Counsel
Attorney for Plaintiff Commissioner of
Corporations of the State of California